**ORIGINAL**

ROBERT P. GOE – State Bar No. 219977
MARC C. FORSYTHE – State Bar No. 153854
ELIZABETH A. LAROCQUE – State Bar No. 219977
**GOE & FORSYTHE, LLP**
660 Newport Center Drive, Suite 320
Newport Beach, CA 92660
rgoe@goeforlaw.com
mforsythe@goeforlaw.com
elarocque@goeforlaw.com

Telephone:   (949) 467-3780
Facsimile:   (949) 721-0409

Proposed Attorneys for Debtor and Debtor-in-Possession

```
                    FILED

                 APR 1 9 2007

           CLERK U.S. BANKRUPTCY COURT
           CENTRAL DISTRICT OF CALIFORNIA
           BY                 Deputy Clerk
```

# UNITED STATES BANKRUTPCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, a California corporation<br><br>    Debtor and Debtor-in-Possession. | Case No. 8:07-bk-10992 RK<br><br>(Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995)<br><br>Chapter 11 Proceeding<br><br>Adv. No. |
| REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, RT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a California corporation, and D. STEPHEN SORENSEN, an individual,<br><br>    Plaintiffs,<br><br>Vs.<br><br>COASTAL EMPLOYERS, INC. a California corporation, ROBERT J. ANDERSON, an individual, and Does 1 through 100, inclusive,<br><br>    Defendants. | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1452** |

1  **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES**

2  **BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

3  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1452, 1441 and 1446, Coastal

4  Employers, Inc., a California corporation the debtor herein (whose bankruptcy case is being

5  jointly administered under the lead case as captioned herein-above), and the defendant in the

6  above-captioned action ("Debtor"), hereby gives notice of removal of this action from the Santa

7  Barbara Superior Court to the United States Bankruptcy Court for the Central District of

8  California (Santa Ana Division) on the basis that this is a case arising under Federal law based on

9  the following facts:

10  1.  On April 6, 2007, Coastal Employers, Inc., a California Corporation ("Debtor")

11  filed a chapter 11 bankruptcy case in the United States Bankruptcy Court for the Central

12  District of California, Santa Ana Division as case number 8:07-bk-10994-RK.

13  2.  On April 10, 2007, the Court entered the Order Granting Debtor's Emergency

14  Motion for Order Authorizing Joint administration of Chapter 11 Cases.  Accordingly, Debtor's

15  case is jointly administered with the cases of Coastal Employers, Inc., a New York corporation

16  ("CENY") and Consolidated Employer Management Solutions, Inc., a California corporation

17  ("CEMS").  The jointly administered cases are captioned under the lead case number as set

18  forth in the caption-above.

19  3.  On February 5, 2007 plaintiffs in the above-captioned action filed a complaint in

20  the Santa Barbara Superior Court (located in the Central District of California), Case No.

21  1243320 entitled *REAL TIME STAFFING, INC., a California corporation, KOOSHAREM*

22  *CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, RT,*

23  *INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a*

24  *California corporation, and D. STEPHEN SORENSEN, an individual, (*collectively "Plaintiffs*")*

25  *vs. COASTAL EMPLOYERS, INC. a California corporation, ROBERT J. ANDERSON, an*

26  *individual, and Does 1 through 100, inclusive* (collectively "Defendants") (the "Complaint").  A

27  copy of the complaint in that state court proceeding is attached hereto as Exhibit 1.

28  / / /

2

4.     The complaint alleges, among other things, that Debtor and its principal, Robert Anderson, fraudulently entered into a settlement agreement regarding the parties Staff Servicing-Agreements with Plaintiffs and breach of the settlement agreement.

5.     This case is a core proceeding in that the action revolves around the settlement agreement which attempted to settle disputes over fees owed to Debtor and amounts owed related to collateral securing payment on claims, and  thus deals directly with the recovery of assets of the estate.

6.     Debtor wishes to exercise its rights under the provisions of 28 U.S.C. § 1452 and related provisions to remove this action from the Superior Court for the State of California, Santa Barbara.  This court has original jurisdiction pursuant to 28 U.S.C. § 1334 in that the action is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(A), (E)  and/or (O).

7.     This Notice of Removal is signed pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

8.     A copy of all pleadings, process and orders served on the Debtors and/or Defendants is being filed with this Notice of Removal and is attached hereto to Exhibit 1.

Wherefore, Debtor prays that this action be removed from Santa Barbara Superior Court to this Court as aforesaid.

Dated:  April 19, 2007

Respectfully submitted by:

GOE & FORSYTHE, LLP

By:_____

Robert P. Goe
Attorneys for Debtor and Debtor-in-Possession, Coast Employer, Inc., a California corporation

3

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

FEB 0 5 2007

GARY M. BLAIR, Executive Officer
BY _Terri Chavez_
TERRI CHAVEZ, Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COASTAL EMPLOYERS, INC., a California corporation,
ROBERT J. ANDERSON, an individual, and Does 1 through
100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
REAL TIME STAFFING, INC., a California corporation,
XOOSHAREN CORPORATION, a California corporation, NEW
STAFF, INC., a California corporation, KT, INC., a
California corporation, PAY SERVICES, INC., a
California corporation, PSI, INC., a California
corporation, and D. STEPHEN SCHENKER, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es): Santa Barbara Superior Court Anacapa Building 1100 Anacapa Street Santa Barbara, CA 93101 South County | CASE NUMBER: (Número del Caso): 1243320 |

PLAN 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael B. Adreani, Esq. (SBN 194991)   (818) 992-9999   (818) 992-9991
Michael R. Raichelson, Esq. (SBN 174607)
Roxborough, Pomerance & Nye, LLP
5820 Canoga Avenue, Suite 250, Woodland Hills, CA 91367

GARY M BLAIR, EXECUTIVE OFFICER

DATE:
(Fecha) FEB 0 5 2007   Clerk, by _TERRI CHAVEZ_ , Deputy
(Secretaria)   (Adjunto)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
Coastal Employers, Inc. a
3. ☑ on behalf of (specify): California Corporation

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

02/07/2007  15:55    8055541883    FLSS    PAGE 02/02

02/03/2007 18:45 FAX 18000000

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael N. Raichelson, Esq. (SBN 174607)
Michael B. Adreani, Esq. (SBN 194991)
Roxborough, Pomerance & Nye, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91367
TELEPHONE NO.: (818) 992-9999    FAX NO.: (818) 992-9991
ATTORNEY FOR (Name): Plaintiffs, Real Time Staffing, Inc., et al.
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: Anacapa Building
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: South County

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA
FEB 05 2007
GARY M. BLAIR, Executive Officer
BY: TERRI CHAVEZ, Deputy Clerk

CASE NAME: Real Time Staffing, Inc., et al. vs.
Coastal Employers, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 1353220 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify): Four (4)

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 5, 2007

Michael N. Raichelson, Esq. (SBN 174607)
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403;  Standards of Judicial Administration § 19

02/06/2007 14:00 FAX 18189929991

1 | Drew E. Pomerance, State Bar No. 101239
Michael B. Adreani, State Bar No. 194991
2 | Michael H. Raichelson, State Bar No. 174607
ROXBOROUGH, POMERANCE & NYE, LLP
3 | 5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
4 | Telephone: (818) 992-9999
Facsimile: (818) 992-9991

5 | Attorneys for Plaintiffs, REAL TIME STAFFING, INC.,
6 | KOOSHAREM CORPORATION, NEW STAFF, INC.,
KT, INC., PAY SERVICES, INC. PBT, INC., and
7 | D. STEPHEN SORENSEN

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 0 5 2007

GARY M. BLAIR, Executive Officer
BY _Terri Chavez_
TERRI CHAVEZ, Deputy Clerk

8 |              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                   FOR THE COUNTY OF SANTA BARBARA

10 |

11 | REAL TIME STAFFING, INC., a California ) Case No.    **1243320**
corporation, KOOSHAREM                  )
12 | CORPORATION, a California corporation, )  **COMPLAINT FOR:**
NEW STAFF, INC., a California corporation, )
13 | KT, INC., a California corporation, PAY  )  1. **FRAUD**
SERVICES, INC., a California corporation, )  2. **BREACH OF CONTRACT**
14 | PBT, INC., a California corporation, and D. )  3. **BREACH OF THE COVENANT OF**
STEPHEN SORENSEN, an individual,        )     **GOOD FAITH AND FAIR**
15 |                                         )     **DEALING**
                Plaintiffs,              )  4. **DECLARATORY RELIEF**
16 |                                         )
17 |           v.                           )
                                         )
18 | COASTAL EMPLOYERS, INC., a California  )
corporation, ROBERT J. ANDERSON, an     )
19 | individual, and Does 1 through 100, inclusive, )
                                         )
20 |                Defendants.            )
                                         )
21 |

22 |     PLAINTIFFS REAL TIME STAFFING, INC., KOOSHAREM CORPORATION, NEW

23 | STAFF, INC., KT, INC., PAY SERVICES, INC., PBT, INC. and D. STEPHEN SORENSEN

24 | (hereinafter referred to collectively as either "Plaintiffs" or "Select" unless specified otherwise)

25 | ALLEGE:

26 | 1.    KOOSHAREM CORPORATION is, and at all relevant times herein mentioned was, a

27 |     California corporation.

28 |

---

COMPLAINT

2.   Plaintiff PBT, INC. is, and at all relevant times herein mentioned was, a California corporation.

3.   Plaintiff NEW STAFF, INC. is, and at all relevant times herein mentioned was, a California corporation.

4.   Plaintiff KT, INC. is, and at all relevant times herein mentioned was, a California corporation.

5.   Plaintiff PAY SERVICES, INC. is, and at all relevant times herein mentioned was, a California corporation.

6.   Plaintiff REAL TIME STAFFING, INC. is, and at all relevant times herein mentioned was, a California corporation.

7.   Plaintiff D. STEPHEN SORENSEN is, and at all relevant times herein mentioned was, an individual residing in Santa Barbara County, California.

8.   Plaintiffs are informed and believe and thereon allege that Defendant COASTAL EMPLOYERS, INC. is, and at all relevant times herein mentioned was, a California corporation, with an office in Brea, California and doing business in Santa Barbara County, California.

9.   Plaintiffs are informed and believe and thereon allege that Defendant COASTAL EMPLOYERS, INC.'s President is Robert J. Anderson, Jr. ("Anderson"). Plaintiffs are further informed and believe and thereon allege that Anderson is an individual residing in the State of New York, with an office in Brea, California and doing business in Santa Barbara County, California.

10.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of said DOE Defendants when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences herein alleged.

11.    Plaintiffs are informed and believe and thereon allege that at all relevant times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency and/or employment.

12.    Venue is proper in Santa Barbara County, California because Plaintiffs are, and at all relevant times hereto were, California corporations and/or an individual with their principal places of business or residence in Santa Barbara County, California. In addition, Defendant Coastal Employers, Inc. is, and at all relevant times hereto was, a California corporation doing business in Santa Barbara County, California, and Defendant Anderson is, and at all relevant times hereto was, an individual doing business in Santa Barbara County, California. Further, the Settlement Agreement and General Release that is at issue in this matter specifically states that any litigation arising out of the interpretation and/or performance of said Agreement will be venued in Santa Barbara County, California. Said Agreement, which creates the obligations set forth herein and on which Plaintiffs bring this action, was entered into in Santa Barbara County, California, and the place of performance for Plaintiffs' obligations set forth in said Agreement is Santa Barbara County, California.

## FACTUAL BACKGROUND

13.    On or about June 14, 2004, May 1, 2005, and May 1, 2006, Plaintiffs and Defendants entered into a series of written Agreements. The June 14, 2004, May 1, 2005 and May 1, 2006 written Agreements are referred to herein collectively as the "Staff Servicing Agreements" unless specified otherwise. Prior to entering into the Staff Servicing Agreements and during the period when the Staff Servicing Agreements were in effect, Defendants represented to Plaintiffs that they were qualified to provide staffing services to Select and its clients. Pursuant to the Staff Servicing Agreements, Defendants promised, among other things, to secure workers' compensation insurance with respect to all of the workers subject to the Staff Servicing Agreements and to continually maintain said insurance during the period covered by the Staff Service Agreements. Securing and maintaining workers' compensation insurance was and is a material term of the Staff

1    Servicing Agreements.  Without valid and lawful workers' compensation insurance, none

2    of the temporary employees could lawfully work for Select or any of its client companies.

3    In addition, Defendants represented to Plaintiffs in no less than one of the Staff Servicing

4    Agreements (i.e., the May 1, 2006 Staff Servicing Agreement) that they had, in fact,

5    secured workers' compensation insurance through insurer AIG ("AIG") and would

6    continually maintain said insurance through AIG for Plaintiffs' benefit.  Further, pursuant

7    to the terms and conditions of the Staff Servicing Agreements, Defendants acknowledged

8    and agreed that they would be the "employer of record" of the assigned temporary

9    employees who were the subject of the Staff Servicing Agreements.

10    14.    In reliance upon the representations set forth above and in consideration thereof, Plaintiffs

11    agreed to pay Defendants substantial fees and maintain certain collateral.

12    ## SETTLEMENT AND RELEASE AGREEMENT THAT IS THE SUBJECT OF THIS

13    ## ACTION

14    15.    In 2006, a dispute arose between Plaintiffs and Defendants concerning their rights and

15    responsibilities under the Staff Servicing Agreements.  More specifically, Plaintiffs and

16    Defendants disputed the amount of the fees owed to Defendants pursuant to the June 14,

17    2004 and May 1, 2005 Staff Servicing Agreements. In addition, Defendants and Plaintiffs

18    disputed the amounts owed related to collateral securing payment on claims made under the

19    workers' compensation insurance policy or policies obtained by Defendants pursuant to the

20    June 14, 2004 and May 1, 2005 Staff Servicing Agreements.  Finally, Plaintiffs and

21    Defendants disputed the amounts owed related to collateral securing payment on claims

22    made under the workers' compensation insurance policy or policies obtained by Defendants

23    pursuant to the May 1, 2006 Staff Servicing Agreement.

24    16.    As a result of the disputes described herein, Anderson sent a letter on or about December

25    14, 2006 to D. Stephen Sorensen, demanding payment of millions of dollars no later than

26    December 28, 2006 (i.e., less than two weeks notice).

27    17.    On or about January 2, 2007, Plaintiffs and Defendants entered into a Settlement

28    Agreement and General Release (the "Settlement Agreement"), a copy of which is attached

4

1    hereto as Exhibit "A" and incorporated into this Complaint by this reference.  Leading up

2    to the execution of the Settlement Agreement (i.e., in late 2006 and continuing into early

3    January 2007), Plaintiffs and Defendants engaged in a series of discussions.  During said

4    discussions, Plaintiffs advised Defendants that they disputed the amounts purportedly owed

5    under the Staff Servicing Agreements.  In addition, Plaintiffs repeatedly advised

6    Defendants, during their discussions, that they had originally entered into the Staff

7    Servicing Agreements, and also were engaging in a dialogue with Defendants in an effort to

8    resolve the issues amicably, because Defendants secured and were continuing to maintain

9    valid workers' compensation policies.  During these discussions, Defendants repeatedly

10    represented to Plaintiffs that they were in fact insured through AIG, and would continue to

11    maintain workers' compensation insurance through AIG for the reasonably foreseeable

12    future.

13    18.    Unbeknownst to Plaintiffs during the discussions, Defendants, in fact, knew that AIG

14    issued a cancellation letter to Defendants in December 2006.  In addition, unbeknownst to

15    Plaintiffs during the discussions, Defendants were engaged in discussions with Defendants'

16    insurance broker in an effort to explore other insurance alternatives with in an intention to

17    exclude all of the workers subject to the May 1, 2006 Staff Servicing Agreement from

18    coverage.

19    19.    If Plaintiffs knew that AIG issued a cancellation letter to Defendants in December 2006 and

20    that Defendants might not have valid workers' compensation insurance on a going forward

21    basis, Plaintiffs would not have engaged in the dialogue with Defendants leading up to the

22    execution of the Settlement Agreement and would certainly not have executed the

23    Settlement Agreement.  Defendants de facto tricked Plaintiffs into engaging in a dialogue

24    and deceived Plaintiffs into executing the Settlement Agreement.

25    20.    Paragraph 3.A. of the Settlement Agreement provides that Plaintiffs would pay Defendants

26    a total of $2,625,000 in two installments.  The first installment of $1,625,000, which was

27    paid by Plaintiffs, was due on January 2, 2007.  The second installment of $1,000,000 was

28    due on January 22, 2007.

21. On or about January 20, 2007 (*i.e.*, immediately before the second installment was due), Anderson admitted to Defendants, for the first time, the following:

   a. In December 2006, AIG issued a cancellation letter;

   b. During late 2006, Defendants were attempting to secure bank financing to satisfy Defendants' obligations to AIG; however, their attempts were not successful; and

   c. In early January 2007, Defendants were preparing to initiate litigation against AIG, which was going to seek a temporary restraining order against AIG, presumably to stop AIG's cancellation of the workers' compensation insurance.

22. Plaintiffs are informed and believe and thereon allege that during the parties' discussions leading up to the execution of the Settlement Agreement, Defendants were actively engaged in secret negotiations with insurer ACE ("ACE") in an effort to secure workers' compensation insurance as a result of AIG's notice of cancellation. Plaintiffs are further informed and believe and thereon allege that during the secret negotiations with ACE, Defendants knew that ACE would not provide workers' compensation insurance for those employees subject to the May 1, 2006 Staff Servicing Agreement, and thus, Defendants would not be able to honor said Servicing Agreement. Plaintiffs are further informed and believe and thereon allege that Defendants engaged in the discussions with ACE with an intention to exclude workers subject to the May 1, 2006 Staff Servicing Agreement from coverage. Plaintiffs are further informed and believe and thereon allege that prior to January 20, 2007, Defendants surreptitiously "switched" workers' compensation insurers from AIG to ACE, and de facto intended to leave Plaintiffs "out in the cold" and without workers' compensation insurance for their temporary employees in violation of the May 1, 2006 Servicing Agreement.

23. On January 20, 2007 (*i.e.*, two days before the second installment was due under the Settlement Agreement), Anderson on behalf of Defendants unilaterally cancelled the May 1, 2006 Servicing Agreement, in violation of the 60-day cancellation notice requirements of said Servicing Agreement. If Plaintiffs knew that Defendants intended to "switch" workers' compensation insurers, were going to leave Plaintiffs "out in the cold," were

1   frantically seeking bank financing and/or alternative insurers and/or were going to cancel

2   the May 1, 2006 Servicing Agreement without any advanced notice and contrary to the

3   terms and conditions of said Agreement, Plaintiffs would not have engaged in the dialogue

4   with Defendants leading up to the execution of the Settlement Agreement and would

5   certainly not have entered into the Settlement Agreement under those circumstances.

6   Canceling the May 1, 2006 Servicing Agreement was particularly disturbing because,

7   throughout all of Plaintiffs and Defendants' discussions leading up to the execution of the

8   Settlement Agreement, Defendants repeatedly stated that it intended to abide by all of the

9   terms and conditions of the May 1, 2006 Servicing Agreements.  These representations

10  were in fact false.

11  24.   As a result of Plaintiffs' discovery of Defendants' material misrepresentations and/or

12  omissions as set forth herein, and Defendants' subsequent cancellation of the May 1, 2006

13  Servicing Agreement on or before January 20, 2007, it became clear to Plaintiffs that the

14  Settlement Agreement was procured through fraud, Defendants were anticipatorily

15  breaching the Settlement Agreement, and thus, payment of the second installment on

16  January 22, 2007 was contrary to the intention of the parties and the spirit of the Settlement

17  Agreement.

18  ## FIRST CAUSE OF ACTION

19  ### (Fraud Against All Defendants)

20  25.   Plaintiffs incorporate herein by this reference, as though fully set forth in this cause of

21  action, each and every allegation contained in Paragraphs 1 through 24, inclusive, of this

22  Complaint as if set forth herein in full.

23  26.   On or before January 2, 2007, Defendants repeatedly represented to Plaintiffs, in an effort

24  to induce Plaintiffs into executing the Settlement Agreement, the following:

25      a.   Defendants were engaging in settlement discussions with Plaintiffs in good faith;

26      b.   Defendants secured and would continue to maintain workers' compensation

27      insurance through AIG consistent with the May 1, 2006 Staff Servicing Agreement;

28      and

c.    Defendants would continue to abide by the terms and conditions of the May 1, 2006
Staff Servicing Agreement.

27.    Defendants representations and/or omissions as described herein were false, and, in fact, the true facts confirm that Defendants were not engaging in settlement discussions with Plaintiffs in good faith, Defendants failed to secure and/or maintain workers' compensation through AIG consistent with the May 1, 2006 Staff Servicing Agreement, and Defendants had no intention to abide by the terms and conditions of the May 1, 2006 Staff Servicing Agreement when the parties were engaged in discussions leading up to the execution of the Settlement Agreement.    Defendants made these representations and/or omissions with an intent to defraud Plaintiffs.    Plaintiffs are informed and believe and thereon allege that Defendants' representations and/or omissions were made with an intent to, among other things, secure a "quick fix" payment to finance Defendants' continuing operations and/or assist Defendants in their secret negotiations with ACE without any consideration for Defendants' responsibilities under the Servicing Agreements and/or spirit of the parties' dialogue leading up to the execution of the Settlement Agreement.

28.    At the time the representations and/or omissions described herein were made, at the time Plaintiffs entered into the Settlement Agreement, and at the time that Plaintiffs rendered performance under the Settlement Agreement via payment of the first installment, Plaintiffs did not know that the representations were false, but believed them to be true and reasonably relied on them to their detriment.    Plaintiffs also did not know anything regarding Defendants' omissions.    Had Plaintiffs known the true facts, they would not have entered into the Settlement Agreement and would not have performed under the Settlement Agreement.

29.    Plaintiffs consent to the Settlement Agreement was obtained by fraud, as set forth above. Defendants, knew or reasonably should have known, that the misrepresentations were not true and/or should have disclosed the truth about the issues and items described herein. Defendants made the misrepresentations or intentionally omitted material facts from the

1    parties' dialogue to persuade Plaintiffs to agree to execute the Settlement Agreement.

2    Plaintiffs reasonably relied upon the misrepresentations or lack of disclosures noted herein.

3    30.    The Settlement Agreement contains various provisions purporting to release Defendants

4    from liability regarding the June 1, 2004 Staff Servicing Agreement and the May 1, 2005

5    Staff Servicing Agreement, as well as other provisions which are onerous, unreasonable,

6    and/or unconscionable under the facts described herein.  Plaintiffs would not have entered

7    into the Settlement Agreement as written had they known the true facts.  Therefore, .

8    Plaintiffs' consent was induced by fraud.

9    31.    As a proximate result of Defendants' fraud and deceit and the facts herein alleged, Plaintiffs

10    have been damaged in a sum, the total amount of which is unknown to Plaintiffs, but will

11    be shown according to proof at time of trial.

12    32.    The acts of Defendants were willful and malicious, and were made with the intent to

13    defraud Plaintiffs, thereby entitling Plaintiffs to recover from Defendants exemplary or

14    punitive damages.

15    ## SECOND CAUSE OF ACTION

16    **(Breach of Contract Against All Defendants)**

17    33.    Plaintiffs incorporate herein by this reference, as though fully set forth in this cause of

18    action, each and every allegation contained in Paragraphs 1 through 32, inclusive, of this

19    Complaint as if set forth herein in full.

20    34.    On or about January 2, 2007, Plaintiffs entered into the Settlement Agreement with

21    Defendants.  In reliance on the terms of the Settlement Agreement, Plaintiffs expended

22    time, spent money and incurred obligations in order to effectuate the terms and conditions

23    of the Settlement Agreement and comply with the May 1, 2006 Staff Servicing Agreement.

24    Plaintiffs performed all that they were required to do pursuant to the terms and conditions

25    of the Settlement Agreement, except for those terms and conditions which are excused

26    because of Defendants' breach of the Settlement Agreement.  Defendants have breached

27    the Settlement Agreement in that they made material misrepresentations and/or omissions

28    leading up to the execution of the Settlement Agreement and failed to abide by the spirit of

9

1    the Settlement Agreement. In addition, Defendants represented in the Settlement

2    Agreement that the May 1, 2006 Staff Servicing Agreement remained in effect as of the

3    date of the Settlement Agreement, which is, and at all relevant times was, a material term

4    of the Settlement Agreement. Notwithstanding said representation, Defendants knew

5    before the execution of the Settlement Agreement that they had materially breached the

6    May 1, 2006 Staff Servicing Agreement in that AIG issued a letter of cancellation in

7    December 2006.

8    35.    As a proximate result of Defendants' breach of the Settlement Agreement, Plaintiffs have

9    been damaged in a sum, the total amount of which is presently unknown to them, but will

10    be shown according to proof at time of trial.

11    **THIRD CAUSE OF ACTION**

12    **(Breach of the Covenant of Good Faith and Fair Dealing Against All Defendants)**

13    36.    Plaintiffs incorporate herein by this reference, as though fully set forth in this cause of

14    action, each and every allegation contained in Paragraphs 1 through 35, inclusive, of this

15    Complaint as if set forth herein in full.

16    37.    The covenant of good faith and fair dealing is implied by law in every agreement, including

17    the Settlement Agreement between Plaintiffs and Defendants. As a result of engaging in

18    the conduct set forth in this Complaint, Defendants have denied Plaintiffs of the benefit of

19    the Settlement Agreement and thus, breached the implied covenant of good faith and fair

20    dealing by having engaged and continuing to engage in the follow acts or omissions:

21      a.    Failing to disclose that AIG issued a cancellation letter in December 2006;

22      b.    Failing to disclose that Defendants were attempting to secure bank financing to

23        satisfy Defendants' obligations to AIG;

24      c.    Failing to disclose that Defendants were engaged in discussions with their insurance

25        broker in an effort to secure alternative workers' compensation insurance, with an

26        intention to exclude workers subject to the May 1, 2006 Staff Servicing Agreement

27        from coverage;

28

    d.  Failing to disclose that Defendants were preparing to initiate litigation against AIG, which was going to seek a temporary restraining order against AIG, presumably to stop AIG's cancellation of the workers' compensation insurance;

    e.  Wrongfully securing workers' compensation insurance through ACE without notifying Plaintiffs and/or securing workers' compensation insurance for the employees subject to the May 1, 2006 Staff Servicing Agreement;

    f.  Representing in the Settlement Agreement that the May 1, 2006 Staff Service Agreement was in effect when, in fact, Defendants materially breached the May 1, 2006 Staff Servicing Agreement before the execution of the Settlement Agreement; and

    g.  Wrongfully canceling the May 1, 2006 Staff Servicing Agreement after representing to Plaintiffs in discussions leading up to the execution of the Settlement Agreement that Defendants intended to comply in good faith with the May 1, 2006 Staff Servicing Agreement after the execution of the Settlement Agreement.

38.  Plaintiffs are informed and believe and thereon allege that Defendants have committed further acts and/or omissions in violation of their duty of good faith and fair dealing. These acts are presently unknown to Plaintiffs and at such time as they may be discovered, Plaintiffs will seek leave of court to amend this Complaint.

39.  As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged in a sum, the total amount of which is presently unknown to them, but will be shown according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

40.  Plaintiffs incorporate herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 39, inclusive, of this Complaint as if set forth herein in full.

///
///

41. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties under the Settlement Agreement. Plaintiffs desire a judicial determination of their rights and duties under the Settlement Agreement.

WHEREFORE, Plaintiff prays for judgment as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For special, general and/or compensatory damages according to proof, plus interest thereon, as provided by law; and

2. For punitive and exemplary damages according to proof.

**AS TO THE SECOND CAUSE OF ACTION:**

3. For special, general and/or compensatory damages according to proof, plus interest thereon, as provided by law;

**AS TO THE THIRD CAUSE OF ACTION:**

4. For special, general and/or compensatory damages according to proof, plus interest thereon, as provided by law;

**AS TO THE FOURTH CAUSE OF ACTION:**

5. For a judicial determination of Plaintiffs' rights and duties under the Settlement Agreement;

**AS TO ALL CAUSES OF ACTION:**

6. For attorney fees and costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

Dated: February 5, 2007                     ROXBOROUGH, POMERANCE & NYE, LLP

By: _____

Drew E. Pomerance, Esq.
Michael B. Adreani, Esq.
Michael H. Raichelson, Esq.
Attorneys for Plaintiffs, REAL TIME STAFFING,
INC., KOOSHAREM CORPORATION, NEW
STAFF, INC., KT, INC., PAY SERVICES, INC. PBT,
INC., and D. STEPHEN SORENSEN

F:\Clients\Select\Cessta'.\Pending\Complaint.Draft.01.doc

## CONFIDENTIAL AGREEMENT AND GENERAL RELEASE

This Mutual Settlement Agreement and General Release ("AGREEMENT") is entered into by and between Koosharem Corp., Inc., PBT, Inc., New Staff, Inc., KT, Inc., Pay Services, Realtime Staffing, Inc., and any other party affiliated with the Koosharem Group of Companies, hereinafter referred to as the "SELECT", and D. Stephen Sorensen, ("SORENSEN") an individual, and Coastal Employers, Inc., a California corporation, hereinafter collectively referred to as "COASTAL". The parties desire to amicably resolve any and all disputes between the SELECT and COASTAL concerning money obligations of SELECT which COASTAL claims is owed for an agreement entered on June 14, 2004 (hereinafter referred to as the "2004 contract"), and a second agreement entered into May 1, 2005 (hereinafter referred to as the "2005 contract"). The parties also acknowledge that there is a current agreement entered into this year which remains in effect at this time, which is not a subject of this AGREEMENT (hereinafter referred to as the "2006 contract").

### 1. AGREEMENT AND RELEASE

Subject to the conditions set forth in paragraphs 4.A and 4.B below, COASTAL hereby completely releases and forever discharges SORENSEN and SELECT and any of its entities, trusts, parent companies and their officers, attorneys, directors, agents and employees from any and all claims, rights, demands, actions, obligations, liabilities, and causes of action of every kind, nature and character, known or unknown, which either COASTAL may now have, have ever had, or may have in the future have regarding any dispute regarding the 2004 contract and the 2005 contract. The release will include any claim or claims whether in law or equity, which COASTAL could assert, at common law or under statute, rule, regulation, order of law, whether federal, state, or local.

SELECT and SORENSEN hereby completely releases and forever discharges COASTAL and any of its entities, trusts, parent companies and their officers, attorneys, directors, agents and employees from any and all claims, rights, demands, actions, obligations, liabilities, and causes of action of every kind, nature and character, known or unknown, which either SELECT or SORENSEN may now have, have ever had, or may have in the future have regarding any dispute regarding the 2004 contract and the 2005 contract. The release will include any claim or claims whether in law or equity, which SELECT or SORENSEN could assert, at common law or under statute, rule, regulation, order of law, whether federal, state, or local. This release will not extend to any third-party administrators and/or insurance carriers used by COASTAL during the 2004 contract or the 2005 contract.

### 2. NATURE OF THE DISPUTE

    A.    The 2004 Contract

EXHIBIT __A__

COASTAL claims that SELECT owes COASTAL approximately Two Million. Four Hundred Thousand Dollars ($2,400,000.00) in additional collateral and fixed costs, with the possibility of further collateral obligations SELECT may owe depending on pending litigation between COASTAL and its workers' compensation carrier known as RCA. SELECT disputes this claim.

B.    The 2005 Contract

COASTAL claims that SELECT owes Coastal an additional Four Million, Two Hundred Fifty-Eight Thousand, Six Hundred Three Dollars and Twenty Cents ($4,258,603.20) in increased program costs for fixed and collateral obligations pursuant to Section 3.a. of the 2005 contract. SELECT also dispute this claim.

C.    The 2006 Contract

The parties are currently engaged in the 2006 contract. Neither party at this time has alleged a breach of the current operating agreement. However, in entering into this AGREEMENT, neither party waives any claims, demands or performance that may be owed by the other party in conjunction with the pending 2006 contract. The 2006 contract will continue to remain in effect, unless expired and/or terminated by either party in accordance with the terms and conditions of that agreement. Neither party is waiving its rights under the 2006 agreement.

3. CONSIDERATION

A.    In resolution of the above-described claims by COASTAL against SELECT for obligations or its claims as described above, SELECT will pay Coastal the sum of Two Million, Six Hundred Twenty-five Thousand Dollars ($2,625,000.00) payable as follows: By electronic wire transfer and no later than 4:00 p.m. on January 2, 2007. One Million Six Hundred Thousand Twenty-five Dollars ($1,625,000). The remaining One Million Dollars ($1,000,000) is payable by 4:00 p.m. (PST) on January 22, 2007.

B.    Neither party releases the other from any rights, demands and/or obligations associated with the pending 2006 Contract.

D.    SELECT will continue to cooperate with COASTAL regarding communications, advice and participation with the workers' compensation carriers and/or third party administrators of COASTAL in the adjusting, settlement, defending and litigating of cases (without any obligation to pay additional funds by the SELECT as to the 2004 contract and 2005 contract) with regard to outstanding claims associated with the 2004 and 2005 contracts as well as continue to do so for the 2006 contract.

E.    SELECT will continue to cooperate with the workers' compensation carriers with regard to any payroll audits and other information needed by the workers'

2

compensation carriers to calculate, adjust and/or review workers' compensation charges. SELECT will not be responsible for any adjustments and/or charges associated with such audits and/or reviews for either the 2004 contract or the 2005 contract.

    F.   In consideration of this settlement, COASTAL will have no further obligation to return unused collateral to SELECT in conjunction with the 2004 and 2005 years.

    G.   COASTAL agrees to continue to be responsible for the administration and payment of all claims, costs, and expenses associated with both the 2004 contract and the 2005 contract as called for in those agreements.

    H.  SORENSEN is released as a third-party guarantor as to the 2004 contract and 2005 contract.

4.    **OTHER CONDITIONS**

    A.   This settlement and release is conditioned upon SELECT issuing payments as described above in conjunction with Paragraph 3 above. Should SELECT fail to issue the first payment with or without notice and/or a demand to cure, COASTAL at its option can declare this AGREEMENT null and void and unenforceable by issuing written notice to the SELECT. In such an event, SELECT shall not be permitted to assert the AGREEMENT as a bar or defense to any claims.

    B.   Should SELECT fail to issue the second payment after three (3) days' written notice to cure, COASTAL at its option may retain the first payment and declare null and void its release and waiver of its claims against SELECT related to the disputes described in subparagraphs 2.A. and 2.B. above, and bring claims against and seek further monies owed by SELECT, giving SELECT credit for the receipt of the first payment. In such an event, SELECT shall not be permitted to assert the AGREEMENT as a bar or defense against such claims.

    C.   The undersigned further acknowledge and represent that no promise, inducement, or agreement not herein expressed has been made between the undersigned parties to this settlement, and the settlement contains the entire Agreement between the parties.

    D.   This AGREEMENT will be construed under California law.

    E.   Should any litigation arise concerning the interpretation and/or performance of this AGREEMENT, the parties agree that venue will be in Santa Barbara County, California.

    G.   The parties agree that the following are the effective addresses for all communications between the parties under this AGREEMENT:

3

| COASTAL | SELECT |
|---------|--------|
| Rob Anderson | Attn: President |
| President, Coastal | Select Personnel Services |
| | 3820 State Street |
| | Santa Barbara, CA. 93105 |

### 5. NOT AN ADMISSION

It is understood and agreed that this is a release of all claims and that the furnishing of the consideration for this release shall not be deemed or construed as an admission of liability or responsibility at any time for any purpose. The liability for any and all claims is denied by the parties hereunder released.

### 6. CONFIDENTIALITY

COASTAL and SELECT agree not to disclose the terms of their AGREEMENT to anyone except their respective legal counsel.

### 7. SECTION 1542

The AGREEMENT shall be construed and governed by the laws of the State of California. COASTAL and SELECT expressly warrants they have and understood this Agreement, that it has had the opportunity to seek and counsel in this matter, and they have intentionally waived and released the above mentioned claims and their rights under federal and state law and also that it intentionally and expressly waives the rights described in Section 1542 of the California Civil Code, providing as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

### 8. ENTIRE AGREEMENT

This AGREEMENT constitutes the full and complete agreement of the parties hereto as to the matter referred to herein and there is no oral or written agreements concerning any subject matter covered by this AGREEMENT.

### 9. VOLUNTARY EXECUTION OF AGREEMENT

4

SELECT, SORENSEN, and COASTAL represent and agree that they have freely and voluntarily executed this AGREEMENT, and that no premise, inducement or agreement not expressed in this AGREEMENT has been made.

## 10. SEVERABILITY

If any provision of this AGREEMENT is held to be invalid or unenforceable, the remaining portion of this AGREEMENT shall continue to be valid and will be performed, construed and fully enforced to the fullest extent permitted by law, and the invalid or unenforceable term shall be deemed amended and limited in accordance with the intent of the parties, as determined from the face of the AGREEMENT, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

## 11. SECTION HEADINGS

The section headings contained in this AGREEMENT are for reference purposes only and shall not affect in any way the meaning or interpretation of this AGREEMENT.

## 11. MODIFICATIONS

This is a final and binding settlement and release of all claims against SELECT. It cannot be modified or terminated except in writing signed by all parties hereto, and shall be binding upon and inure to the benefit of the parties hereto and their respective assigns, successors, and subrogees.

## 12. AGREEMENT IN COUNTERPARTS

This AGREEMENT may be executed in several counterparts, and as executed shall constitute one AGREEMENT, binding on all the parties hereto, notwithstanding that all the parties are not signatory to the original or to the same counterpart. The parties shall accept facsimile signatures on documents that are delivered by mail or by hand.

IN WITNESS WHEREOF, the parties have executed this AGREEMENT effective on the dates set forth opposite their respective names.

EXECUTED as of the day and year first above written.

Coastal Employer's Inc., California
Corporation

5

Name: Rob Anderson

**REAL TIME STAFFING, Inc. a California Corporation.**

**KOOSHAREM CORPORATION, a California Corporation**

PBT, Inc. a California Corporation.

_____

New Staff Inc, a California Corporation

KT Inc., a California Corporation

Pay Services, Inc. a California Corporation

D. Stephen Sorensen, an individual

6

1

## PROOF OF SERVICE

2

3  STATE OF CALIFORNIA    )
                          ) ss.
4  COUNTY OF ORANGE       )

5

6      I am employed in the County of Orange, State of California.  I am over the age of 18 and
   not a party to the within action; my business address is 660 Newport Center Drive, Ste. 320,
7  Newport Beach, California 92660.

8      On **April 19, 2007, I** served the foregoing documents described as **NOTICE TO
   FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT
9  PURSUANT TO 28 U.S.C. § 1452** on the interested parties in this action by placing a true copy
   thereof in sealed envelopes addressed as follows:
10

11  SEE ATTACHED LIST

12  <u>**XXX**</u>  (by Mail) As follows: I am "readily familiar" with the firm's practice of collection and
    processing correspondence for mailing.  Under that practice, it would be deposited with the U. S.
13  Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California
    in the ordinary course of business.  I am aware that on motion of the party served, service is
14  presumed invalid of postal cancellation date or postage meter date is more than one day after date
    of deposit for mailing in affidavit.  I caused the above-referenced document(s) to be transmitted
15  to the indicated parties.
16

17  <u>**XXX**</u>  (By Facsimile) As follows:  I caused the above-referenced document(s) to be transmitted
    to the indicated parties.
18

19  _____(By Personal Service) As follows:  I caused First Legal Courier Service to
    Personally serve the following parties on the attached service list on this date:
20

21      Executed on **April 19, 2007** at Newport Beach, California.

22

23  <u>XXX</u> (Federal) I declare that I am employed in the office of a member of the bar of this court at
    whose direction the service was made.

24

25  _____

26                      Kerry A. Murphy

27

28

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §
1452

1

## SERVICE LIST

2

**Office of the United States Trustee**
United States Trustee
411 West Fourth Street #9041
Santa Ana, CA 92701-8000
Fax: (714) 338-3421
nancy.goldenberg@usdoj.gov
Frank.Cadigan@usdoj.gov

**Counsel for Plaintiffs in State Court
Action**
Drew E. Pomerance, Esq.
Michael B. Adreani, Esq.
Michael H. Raichelson, Esq.
ROXBOROUGH, POMERANCE & NYE, LLP
5820 Canoga Avenue, Ste. 250
Woodland Hills, CA 91467
Fax: (818) 992-91367

3

4

5

6

7

8

**Counsel for Defendants in State
Court Action**
David Grable, Esq.
Overland Borenstein Scheper & Kim,
LLP
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071
Fax:   (213) 613-4656

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §
1452