ORIGINAL

1   Donald K. Jorgensen – State Bar No. 44527
    **Law Offices of Donald K. Jorgensen**
2   Three Pointe Drive, Suite 302
    Brea, California 92821
3   jorgensenbrea@aol.com

4   (714) 672-9777
    (714) 672-9799 Fax
5
    Attorney for Defendant,
6   Robert J. Anderson, Jr., an individual

7

8

9

10              UNITED STATES BANKRUTPCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    SANTA ANA DIVISION

13

| | |
|---|---|
| 14  In re: | Case No. 8:07-bk-10992 RK |
| 15  CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC., a | (Jointly administered with Case Nos.: 8:07-bk-10994  and 8:07-bk-10995) |
| 16  California corporation | |
| 17  Debtor and Debtor-in-Possession. | Chapter 11 Proceeding |
| 18  REAL TIME STAFFING, INC., a | Adv. No. 07-01105 RK |
| 19  California corporation, KOOSHAREM CORPORATION, a California corporation, | **DEFENDANT ROBERT J. ANDERSON,** |
| 20  NEW STAFF, INC., a California corporation, KT, INC., a California | **JR.'S ANSWER TO COMPLAINT** |
| 21  corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a | |
| 22  California corporation, and D. STEPHEN SORENSEN, an individual, | |
| 23          Plaintiffs, | |
| 24  | |
| 25  vs. | |
| 26  COASTAL EMPLOYERS, INC. a California corporation, ROBERT J. | |
| 27  ANDERSON, an individual, and DOES 1 through 100, inclusive, | |
| 28          Defendants. | |

FILED
JUL 2 7 2007

1

## TO THE HONORABLE ROBERT N. KWAN, UNITED STATES
## BANKRUPTCY JUDGE, AND INTERESTED PARTIES:

Defendant ROBERT J. ANDERSON, JR., an individual (hereinafter "Defendant") answers the Complaint ("Complaint") brought by Plaintiffs REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a California corporation, and D. STEPHEN SORENSEN, an individual, Chapter 7 Trustee for the estate of Ronald F. Popp (collectively hereinafter "Plaintiffs") as follows:

1.    As to Paragraph 1, Defendant admits the allegations contained therein.

2.    As to Paragraph 2, Defendant admits the allegations contained therein.

3.    As to Paragraph 3, Defendant admits the allegations contained therein.

4.    As to Paragraph 4, Defendant admits the allegations contained therein.

5.    As to Paragraph 5, Defendant admits the allegations contained therein.

6.    As to Paragraph 6, Defendant admits the allegations contained therein.

7.    As to Paragraph 7, Defendant denies the allegations contained therein.

8.    As to Paragraph 8, Defendant admits the allegations contained therein.

9.    As to Paragraph 9, Defendant admits the allegations contained therein.

10.    As to Paragraph 10, Defendant deny the allegations contained therein

11.    As to Paragraph 11, Defendant denies the allegations contained therein.

12.    As to Paragraph 12, Defendant admits that venue is proper in California. The case has been removed to the Central District Bankruptcy Court where Defendant asserts venue is proper.

13.    As to Paragraph 13, Defendant admits the allegations contained therein, with the exception that answering Defendant denies the he personally entered into any agreement referred to in said paragraph.

14.    As to Paragraph 14, Defendant denies the allegations contained therein.

2

1       15.   As to Paragraph 15, Defendant admits that Plaintiffs disputed that they were

2   required to pay the full amount owed under the Staff Servicing Agreements. Defendant denies

3   that the actual amounts are in dispute. This answering Defendant denies that he personally has

4   any responsibility or involvement with the allegations contained in Paragraph 15.

5       16.   As to Paragraph 16, Defendant admits that a letter was sent to Stephen Sorenson

6   by co-defendant Coastal demanding payment. Defendant denies that the demand was made as

7   a result of the dispute, but that it was made because Plaintiffs failed to make the payment

8   required under the Staff Servicing Agreements.

9       17.   As to Paragraph 17, Defendant admits that co-defendant Coastal and Plaintiffs

10  entered into a Settlement Agreement. Defendant admits that co-defendant Coastal agrees that

11  it represented that it was insured through AIG and that it would continue to maintain workers

12  compensation insurance.    Answering Defendant denies that co-defendant Coastal ever

13  represented that it would maintain insurance through AIG or any specific workers'

14  compensation carrier.

15      18.   As to Paragraph 18, answering Defendant admits that AIG issued a cancellation

16  letter to co-defendant Coastal in December, 2006. Defendant admits that he was having

17  discussions with co-defendant's insurance broker on behalf of co-defendant Coastal not

18  personally.    Defendant denies that co-defendant Coastal engaged in discussions with co-

19  defendant's insurance broker in an effort to explore other insurance alternatives with an

20  intention to exclude all of the workers subject to the May 1, 2006, Staff Servicing Agreement

21  from coverage.

22      19.   As to Paragraph 19, Defendant is without sufficient knowledge or information

23  to form a belief as to the truth of the allegations contained in said paragraph and on that basis

24  denies each and every allegation contained therein. Defendant denies that he personally or co-

25  defendant Coastal tricked Plaintiffs into engaging in a dialogue and deceived Plaintiffs into

26  executing the Settlement Agreement.

27      20.   As to Paragraph 20, Defendant admits the allegations as contained therein with

28  regard to co-defendant Coastal.

---

3

Defendant Robert J. Anderson, Jr.'s Answer to Complaint

21.   As to Paragraph 21, Defendant admits the allegations contained therein with regard to co-defendant Coastal and the plaintiffs but denies personal involvement.

22.   As to Paragraph 22, Defendant admits that he was in discussions on behalf of co-defendant Coastal with ACE to obtain workers compensation insurance. Defendant denies that the negotiations were "secret". Defendant denies that he engaged in the discussions with ACE with an intention to exclude workers subject to the May 1, 2006 Staff Servicing Agreement from coverage. Defendant admits that co-defendant Coastal switched coverage from AIG to ACE but denies that it was in any way motivated to leave Plaintiffs "out in the cold" and without workers' compensation insurance for their temporary employees.

23.   As to Paragraph 23, Defendant denies the allegations regarding cancellation of the May 1, 2006 Servicing Agreement. Defendant is without sufficient knowledge or information to form a belief as to under what circumstances Plaintiffs would have engaged in settlement discussions and on that basis denies the allegations that Plaintiffs would not have engaged in dialogue or entered into the Settlement Agreement. Defendant denies that he made any false representations. Answering Defendant at all times was acting on behalf of co-defendant Coastal and was not personally responsible.

24.   As to Paragraph 24, Defendant denies the allegations that Defendant engaged in fraud or anticipatorily breached the Settlement Agreement. Defendant denies the allegations that the second installment on January 22, 2007 was contrary to the intention of the parties and the terms of the Settlement Agreement.

25.   As to paragraph 25, Defendant incorporates by reference the allegations contained in paragraphs 1 through 24.

26.   As to Paragraph 26, Defendant denies that either he personally or on behalf of co-defendant Coastal made representations to induce Plaintiffs to enter into the Settlement Agreement. Defendant admits that that co-defendant Coastal represented that it was engaged in settlement discussions with Plaintiffs in good faith. Defendant admits that co-defendant Coastal represented that it would continue to maintain workers compensation insurance, but denies that it represented that such insurance would always be with AIG. Defendant admits

4

Defendant Robert J. Anderson, Jr.'s Answer to Complaint

1  that co-Defendant Coastal represented that it would abide by the terms of the May 1, 2006,

2  Staff Servicing Agreement.

3      27.    As to Paragraph 27, Defendant denies the allegations contained therein.

4      28.    As to Paragraph 28, Defendant individually denies and also denies that co-

5  defendant Coastal made false representations as alleged in Paragraph 28 of the Complaint.

6  Defendant is without sufficient knowledge or information to form a belief as to the truth of the

7  remaining allegations contained in said paragraph and on that basis denies each and every

8  allegation contained therein.

9      29.    As to Paragraph 29, Defendant denies the allegations contained therein.

10     30.    As to Paragraph 30, Defendant denies the allegations contained therein.

11     31.    As to Paragraph 31, Defendant denies the allegations contained therein.

12     32.    As to Paragraph 32, Defendant denies the allegations contained therein.

13     33.    As to Paragraph 33, Defendant incorporates by reference the allegations

14  contained in paragraphs 1 through 32.

15     34.    As to Paragraph 34, Defendant is without sufficient knowledge or information

16  to form a belief as to the truth of the allegations regarding Plaintiffs' reliance or time and

17  money spent and on that basis denies those allegations contained therein.  Defendant denies

18  that Plaintiffs performed all they were required to do under the Settlement Agreement and deny

19  that they were excused from performance or that Defendant breached the Settlement

20  Agreement.  Defendant denies that he made any misrepresentations to Plaintiffs regarding a

21  material term to the Settlement Agreement or that Defendant had breached the May 1, 2006

22  Staff Servicing Agreement or Settlement Agreement.  At all times herein, answering Defendant

23  was not acting individually but on behalf of co-defendant Coastal.

24     35.    As to Paragraph 35, Defendant denies the allegations contained therein.

25     36.    As to Paragraph 36, Defendant incorporates by reference the allegations

26  contained in paragraphs 1 through 35.

27  ///

28  ///

Defendant Robert J. Anderson, Jr.'s Answer to Complaint

37.     As to Paragraph 37, Defendant denies that he breached the covenant of good faith and fair dealing, either on an individual basis and/or on behalf of co-defendant Coastal. Defendant denies all other allegations contained therein.

38.     As to Paragraph 38, Defendant denies the allegations contained therein.

39.     As to Paragraph 39, Defendant denies the allegations contained therein.

40.     As to Paragraph 40, Defendant incorporates by reference the allegations contained in paragraphs 1 through 39.

41.     As to Paragraph 41, Defendant admits that a controversy exists.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     As a first, separate and distinct affirmative defense, the answering Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.     As a second, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that Plaintiffs have no standing to allege the purported causes of action in the Complaint or pursue the damages alleged therein.

### THIRD AFFIRMATIVE DEFENSE

3.     As a third, separate and distinct affirmative defense, the answering Defendant alleges that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities, other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4.     As a fourth, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that Plaintiffs have engaged in conduct

1  and activities sufficient to constitute a waiver of any alleged breach of conduct, negligence, or
2  any other conduct, if any, as set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

4      5.   As a fifth, separate and distinct affirmative defense, the answering Defendant is
5  informed and believes, and based thereon alleges, that at all times and places alleged in the
6  Complaint, Plaintiffs failed to perform all duties and obligations on their part of any
7  agreement, oral or written, with co-defendant Coastal, and such acts or omissions bar
8  Plaintiffs' recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

10      6.   As a sixth, separate and distinct affirmative defense, the answering Defendant is
11  informed and believes, and based thereon alleges, that, prior to the commencement of this
12  action, co-Defendant Coastal duly paid, satisfied and discharged all duties and obligations it
13  owed to Plaintiffs arising out of any and all agreements, representations or contracts made by
14  or on behalf of co-Defendant Coastal.

### SEVENTH AFFIRMATIVE DEFENSE

16      7.   As a seventh, separate and distinct affirmative defense, the answering Defendant
17  is informed and believes, and based thereon alleges, that the Complaint is barred because
18  Plaintiffs lack standing to sue.

### EIGHTH AFFIRMATIVE DEFENSE

20      8.   As an eighth, separate and distinct affirmative defense, the answering Defendant
21  is informed and believes, and based thereon alleges, that Plaintiffs have failed to satisfy one or
22  more express or implied conditions precedent to any obligations allegedly owed to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

24      9.   As a ninth, separate and distinct affirmative defense, the answering
25  Defendant is informed and believes, and based thereon alleges, that, at all times mentioned
26  herein, the answering Defendant acted reasonably and in good faith, not in an individual
27  capacity but on behalf of co-defendant Coastal, with regard to the acts and transactions which
28  are the subject of Plaintiffs' Complaint.

## TENTH AFFIRMATIVE DEFENSE

10.    As a tenth, separate and distinct affirmative defense, the answering Defendant alleges that the answering Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether he may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    As an eleventh, separate and distinct affirmative defense, the answering Defendant alleges that the Plaintiffs failed to mitigate their losses, and Defendant is entitled to an offset to the extent of Plaintiffs' failure to so mitigate.

## TWELFTH AFFIRMATIVE DEFENSE

12.    As a twelfth, separate and distinct affirmative defense, the answering Defendant alleges that it is entitled to an offset against any potential liability to Plaintiffs for monies owed to co-defendant Coastal by Plaintiffs which Defendant further believes offsets any potential liability of Defendant herein. Such offset is more particularly set forth in the counter-claim herein and Defendant incorporates the same as though fully set forth regarding Defendant's claim of offset.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a thirteenth, separate and distinct affirmative defense, the answering Defendant alleges that Plaintiffs' breach of the underlying obligation which is the subject of the suit herein bars Plaintiffs from any recovery against this answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a fourteenth, separate and distinct affirmative defense, the answering Defendant denies any individual responsibility , and at all times relevant herein, was acting

/ / /

/ / /

/ / /

/ / /

Defendant Robert J. Anderson, Jr.'s Answer to Complaint

1  solely as an officer and director of co-defendant Coastal, and any action or liability against

2  answering Defendant personally is barred by the doctrine of corporate immunity.

3

4  Dated: July 24, 2007                              Respectfully Submitted By,
                                                     **Law Offices of Donald K. Jorgensen**
5

6
                                          By:  _____
7
                                                     Donald K. Jorgensen
8                                                    Attorneys for Defendant,
                                                     Robert J. Anderson, Jr., an individual
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Robert J. Anderson, Jr.'s Answer to Complaint

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                             ) ss.
COUNTY OF ORANGE      )

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 660 Newport Center Drive, Suite 320, Newport Beach, California 92660.

      On **July 26, 2007**, I served the foregoing documents described as **DEFENDANT ROBERT J. ANDERSON JR.'S ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof in sealed envelopes addressed as follows:

<b>SEE ATTACHED LIST</b>

<u>XXX</u>   (by Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document(s) to be transmitted to the parties indicated above.

<u>XXX</u>   (By Facsimile) As follows:  I caused the above-referenced document(s) to be transmitted to the parties indicated above.

_____ (By Overnight Mail) As follows:  I caused the above-referenced document(s) to be transmitted via Overnite Express/Federal Express to the office of the parties indicated above.

_____ (By Electronic Mail) As follows:  I caused the above-referenced document(s) to be transmitted via electronic mail to the parties indicated above.

      Executed on **July 26, 2007** at Newport Beach, California.

<u>XXX</u>   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

KERRY A. MURPHY

## SERVICE LIST

*IN RE: Consolidated Employer Management Solutions, a California corporation*
USBC, Central District of California, Case No. 8:07-bk-10992 RK
*Real Time Staffing Inc., et al. v. Coastal, Inc., a California Corporation, et al.*
Adversary Number 07-ap-01105-RK

**Counsel for Defendant Robert J. Anderson, Jr.**
Donald K. Jorgensen, Esq.
Law Offices of Donald K. Jorgensen
Three Pointe Drive, Suite 302
Brea, CA 92821
Fax: (714) 672-9799

**Counsel for Plaintiffs in State Court Action**
Drew E. Pomerance, Esq.
Michael B. Adreani, Esq.
Michael H. Raichelson, Esq.
ROXBOROUGH, POMERANCE & NYE, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91367
mhr@rpnlaw.com
Fax: (818) 992-7551