ORIGINAL

1  ROBERT P. GOE – State Bar No. 219977
   MARC C. FORSYTHE – State Bar No. 153854
2  ELIZABETH A. LAROCQUE – State Bar No. 219977
   **GOE & FORSYTHE, LLP**
3  660 Newport Center Drive, Suite 320
   Newport Beach, CA 92660
4  rgoe@goeforlaw.com
   mforsythe@goeforlaw.com
5  elarocque@goeforlaw.com

6  Telephone:  (949) 467-3780
   Facsimile:  (949) 721-0409

7  Attorneys for Defendant,
8  Coastal Employers, Inc., a California corporation

FILED
JUL 27 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

10              UNITED STATES BANKRUTPCY COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                     SANTA ANA DIVISION

| In re:<br><br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, a California corporation<br><br>    Debtor and Debtor-in-Possession.<br><br>REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a California corporation, and D. STEPHEN SORENSEN, an individual,<br><br>    Plaintiffs,<br><br>Vs.<br><br>COASTAL EMPLOYERS, INC. a California corporation, ROBERT J. ANDERSON, an individual, and Does 1 through 100, inclusive,<br><br>    Defendants. | Case No. 8:07-bk-10992 RK<br><br>(Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995)<br><br>Chapter 11 Proceeding<br><br>Adv. No. 07-01105 RK<br><br>**DEFENDANT COASTAL EMPLOYERS, INC.'S ANSWER TO COMPLAINT** |
|---|---|

1

DEFENDANT COASTAL EMPLOYERS, INC.'S ANSWER TO COMPLAINT

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

Defendant COASTAL EMPLOYERS, INC, a California corporation (hereinafter "Defendant") answers the Complaint ("Complaint") brought by Plaintiffs REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a California corporation, and D. STEPHEN SORENSEN, an individual (collectively hereinafter "Plaintiffs") as follows:

1. As to Paragraph 1, Defendant admits the allegations contained therein.
2. As to Paragraph 2, Defendant admits the allegations contained therein.
3. As to Paragraph 3, Defendant admits the allegations contained therein.
4. As to Paragraph 4, Defendant admits the allegations contained therein.
5. As to Paragraph 5, Defendant admits the allegations contained therein.
6. As to Paragraph 6, Defendant admits the allegations contained therein.
7. As to Paragraph 7, Defendant denies the allegations contained therein.
8. As to Paragraph 8, Defendant admits the allegations contained therein.
9. As to Paragraph 9, Defendant admits the allegations contained therein.
10. As to Paragraph 10, Defendant deny the allegations contained therein
11. As to Paragraph 11, Defendant denies the allegations contained therein.
12. As to Paragraph 12, Defendant admits that venue is proper in California. The case has been removed to the Central District Bankruptcy Court where Defendant asserts venue is proper.
13. As to Paragraph 13, Defendant admits the allegations contained therein.
14. As to Paragraph 14, Defendant denies the allegations contained therein.
15. As to Paragraph 15, Defendant admits that Plaintiffs disputed that they were required to pay the full amount owed under the Staff Servicing Agreements. Defendant denies that the actual amounts are in dispute.
16. As to Paragraph 16, Defendant admits that a letter was sent to Stephen Sorenson

demanding payment. Defendant denies that the demand was made as a result of the dispute, but that it was made because Plaintiffs failed to make the payment required under the Staff Servicing Agreements.

17. As to Paragraph 17, Defendant admits that Defendant and Plaintiffs entered into a Settlement Agreement. Defendant admits that it represented that it was insured through AIG and that it would continue to maintain workers compensation insurance. Defendant denies that it represented that it would maintain insurance through AIG.

18. As to Paragraph 18, Defendant admits that AIG issued a cancellation letter to Defendant in December, 2006. Defendant admits that it was having discussions with Defendant's insurance broker. Defendant denies that it was engaged in discussions with Defendant's insurance broker in an effort to explore other insurance alternatives with an intention to exclude all of the workers subject to the May 1, 2006 Staff Servicing Agreement from coverage.

19. As to Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein. Defendant denies that it tricked Plaintiffs into engaging in a dialogue and deceived Plaintiffs into executing the Settlement Agreement.

20. As to Paragraph 20, Defendant admits the allegations contained therein.

21. As to Paragraph 21, Defendant admits the allegations contained therein.

22. As to Paragraph 22, Defendant admits that it was in discussions with ACE to obtain workers compensation insurance. Defendant denies that the negotiations were "secret." Defendant denies that it engaged in the discussions with ACE with an intention to exclude workers subject to the May 1, 2006 Staff Servicing Agreement from coverage. Defendant admits that it switched coverage from AIG to ACE but denies that it intended to leave Plaintiffs "out in the cold" and without workers' compensation insurance for their temporary employees.

23. As to Paragraph 23, Defendant denies the allegations regarding cancellation of the May 1, 2006 Servicing Agreement. Defendant is without sufficient knowledge or information to form a belief as to under what circumstances Plaintiffs would have engaged in

1 settlement discussions and on that basis denies the allegations that Plaintiffs would not have engaged in dialogue or entered into the Settlement Agreement. Defendant denies that it made any false representations.

24. As to Paragraph 24, Defendant denies the allegations that Defendant engaged in fraud or anticipatorily breached the Settlement Agreement. Defendant denies the allegations that the second installment on January 22, 2007 was contrary to the intention of the parties and the terms of the Settlement Agreement.

25. As to paragraph 25, Defendant incorporates by reference the allegations contained in paragraphs 1 through 24.

26. As to Paragraph 26, Defendant denies that it made representations to induce Plaintiffs to enter into the Settlement Agreement. Defendant admits that it represented that it was engaged in settlement discussions with Plaintiffs in good faith. Defendant admits that it represented that it would continue to maintain workers compensation insurance, but denies that it represented that such insurance would always be with AIG. Defendant admits that it represented that it would abide by the terms of the May 1, 2006 Staff Servicing Agreement.

27. As to Paragraph 27, Defendant denies the allegations contained therein.

28. As to Paragraph 28, Defendant denies the allegations that its representations were false. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

29. As to Paragraph 29, Defendant denies the allegations contained therein.

30. As to Paragraph 30, Defendant denies the allegations contained therein.

31. As to Paragraph 31, Defendant denies the allegations contained therein.

32. As to Paragraph 32, Defendant denies the allegations contained therein.

33. As to Paragraph 33, Defendant incorporates by reference the allegations contained in paragraphs 1 through 32.

34. As to Paragraph 34, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' reliance or time and money

spent and on that basis denies those allegations contained therein. Defendant denies that Plaintiffs performed all they were required to do under the Settlement Agreement and deny that they were excused from performance or that Defendant breached the Settlement Agreement. Defendant denies that it made any misrepresentations to Plaintiffs regarding a material term to the Settlement Agreement or that Defendant had breached the May 1, 2006 Staff Servicing Agreement or Settlement Agreement.

35. As to Paragraph 35, Defendant denies the allegations contained therein.

36. As to Paragraph 36, Defendant incorporates by reference the allegations contained in paragraphs 1 through 35.

37. As to Paragraph 37, Defendant denies it breached the covenant of good faith and fair dealing. Defendant denies all other allegations contained therein.

38. As to Paragraph 38, Defendant denies the allegations contained therein.

39. As to Paragraph 39, Defendant denies the allegations contained therein.

40. As to Paragraph 40, Defendant incorporates by reference the allegations contained in paragraphs 1 through 39.

41. As to Paragraph 41, Defendant admits that a controversy exists but that it is Plaintiffs that are in breach.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

1. As a first, separate and distinct affirmative defense, the answering Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. As a second, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that Plaintiffs have no standing to allege the purported causes of action in the Complaint or pursue the damages alleged therein.

### THIRD AFFIRMATIVE DEFENSE

3. As a third, separate and distinct affirmative defense, the answering Defendant alleges that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities, other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of conduct, negligence, or any other conduct, if any, as set forth in the Complaint

### FIFTH AFFIRMATIVE DEFENSE

5. As a fifth, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that at all times and places alleged in the Complaint, Plaintiffs failed to perform all duties and obligations on their part of any agreement, oral or written, with the answering Defendant, and such acts or omissions bar Plaintiffs' recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

6. As a sixth, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that, prior to the commencement of this action, the answering Defendant duly paid, satisfied and discharged all duties and obligations it owed to Plaintiffs arising out of any and all agreements, representations or contracts made by or on behalf of the answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that the Complaint is barred because Plaintiffs lack standing to sue.

DEFENDANT COASTAL EMPLOYERS, INC.'S ANSWER TO COMPLAINT

### EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that Plaintiffs have failed to satisfy one or more express or implied conditions precedent to any obligations allegedly owed to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

9. As a ninth, separate and distinct affirmative defense, the answering Defendant is informed and believes, and based thereon alleges, that, at all times mentioned herein, the answering Defendant acted reasonably and in good faith with regard to the acts and transactions which are the subject of Plaintiffs' Complaint.

### TENTH AFFIRMATIVE DEFENSE

10. As a tenth, separate and distinct affirmative defense, the answering Defendant alleges that the answering Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As an eleventh, separate and distinct affirmative defense, the answering Defendant alleges that the Plaintiffs failed to mitigate their losses, and Defendant is entitled to an offset to the extent of Plaintiffs' failure to so mitigate.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth, separate and distinct affirmative defense, the answering Defendant alleges that it is entitled to an offset against any potential liability to Plaintiffs for monies owed to Defendant by Plaintiffs which Defendant further believes offsets any potential liability of Defendant herein. Such offset is more particularly set forth in the counter-claim herein and Defendant incorporates the same as though fully set forth regarding Defendant's claim of offset.

/ / /

/ / /

/ / /

### THIRTEENTH AFFIRMATIVE DEFENSE

13.  As a thirteenth, separate and distinct affirmative defense, the answering Defendant alleges that Plaintiffs' breach of the underlying obligation which is the subject of the suit herein bars Plaintiffs from any recovery against this answering Defendant.

Dated: July __ 2007

Respectfully Submitted By,

**GOE & FORSYTHE, LLP**

By: _____
Robert P. Goe
Attorneys for Defendant, Consolidated
Employer Management Solutions

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 660 Newport Center Drive, Ste. 320, Newport Beach, California 92660.

On July 26, 2007, I served the foregoing documents described as DEFENDANT COASTAL EMPLOYERS, INC.'S ANSWER TO COMPLAINT on the interested parties in this action by placing a true copy thereof in sealed envelopes addressed as follows:

SEE ATTACHED LIST

**XXX** (by Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document(s) to be transmitted to the indicated parties.

**XXX** (By Facsimile) As follows: I caused the above-referenced document(s) to be transmitted to the indicated parties.

_____ (By Personal Service) As follows: I caused First Legal Courier Service to Personally serve the following parties on the attached service list on this date:

Executed on July 26, 2007 at Newport Beach, California.

**XXX** (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Kerry A. Murphy

9

DEFENDANT COASTAL EMPLOYERS, INC.'S ANSWER TO COMPLAINT

## SERVICE LIST

*IN RE: Consolidated Employer Management Solutions, a California corporation*
USBC, Central District of California, Case No. 8:07-bk-10992 RK
*Real Time Staffing Inc., et al. v. Coastal, Inc., a California Corporation, et al.*
Adversary Number 07-ap-01105-RK

**Counsel for Defendant Robert J. Anderson, Jr.**
Donald K. Jorgensen, Esq.
Law Offices of Donald K. Jorgensen
Three Pointe Drive, Suite 302
Brea, CA 92821
Fax: (714) 672-9799

**Counsel for Plaintiffs in State Court Action**
Drew E. Pomerance, Esq.
Michael B. Adreani, Esq.
Michael H. Raichelson, Esq.
ROXBOROUGH, POMERANCE & NYE, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91367
mhr@rpnlaw.com
Fax: (818) 992-7551