1  Drew E. Pomerance, State Bar No. 101239
   Michael B. Adreani, State Bar No. 194991
2  Michael H. Raichelson, State Bar No. 174607
   **ROXBOROUGH, POMERANCE & NYE, LLP**
3  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
4  Telephone:  (818) 992-9999
   Facsimile:  (818) 992-9991
5  dep@rpnlaw.com
   mba@rpnlaw.com
6  mhr@rpnlaw.com

7  Attorneys for Plaintiffs, REAL TIME STAFFING, INC.,
   KOOSHAREM CORPORATION, NEW STAFF, INC.,
8  KT, INC., PAY SERVICES, INC. PBT, INC., and
   D. STEPHEN SORENSEN

FILED

SEP 1 0 2007

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIF.
BY          DEPUTY

9
                  UNITED STATES BANKRUPTCY COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                       SANTA ANA DIVISION
12

13  | IN RE: | Case No. 8:07-BK-10992 RK |
14  | CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, A CALIFORNIA CORPORATION | (Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995) |
15  | | |
16  | DEBTOR AND DEBTOR-IN-POSSESSION | Chapter 11 Proceeding |
17  | | |
18  | REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC., a California corporation, and D. STEPHEN SORENSEN, an individual, | Adv. No. 07-01105 RK **PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM** |

19
20
21
22
                       Plaintiffs,
23
                  v.
24
     COASTAL EMPLOYERS, INC., a California
25   corporation, ROBERT J. ANDERSON, an
     individual, and Does 1 through 100, inclusive,
26
                       Defendants.
27

28

                                    1
**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1   **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRTUPCY**

2   **JUDGE, AND INTERESTED PARTIES:**

3     For its Answer to the Counter-Claim, Plaintiffs/Counter-Defendants, KOOSHAREM

4   CORPORATION, PBT, INC., NEW STAFF, INC., KT, INC., PAY SERVICES, INC., AND REAL

5   TIME STAFFING, INC. (collectively referred to as "Plaintiffs" unless specified otherwise) respond

6   as follows:

7     1.  In answer to Paragraph 1, Plaintiffs are informed and believe that the allegations

8   contained in said paragraph are true and on that basis admit the allegations therein.

9     2.  In answer to Paragraph 2, Plaintiffs are informed and believe that the allegations

10  contained in said paragraph are true and on that basis admit the allegations therein.

11    3.  In answer to Paragraph 3, Plaintiffs are without knowledge or information sufficient

12  to form a belief as to the truth of the allegations contained therein, and on that basis deny each and

13  every allegation contained therein.

14    4.  In answer to Paragraph 4, Plaintiffs admit the allegations contained therein.

15    5.  In answer to Paragraph 5, Plaintiffs admit the allegations contained therein.

16    6.  In answer to Paragraph 6, Plaintiffs admit the allegations contained therein.

17    7.  In answer to Paragraph 7, Plaintiffs admit the allegations contained therein.

18    8.  In answer to Paragraph 8, Plaintiffs admit the allegations contained therein.

19    9.  In answer to Paragraph 9, Plaintiffs admit the allegations contained therein.

20    10.  In answer to Paragraph 10, the allegations in said paragraph do not require a response

21  in that they state a legal conclusion.

22    11.  In answer to Paragraph 11, Plaintiffs admit that venue and jurisdiction are proper for

23  this Court because this matter was removed from a state court where venue and jurisdiction were

24  proper.  As to the remaining allegations, said allegations do not require a response in that they state a

25  legal conclusion.  If a response is required at a later time, Plaintiffs reserve the right to amend this

26  answer.

27    12.  In answer to Paragraph 12, Plaintiffs admit the allegations contained therein.

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

13.    In answer to Paragraph 13, said Paragraph does not require a response. If a response is required at a later time, Plaintiffs reserve the right to amend this answer.

14.    In answer to Paragraph 14, Plaintiffs are informed and believe that the allegations in said Paragraph are true and on that basis admit the allegations contained therein.

15.    In answer to Paragraph 15, said allegations do not require a response in that they state a legal conclusion. If a response is required at a later time, Plaintiffs reserve the right to amend this answer.

16.    In answer to Paragraph 16, said allegations do not require a response in that they state a legal conclusion. If a response is required at a later time, Plaintiffs reserve the right to amend this answer.

17.    In answer to Paragraph 17, the document referenced in said Paragraph speaks for itself.

18.    In answer to Paragraph 18, Plaintiffs are informed and believe that Coastal provided staffing services to clients and on that basis and to that extent, Plaintiffs admit said allegations. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

19.    In answer to Paragraph 19, Plaintiffs are informed and believe that Coastal provided staffing services to clients and on that basis and to that extent, Plaintiffs admit said allegations. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

20.    In answer to Paragraph 20, the document referenced in said Paragraph speaks for itself. As to the remaining allegations, Plaintiffs are informed and believe that Coastal procured workers' compensation coverage for the workers subject to said document, and on that basis admit the remaining allegations contained therein.

21.    In answer to Paragraph 21, the document referenced in said Paragraph speaks for itself.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1    22.    In answer to Paragraph 22, the documents referenced in said Paragraph speak for

2    themselves.

3    23.    In answer to Paragraph 23, the documents referenced in said Paragraph speak for

4    themselves.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations contained therein,

6    and on that basis deny each and every remaining allegation contained therein.

7    24.    In answer to Paragraph 24, the document referenced in said Paragraph speaks for

8    itself.  As to the remaining allegations in said Paragraph, Plaintiffs are informed and believe that

9    Robert J. Anderson, Jr. sent a letter to Plaintiffs and on that basis admit said allegations.

10    25.    In answer to Paragraph 25, the document referenced in said Paragraph speaks for

11    itself.

12    26.    In answer to Paragraph 26, the document referenced in said Paragraph speaks for

13    itself.

14    27.    In answer to Paragraph 27, the document referenced in said Paragraph speaks for

15    itself.

16    28.    In answer to Paragraph 28, Plaintiffs admit that amounts were paid to Coastal

17    pursuant to the terms and conditions of the parties' agreements.  As to the remaining allegations in

18    said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the

19    truth of the remaining allegations contained therein, and on that basis deny each and every remaining

20    allegation contained therein.

21    29.    In answer to Paragraph 29, the document referenced in said Paragraph speaks for

22    itself.

23    30.    In answer to Paragraph 30, the document referenced in said Paragraph speaks for

24    itself.

25    31.    In answer to Paragraph 31, Plaintiffs can neither admit nor deny the allegations in

26    said Paragraph in that the allegations are vague and ambiguous.

27    32.    In answer to Paragraph 32, Plaintiffs admit that Coastal procured workers'

28    compensation insurance for workers covered by the parties' agreement for said time period.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

33.     In answer to Paragraph 33, Plaintiffs admit that Coastal procured workers' compensation insurance for workers covered by the parties' agreement for said time period. However, Coastal failed and/or refused to continually maintain workers' compensation insurance through AIG for all of the years covered by all of the parties' agreements notwithstanding the parties' agreements.

34.     In answer to Paragraph 34, the document referenced in said Paragraph speaks for itself.

35.     In answer to Paragraph 35, the document referenced in said Paragraph speaks for itself.

36.     In answer to Paragraph 36, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein absent a complete and thorough accounting by Coastal as to whether monies were used for their intended purpose, and on that basis deny each and every remaining allegation contained therein.

37.     In answer to Paragraph 37, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein absent a complete and thorough accounting by Coastal as to whether monies were used for their intended purpose, and on that basis deny each and every allegation contained therein.  Plaintiffs admit that demands were made upon Plaintiffs from Coastal for additional monies.

38.     In answer to Paragraph 38, Plaintiffs deny the allegations contained in said Paragraph.

39.     In answer to Paragraph 39, the document referenced in said Paragraph speaks for itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

40.     In answer to Paragraph 40, the document referenced in said Paragraph speaks for itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1    41.    In answer to Paragraph 40, the document referenced in said Paragraph speaks for

2    itself.    As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

3    information sufficient to form a belief as to the truth of the remaining allegations contained therein,

4    and on that basis deny each and every remaining allegation contained therein.

5    42.    In answer to Paragraph 42, the documents referenced in said Paragraph speak for

6    themselves.    As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

7    information sufficient to form a belief as to the truth of the remaining allegations contained therein,

8    and on that basis deny each and every remaining allegation contained therein.

9    43.    In answer to Paragraph 43, Plaintiffs are without knowledge or information sufficient

10    to form a belief as to the truth of the allegations contained therein and on that basis deny each and

11    every allegation contained therein.    Plaintiffs reserve their right to amend this answer if information

12    confirming dates, participants, and the alleged purpose of the conference call are discovered.

13    44.    In answer to Paragraph 44, Plaintiffs admit that various communiqués were

14    transmitted between the parties over the years.    Without further information as to the time and

15    contents of the purported e-mail, Plaintiffs are without knowledge or information sufficient to form

16    a belief as to the truth of the allegations contained therein and on that basis deny each and every

17    allegation contained therein.

18    45.    In answer to Paragraph 45, the document referenced in said Paragraph speaks for

19    itself.

20    46.    In answer to Paragraph 46, the document referenced in said Paragraph speaks for

21    itself.

22    47.    In answer to Paragraph 47, the document referenced in said Paragraph speaks for

23    itself.

24    48.    In answer to Paragraph 48, the document referenced in said Paragraph speaks for

25    itself.    As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

26    information sufficient to form a belief as to the truth of the remaining allegations contained therein,

27    and on that basis deny each and every remaining allegation contained therein.

28

PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM

1    49.    In answer to Paragraph 49, the document referenced in said Paragraph speaks for

2 itself.    As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

3 information sufficient to form a belief as to the truth of the remaining allegations contained therein,

4 and on that basis deny each and every remaining allegation contained therein.

5    50.    In answer to Paragraph 50, Plaintiffs admit that they executed the Confidential

6 Settlement Agreement and General Release which is the subject of Plaintiffs' Complaint. As to the

7 remaining allegations in said paragraph, Plaintiffs are without knowledge or information sufficient

8 to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny

9 each and every remaining allegation contained therein.

10    51.    In answer to Paragraph 51, Plaintiffs admit that they executed the Confidential

11 Settlement Agreement and General Release which is the subject of Plaintiffs' Complaint.

12    52.    In answer to Paragraph 52, Plaintiffs are without knowledge or information sufficient

13 to form a belief as to the truth of the allegations contained therein and on that basis deny each and

14 every allegation contained therein.

15    53.    In answer to Paragraph 53, the document referenced in said Paragraph speaks for

16 itself.    As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

17 information sufficient to form a belief as to the truth of the remaining allegations contained therein,

18 and on that basis deny each and every remaining allegation contained therein.

19    54.    In answer to Paragraph 54, Plaintiffs are without knowledge or information sufficient

20 to form a belief as to the truth of the allegations contained therein and on that basis deny each and

21 every allegation contained therein.

22    55.    In answer to Paragraph 55, Plaintiffs admit that notwithstanding the parties'

23 agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG. As

24 to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information

25 sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that

26 basis deny each and every remaining allegation contained therein.

27

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

56.    In answer to Paragraph 56, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis deny each and every allegation contained therein.

57.    In answer to Paragraph 57, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis deny each and every allegation contained therein.

58.    In answer to Paragraph 58, Plaintiffs admit that notwithstanding the parties' agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

59.    In answer to Paragraph 59, Plaintiffs admit that notwithstanding the parties' agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

60.    In answer to Paragraph 60, Plaintiffs admit that notwithstanding the parties' agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

61.    In answer to Paragraph 61, the document referenced in said Paragraph speaks for itself.

62.    In answer to Paragraph 62, Plaintiffs admit the allegations contained therein.

63.    In answer to Paragraph 63, Plaintiffs deny that "in light of subsequent developments" the $1,000,000 was not paid. In the May 1, 2006 Staff Servicing Agreement, Coastal agreed to secure and maintain workers' compensation insurance through AIG for Plaintiffs' benefit, and Plaintiffs are informed and believe and thereon allege that the Settlement Agreement referenced in

PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM

1  the Counter-Claim was procured by fraud and Plaintiffs could not receive an adequate accounting

2  from Coastal concerning Plaintiffs' funds under the May 1, 2006 Staff Servicing Agreement.

3      64.      In answer to Paragraph 64, the document referenced in said Paragraph speaks for

4  itself.

5      65.      In answer to Paragraph 65, Plaintiffs deny the allegations contain in said paragraph to

6  the extent that it states that Coastal was acting in accordance with the Settlement Agreement in that

7  the Settlement Agreement was procured by fraud and the legal ramifications concerning Coastal's

8  fraud have yet to be determined.

9      66.      In answer to Paragraph 66, Plaintiffs admit that they made a payment under the

10  Settlement Agreement.  As to the remaining allegations in said paragraph, Plaintiffs deny each and

11  every remaining allegation in that Coastal, not Plaintiffs, breached the Settlement Agreement.

12      67.      In answer to Paragraph 67, Plaintiffs repeats, reiterates and re-alleges each and every

13  admission, denial and/or statement set forth in Paragraphs 1 – 66 with the same force and effect as if

14  fully set forth hereafter.

15      68.      In answer to Paragraph 68, Plaintiffs deny the allegations contained therein.

16      69.      In answer to Paragraph 69, Plaintiffs can neither admit nor deny the allegations in

17  said paragraph in that said allegations are vague and ambiguous.

18      70.      In answer to Paragraph 70, the document referenced in said Paragraph speaks for

19  itself.

20      71.      In answer to Paragraph 71, Plaintiffs admit that they paid monies to Coastal over the

21  years of the parties' relationship.

22      72.      In answer to Paragraph 72, Plaintiffs are without knowledge or information sufficient

23  to form a belief as to the truth of the allegations contained therein at this time, and on that basis deny

24  each and every remaining allegation contained therein.  Plaintiffs reserve their right to amend this

25  answer after a complete review of the records and discovery necessary to admit or deny the

26  allegations has been conducted.

27

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1    73.    In answer to Paragraph 73, Plaintiffs deny the allegations contained in said Paragraph

2    to the extent that there is a dispute concerning that amounts owing between the parties and whether

3    Coastal used monies paid to it by Plaintiffs for their intended purposes.

4    74.    In answer to Paragraph 74, Plaintiffs admit that communiqués were received from

5    Coastal during the time period referenced in said Paragraph.    Plaintiffs deny whether said

6    communiqués were appropriate or warranted under the circumstances.

7    75.    In answer to Paragraph 75, Plaintiffs admit that they executed the Settlement

8    Agreement.

9    76.    In answer to Paragraph 76, the Settlement Agreement speaks for itself.

10    77.    In answer to Paragraph 77, Plaintiffs admit that they paid the first installment

11    pursuant to the terms and conditions of the Settlement Agreement.

12    78.    In answer to Paragraph 78, Plaintiffs deny that they were obligated to make the

13    second installment in that the Settlement Agreement was procured by fraud, Plaintiffs did not

14    receive an adequate accounting from Coastal concerning Plaintiffs' funds, and Coastal failed to

15    secure and/or maintain workers' compensation insurance through AIG.

16    79.    In answer to Paragraph 79, Plaintiffs deny that they were obligated to make the

17    second installment in that the Settlement Agreement was procured by fraud, Plaintiffs did not

18    receive an adequate accounting from Coastal concerning Plaintiffs' funds, and Coastal failed to

19    secure and/or maintain workers' compensation insurance through AIG.

20    80.    In answer to Paragraph 80, Plaintiffs deny the allegations contained therein.

21    81.    In answer to Paragraph 81, Plaintiffs deny the allegations contained therein.

22    82.    In answer to Paragraph 82, Plaintiffs repeats, reiterates and re-alleges each and every

23    admission, denial and/or statement set forth in Paragraphs 1 – 81 with the same force and effect as if

24    fully set forth hereafter.

25    83.    In answer to Paragraph 83, the Settlement Agreement speaks for itself.

26    84.    In answer to Paragraph 84, Plaintiffs are informed and believe and thereon allege that

27    they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on that

28    basis admit the allegations contained in Paragraph 84.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1       85.    In answer to Paragraph 85, Plaintiffs can neither admit nor deny the allegations in

2  said Paragraph in that said allegations are vague and ambiguous.

3       86.    In answer to Paragraph 86, Plaintiffs are informed and believe and thereon allege that

4  they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on that

5  basis admit the allegations contained in Paragraph 86.

6       87.    In answer to Paragraph 87, Plaintiffs are without knowledge or information sufficient

7  to form a belief as to the truth of the allegations contained therein at this time, and on that basis deny

8  each and every remaining allegation contained therein.

9       88.    In answer to Paragraph 88, Plaintiffs admit that they have received communiqués

10  from Coastal in December of 2006 and continuing into 2007.  Plaintiffs deny that the interpretation

11  of said communiqués as suggested by Coastal is accurate.

12       89.    In answer to Paragraph 89, Plaintiffs admit that they executed the Settlement

13  Agreement on or about January 2, 2007.

14       90.    In answer to Paragraph 90, the document referenced in said Paragraph speaks for

15  itself.

16       91.    In answer to Paragraph 91, Plaintiffs admit that they made the first installment

17  payment in a timely manner.

18       92.    In answer to Paragraph 92, Plaintiffs deny that they failed to adhere to the

19  requirements of the Settlement Agreement in that the Settlement Agreement was procured by fraud,

20  Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and

21  Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

22       93.    In answer to Paragraph 93, Plaintiffs deny that they defaulted on the Settlement

23  Agreement.

24       94.    In answer to Paragraph 94, Plaintiffs deny that they had an obligation to pay the

25  second installment in that the Settlement Agreement was procured by fraud, Coastal failed to

26  procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

27  provide an adequate accounting concerning funds paid by Plaintiffs.

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1       95.     In answer to Paragraph 95, Plaintiffs deny that the Settlement Agreement is now null

2 and void because of the reasons set forth in Coastal's communiqués. As to the remaining allegations

3 in said Paragraph, Plaintiffs deny said remaining allegations.

4       96.     In answer to Paragraph 96, Plaintiffs deny that Coastal is entitled to additional funds

5 in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

6 workers' compensation insurance through AIG, and Coastal failed to provide an adequate

7 accounting concerning funds paid by Plaintiffs.

8       97.     In answer to Paragraph 97, Plaintiffs deny all of the allegations in said Paragraph.

9       98.     In answer to Paragraph 98, Plaintiffs deny all of the allegations in said Paragraph.

10       99.     In answer to Paragraph 99, Plaintiffs deny that Coastal is entitled to the monies

11 requested in said Paragraph.

12       100.     In answer to Paragraph 100, Plaintiffs repeats, reiterates and re-alleges each and every

13 admission, denial and/or statement set forth in Paragraphs 1 – 99 with the same force and effect as if

14 fully set forth hereafter.

15       101.     In answer to Paragraph 101, Plaintiffs deny all of the allegations in said Paragraph.

16       102.     In answer to Paragraph 102, Plaintiffs can neither admit nor deny the allegations in

17 said Paragraph in that the allegations are vague and ambiguous.

18       103.     In answer to Paragraph 103, the document referenced in said Paragraph speaks for

19 itself.

20       104.     In answer to Paragraph 104, Plaintiffs are informed and believe and thereon allege

21 that they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on

22 that basis admit the allegations contained in Paragraph 104.

23       105.     In answer to paragraph 105, Plaintiffs deny that Coastal is entitled to additional funds

24 in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

25 workers' compensation insurance through AIG, and Coastal failed to provide an adequate

26 accounting concerning funds paid by Plaintiffs.

27       106.     In answer to Paragraph 106, Plaintiffs deny that Coastal is entitled to additional funds

28 in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1  workers' compensation insurance through AIG, and Coastal failed to provide an adequate

2  accounting concerning funds paid by Plaintiffs.

3      107.    In answer to Paragraph 107, Plaintiffs admit that Coastal sent communiqués to

4  Plaintiffs in or around December 2006. Plaintiffs deny that the interpretation of said communiqués

5  as suggested by Coastal is accurate.

6      108.    In answer to Paragraph 108, Plaintiffs admit that they executed the Settlement

7  Agreement on or about January 2, 2007.

8      109.    In answer to Paragraph 109, the document referenced in said Paragraph speaks for

9  itself.

10     110.    In answer to Paragraph 110, Plaintiffs admit that it made the first installment

11  payment.

12     111.    In answer to Paragraph 111, Plaintiffs deny that they were required to make the

13  second installment in that the Settlement Agreement was procured by fraud, Coastal failed to

14  procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

15  provide an adequate accounting concerning funds paid by Plaintiffs.

16     112.    In answer to Paragraph 112, Plaintiffs admit that communiqués were sent by Coastal

17  to Plaintiffs in January 2007. Plaintiffs deny that the interpretation of said communiqués as

18  suggested by Coastal is accurate. Plaintiffs also deny that Coastal is entitled to additional funds in

19  that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

20  workers' compensation insurance through AIG, and Coastal failed to provide an adequate

21  accounting concerning funds paid by Plaintiffs.

22     113.    In answer to Paragraph 113, Plaintiffs deny all of the allegations in said Paragraph.

23     114.    In answer to Paragraph 114, Plaintiffs deny all of the allegations in said Paragraph.

24     115.    In answer to Paragraph 115, Plaintiffs repeats, reiterates and re-alleges each and every

25  admission, denial and/or statement set forth in Paragraphs 1 – 114 with the same force and effect as

26  if fully set forth hereafter.

27     116.    In answer to Paragraph 116, Plaintiffs deny all of the allegations in said Paragraph in

28  that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1   they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to

2   procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

3   provide an adequate accounting concerning funds paid by Plaintiffs.

4          117.   In answer to Paragraph 117, Plaintiffs admit that they paid Coastal millions of dollars

5   during the parties' relationship. As to the remaining allegations in said Paragraph, Plaintiffs are

6   without knowledge or information sufficient to form a belief as to the truth of said allegations

7   contained therein at this time, and on that basis deny each and every remaining allegation contained

8   therein. Plaintiffs reserve the right to amend this answer after a completing accounting is performed

9   by the parties.

10         118.   In answer to Paragraph 118, Plaintiffs admit that Coastal transmitted communiqués to

11   Plaintiffs. Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is

12   accurate.

13         119.   In answer to Paragraph 119, Plaintiffs admit that they executed the Settlement

14   Agreement on or about January 2, 2007.

15         120.   In answer to Paragraph 120, the document referenced in said Paragraph speaks for

16   itself.

17         121.   In answer to Paragraph 121, Plaintiffs admit that they made the first installment

18   payment in a timely manner.

19         122.   In answer to Paragraph 122, Plaintiffs deny all of the allegations in said Paragraph in

20   that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that

21   they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to

22   procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

23   provide an adequate accounting concerning funds paid by Plaintiffs.

24         123.   In answer to Paragraph 123, Plaintiffs admit that Coastal transmitted communiqués to

25   Plaintiffs. Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is

26   accurate.

27         124.   In answer to Paragraph 124, Plaintiffs deny that they were required to make the

28   second installment payment in that Plaintiffs paid millions of dollars to Coastal during the parties'

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1   relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was

2   procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance

3   through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by

4   Plaintiffs.

5        125.   In answer to Paragraph 125, Plaintiffs deny that the Settlement Agreement is now

6   null and void because of the reasons set forth in Coastal's communiqués.  As to the remaining

7   allegations in said Paragraph, Plaintiffs deny said remaining allegations.

8        126.   In answer to Paragraph 126, Plaintiffs deny that Coastal was entitled to the second

9   installment payment in that Plaintiffs paid millions of dollars to Coastal during the parties'

10   relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was

11   procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance

12   through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by

13   Plaintiffs.

14        127.   In answer to Paragraph 127, Plaintiffs deny all of the allegations in said Paragraph.

15        128.   In answer to Paragraph 128, Plaintiffs deny all of the allegations in said Paragraph.

16        129.   In answer to Paragraph 129, Plaintiffs deny that Coastal is owed any monies in that

17   Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they

18   are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure

19   and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an

20   adequate accounting concerning funds paid by Plaintiffs.

21        130.   In answer to Paragraph 130, Plaintiffs repeats, reiterates and re-alleges each and every

22   admission, denial and/or statement set forth in Paragraphs 1 – 129 with the same force and effect as

23   if fully set forth hereafter.

24        131.   In answer to Paragraph 131, the document referenced in said Paragraph speaks for

25   itself.

26        132.   In answer to Paragraph 132, Plaintiffs can neither admit nor deny the allegations in

27   said Paragraph in that the allegations are vague and ambiguous.

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

133.    In answer to Paragraph 133, Plaintiffs admit that Coastal was required to procure worker's compensation through AIG for the employees that were the subject of the parties' agreement.

134.    In answer to Paragraph 134, the document referenced in said Paragraph speaks for itself.

135.    In answer to Paragraph 135, Plaintiffs deny that they had the obligations set forth in said Paragraph in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal had the legal obligation to pay taxes to the taxing authorities, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein at this time, and on that basis deny each and every remaining allegation contained therein.

136.    In answer to Paragraph 136, Plaintiffs repeat, reiterate and re-allege each and every admission, denial and/or statement set forth in response to Claims of Relief 1 – 4 above.

137.    In answer to Paragraph 137, Plaintiffs admit that Coastal breached the parties' agreements and unilaterally cancelled the workers' compensation insurance with AIG.  As the remaining allegations in said Paragraph, Plaintiffs deny said allegations.

138.    In answer to Paragraph 138, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

139.    In answer to Paragraph 139, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

140.    In answer to Paragraph 140, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1      141.   In answer to Paragraph 141, Plaintiffs are without knowledge or information

2 sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

3 each and every allegation contained therein.

4      142.   In answer to Paragraph 142, Plaintiffs are without knowledge or information

5 sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

6 each and every allegation contained therein.

7      143.   In answer to Paragraph 143, Plaintiffs are without knowledge or information

8 sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

9 each and every allegation contained therein.

10      144.   In answer to Paragraph 144, Plaintiffs are without knowledge or information

11 sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

12 each and every allegation contained therein.

13      145.   In answer to Paragraph 145, Plaintiffs are without knowledge or information

14 sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

15 each and every allegation contained therein.

16      146.   In answer to Paragraph 146, Plaintiffs admit that the parties had discussions in

17 January 2007. Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is

18 accurate.

19      147.   In answer to Paragraph 147, Plaintiffs admit that following execution of the

20 Settlement Agreement on or about January 2, 2007, Plaintiffs did not enter into any further

21 settlements with Coastal. As to the remaining allegations in said Paragraph, Plaintiffs deny said

22 allegations.

23      148.   In answer to Paragraph 148, Plaintiffs admit that counsel for Coastal transmitted

24 communiqués to Plaintiffs on that basis admit the allegations contained in Paragraph 148. Plaintiffs

25 deny that the interpretation of said communiqués as suggested by Coastal is accurate.

26      149.   In answer to Paragraph 149, Plaintiffs are informed and believe that no further

27 payments required after the first installment payment was dispatched in that Coastal had the legal

28 obligation to pay taxes to the taxing authorities, Coastal claims that they are over-collateralized, the

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1    Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers'

2    compensation insurance through AIG, and Coastal failed to provide an adequate accounting

3    concerning funds paid by Plaintiffs.

4         150.    In answer to Paragraph 150, Plaintiffs are without knowledge or information

5    sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

6    each and every allegation contained therein.

7         151.    In answer to Paragraph 151, Plaintiffs are without knowledge or information

8    sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

9    each and every allegation contained therein.

10        152.    In answer to Paragraph 152, Plaintiffs are without knowledge or information

11   sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

12   each and every allegation contained therein.

13        153.    In answer to Paragraph 153, Plaintiffs are without knowledge or information

14   sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

15   each and every allegation contained therein.

16        154.    In answer to Paragraph 154, Plaintiffs are without knowledge or information

17   sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

18   each and every allegation contained therein.

19        155.    In answer to Paragraph 155, Plaintiffs are without knowledge or information

20   sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

21   each and every allegation contained therein.

22        156.    In answer to Paragraph 156, Plaintiffs neither admit nor deny the allegations

23   contained in said Paragraph in that it calls for legal conclusion.

24        157.    In answer to Paragraph 157, Plaintiffs are without knowledge or information

25   sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

26   each and every allegation contained therein.

27

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

1    158.    In answer to Paragraph 158, Plaintiffs are without knowledge or information

2  sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

3  each and every allegation contained therein.

4    159.    In answer to Paragraph 159, the documents referenced in said Paragraph speak for

5  themselves.

6    160.    In answer to Paragraph 160, the parties' relationship irretrievably broke down in

7  January 2007 in that the Settlement Agreement was procured by fraud, Coastal failed to procure

8  and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an

9  adequate accounting concerning funds paid by Plaintiffs.  On that basis, Plaintiffs are informed and

10  believe that they were not required to transmit payroll data to Coastal and on that basis deny the

11  allegations contained in Paragraph 160.

12    161.    In answer to Paragraph 161, Plaintiffs are without knowledge or information

13  sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

14  each and every allegation contained therein.

15    162.    In answer to Paragraph 162, Plaintiffs deny the allegations contained in said

16  Paragraph.

17    163.    In answer to Paragraph 163, Plaintiffs deny the allegations contained in said

18  Paragraph.

19    164.    In answer to Paragraph 164, Plaintiffs deny the allegations contained in said

20  Paragraph.

21    165.    In answer to Paragraph 165, Plaintiffs are without knowledge or information

22  sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny

23  each and every allegation contained therein.

24  ///

25  ///

26  ///

27  ///

28  ///

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Estoppel)

1.    As a first affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by the Doctrine of Estoppel.

### Second Affirmative Defense

### (Laches)

2.    As a second affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by the Doctrine of Laches.

### Third Affirmative Defense

### (Waiver)

3.    As a third affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part on the basis of waiver.

### Fourth Affirmative Defense

### (Failure to State a Cause of Action)

4.    As a fourth affirmative defense, Plaintiffs allege that Coastal's Counter-Claim and each cause of action therein fail to state facts sufficient to constitute a cause of action against Plaintiffs.

### Fifth Affirmative Defense

### (Accord and Satisfaction)

5.    As a fifth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by accord and satisfaction.

### Sixth Affirmative Defense

### (Novation)

6.    As a sixth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by novation.

///

///

///

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

**Seventh Affirmative Defense**

**(Unclean Hands)**

7.      As a seventh affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by the doctrine of unclean hands.

**Eighth Affirmative Defense**

**(Release)**

8.      As an eighth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by a release.

**Ninth Affirmative Defense**

**(Condition Precedent)**

9.      As a ninth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by Coastal's own failure to perform the obligations required under the parties' agreements.

**Tenth Affirmative Defense**

**(Superseding Cause)**

10.     As a tenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that Coastal prevented Plaintiffs and others from performing their obligations under the relevant agreements.

**Eleventh Affirmative Defense**

**(Set Off)**

11.     As an eleventh affirmative defense, Plaintiffs allege that any failure on their part to perform the obligations described in the Counter-Claim are excusable by Coastal's own breach of parties' agreements contract.  As a result of said breach, Plaintiffs have suffered damages and said damages constitute a set off to any amount that Coastal may be found entitled to.

**Twelfth Affirmative Defense**

**(Failure to Comply with Contractual Terms and Conditions)**

12.     As a twelfth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by reason that it failed and refused to comply with the terms and conditions of the parties' agreements.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

**Thirteenth Affirmative Defense**

**(No Duty to Indemnify)**

13.     As a thirteenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that Plaintiffs have no duty to indemnify Coastal for the damages alleged in the Counter-Claim.

**Fourteenth Affirmative Defense**

**(Mitigation)**

14.     As a fourteenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that Coastal failed, neglected and refused to mitigate the damages alleged in its Counter-Claim.

**Fifteenth Affirmative Defense**

**(Excuse)**

15.     As a fifteenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that any failure on the part of Plaintiffs or others to perform their obligations and/or contractual duties described in the Counter-Claim are excused by Coastal's own breach of its duties and/or obligations under the parties' agreements.

**Sixteenth Affirmative Defense**

**(Performance)**

16.     As a sixteenth affirmative defense, Plaintiffs allege that they have paid, satisfied, or discharged all duties and obligations they owe to Coastal arising out of the parties' agreements, representations and/or contracts made by or on behalf of Plaintiffs.

**Seventeenth Affirmative Defense**

**(Good Faith)**

17.     As a seventeenth affirmative defense, Plaintiffs allege that they have acted reasonably and in good faith with regard to the acts and transactions which are the subject of Coastal's Counter-Claim.

///

///

///

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**

**Eighteenth Affirmative Defense**

**(Monies Paid)**

18.    As an eighteenth affirmative defense, Plaintiffs allege that they have paid monies to Coastal pursuant to, among other things, the Settlement Agreement and Plaintiffs should receive a credit for said monies in this action.

**Nineteenth Affirmative Defense**

**(Incorporation by Reference)**

19.    As a nineteenth affirmative defense, Plaintiffs hereby incorporate by reference all of the allegations of their Complaint as fully set forth herein.

**Twentieth Affirmative Defense**

**(General)**

20.    As a nineteenth affirmative defense, Plaintiffs reserve the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

1.    Dismiss each of Coastal's claims with prejudice;

2.    Enter an order that Coastal take nothing;

3.    Award Plaintiffs costs of suit incurred herein;

4.    Award Plaintiffs for attorney's fees incurred herein; and

5.    Award such other and further relief as the Court deems just and proper.

Dated: September 10, 2007          ROXBOROUGH, POMERANCE & NYE, LLP

By: _____
        Drew E. Pomerance, Esq.
        Michael B. Adreani, Esq.
        Michael H. Raichelson, Esq.
Attorneys for Plaintiffs, REAL TIME STAFFING, INC.,
KOOSHAREM CORPORATION, NEW STAFF, INC., KT,
INC., PAY SERVICES, INC. PBT, INC., and D. STEPHEN
SORENSEN

23

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

On September 10, 2007, I served the foregoing document described as **PLAINITFFS' ANSWER TO COUNTER-CLAIMANT COASTAL EMPLOYERS, INC.'S COUNTER-CLAIM**, on the interested parties in this action who are identified below, using the following means of service as indicated below:

## SEE ATTACHED SERVICE LIST.

☒ **BY U.S. MAIL:** I placed a true copy of the foregoing document in sealed envelopes individually addressed to each of the parties listed on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the addressee listed on the attached service list.

☐ **STATE**: I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 10, 2007**, at Woodland Hills, California.

_____
ELIA RAMIREZ

- 1 -

# SERVICE LIST

1

2

**Attorneys for Debtor and Debtor-in-Possession**

3

Robert P. Goe, Esq.

4

Marc C. Forsythe, Esq.
GOE & FORSYTHE, LLP

5

660 Newport Center Drive, Suite 320
Newport Beach, CA 92660

6

Telephone No.  (949) 467-3780
Facsimile No.   (949) 721-0409

7

8

Evan Borges, Esq.

9

Irell & Manella, LLP
840 Newport Center Drive

10

Suite 400

11

Newport Beach, CA 92660-6324
Telephone:  (949) 760-5295

12

Facsimile:  (949) 760-5200
eborges@irell.com

13

14

**Attorney for Robert J. Anderson, Jr.**

15

Donald K. Jorgenson, Esq.
Three Pointe Drive

16

Suite 302

17

Brea, CA 92821
Facsimile:  (714) 672-9799

18

19

20

21

22

23

24

25

26

27

28

**Office of the United States Trustee**
United States Trustee
411 West Fourth Street, #9041
Santa Ana, CA 92701-8000
Facsimile No. (714)  338-3421
nancy.goldenberg@usdoj.gov
Frank.Cadigan@usdoj.gov