1   Drew E. Pomerance, Esq. (SBN 101239)
    Michael L. Phillips, Esq. (SBN 232978)
2   **ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP**
    5820 Canoga Avenue, Suite 250
3   Woodland Hills, California 91367
    Telephone:  (818) 992-9999
4   Facsimile:  (818) 992-9991
    dep@rpnlaw.com
5   mlp@rpnlaw.com

6   Attorneys for Plaintiffs/Cross-Defendants, REAL TIME STAFFING, INC.,
    KOOSHAREM CORPORATION, NEW STAFF, INC.,
7   KT, INC., PAY SERVICES, INC. PBT, INC., and
    D. STEPHEN SØRENSEN

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

| | |
|---|---|
| 11   IN RE: | Case No. 8:07-BK-10992 RK |
| 12   CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, A | (Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995) |
| 13   CALIFORNIA CORPORATION | Chapter 7 Proceeding |
| 14   DEBTOR AND DEBTOR-IN-POSSESSION | Adv. No. 8:07-ap-01105 RK |
| 15   REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, | **PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM** |
| 16   a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California | |
| 17   corporation, PAY SERVICES, INC., a California corporation, PBT, INC., a California | |
| 18   corporation, and D. STEPHEN SORENSEN, an individual, | |
| 19   | |
| 20             Plaintiffs, | |
| 21          v. | |
| 22   COASTAL EMPLOYERS, INC., a California corporation, ROBERT J. ANDERSON, an | |
| 23   individual, and Does 1 through 100, inclusive, | |
| 24             Defendants. | |

25

26

27

28                                1

---

1  | KAREN S. NAYLOR, Chapter 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a
2  | California corporation),

3  |         Counter-Claimant,

4  |     v.

5  | KOOSHAREM CORPORATION, PROFESSIONAL BUSINESS
6  | TECHNOLOGIES, INC., aka PBT, INC; NEW STAFF, INC., KT, INC., PAY SERVICES,
7  | CORP., REAL TIME STAFFING SERVICES, INC., D. STEPHEN SORENSEN, an individual,
8  | and ROES 1 through 100, inclusive.

9  |         Counter-Defendants.

10 | **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRTUPCY JUDGE,**

11 | **AND INTERESTED PARTIES:**

12 |     For its Answer to the First Amended Counter-Claim filed by KAREN S. NAYLOR, Chapter

13 | 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a California corporation),

14 | Plaintiffs/Counter-Defendants, KOOSHAREM CORPORATION, PBT, INC., NEW STAFF, INC.,

15 | KT, INC., PAY SERVICES, INC., AND REAL TIME STAFFING, INC. (collectively referred to as

16 | "Plaintiffs" unless specified otherwise) respond as follows:

17 |     1.    In answer to Paragraph 1, Plaintiffs are informed and believe that the allegations

18 | contained in said paragraph are true and on that basis admit the allegations therein.

19 |     2.    In answer to Paragraph 2, Plaintiffs are informed and believe that the allegations

20 | contained in said paragraph are true and on that basis admit the allegations therein.

21 |     3.    In answer to Paragraph 3, Plaintiffs are without knowledge or information sufficient

22 | to form a belief as to the truth of the allegations contained therein, and on that basis deny each and

23 | every allegation contained therein.

24 |     4.    In answer to Paragraph 4, Plaintiffs admit the allegations contained therein.

25 |     5.    In answer to Paragraph 5, Plaintiffs admit the allegations contained therein.

26 |     6.    In answer to Paragraph 6, Plaintiffs admit the allegations contained therein.

27 |     7.    In answer to Paragraph 7, Plaintiffs admit the allegations contained therein.

28 |

1     8.     In answer to Paragraph 8, Plaintiffs admit the allegations contained therein.

2     9.     In answer to Paragraph 9, Plaintiffs admit the allegations contained therein.

3     10.     In answer to Paragraph 10, plaintiffs admit that D. Stephen Sorensen is an individual

4     and resident of the state of California. As to the remaining allegations in Paragraph 10, Plaintiffs

5     can neither admit nor deny the allegations in said Paragraph in that the allegations are vague and

6     ambiguous.

7     11.     In answer to Paragraph 11, the allegations in said paragraph do not require a response

8     in that they state a legal conclusion.

9     12.     In answer to Paragraph 12, Plaintiffs admit that venue and jurisdiction are proper for

10     this Court because this matter was removed from a state court where venue and jurisdiction were

11     proper. As to the remaining allegations, said allegations do not require a response in that they state

12     a legal conclusion. If a response is required at a later time, Plaintiffs reserve the right to amend this

13     answer.

14     13.     In answer to Paragraph 13, Plaintiffs admit the allegations contained therein.

15     14.     In answer to Paragraph 14, said Paragraph does not require a response. If a response

16     is required at a later time, Plaintiffs reserve the right to amend this answer.

17     15.     In answer to Paragraph 15, Plaintiffs are informed and believe that the allegations in

18     said Paragraph are true and on that basis admit the allegations contained therein.

19     16.     In answer to Paragraph 16, said allegations do not require a response in that they

20     state a legal conclusion. If a response is required at a later time, Plaintiffs reserve the right to amend

21     this answer.

22     17.     In answer to Paragraph 17, said allegations do not require a response in that they

23     state a legal conclusion. If a response is required at a later time, Plaintiffs reserve the right to amend

24     this answer.

25     18.     In answer to Paragraph 18, the document referenced in said Paragraph speaks for

26     itself.

27     ///

28

3

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

19.    In answer to Paragraph 19, Plaintiffs are informed and believe that Coastal provided staffing services to clients and on that basis and to that extent, Plaintiffs admit said allegations. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

20.    In answer to Paragraph 20, Plaintiffs are informed and believe that Coastal provided staffing services to clients and on that basis and to that extent, Plaintiffs admit said allegations. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

21.    In answer to Paragraph 21, the document referenced in said Paragraph speaks for itself. As to the remaining allegations, Plaintiffs are informed and believe that Coastal procured workers' compensation coverage for the workers subject to said document, and on that basis admit the remaining allegations contained therein.

22.    In answer to Paragraph 22, the document referenced in said Paragraph speaks for itself.

23.    In answer to Paragraph 23, the documents referenced in said Paragraph speak for themselves.

24.    In answer to Paragraph 24, the documents referenced in said Paragraph speak for themselves. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

25.    In answer to Paragraph 25, the document referenced in said Paragraph speaks for itself. As to the remaining allegations in said Paragraph, Plaintiffs are informed and believe that Robert J. Anderson, Jr. sent a letter to Plaintiffs and on that basis admit said allegations.

26.    In answer to Paragraph 26, the document referenced in said Paragraph speaks for itself.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1         27.    In answer to Paragraph 27, the document referenced in said Paragraph speaks for

2    itself.

3         28.    In answer to Paragraph 28, the document referenced in said Paragraph speaks for

4    itself.

5         29.    In answer to Paragraph 29, Plaintiffs admit that amounts were paid to Coastal

6    pursuant to the terms and conditions of the parties' agreements.  As to the remaining allegations in

7    said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the

8    truth of the remaining allegations contained therein, and on that basis deny each and every

9    remaining allegation contained therein.

10        30.    In answer to Paragraph 30, the document referenced in said Paragraph speaks for

11   itself.

12        31.    In answer to Paragraph 31, the document referenced in said Paragraph speaks for

13   itself.  As to the remaining allegations in Paragraph 31, Plaintiffs can neither admit nor deny the

14   allegations in said Paragraph in that the allegations are vague and ambiguous.

15        32.    In answer to Paragraph 32, Plaintiffs admit that Coastal procured workers'

16   compensation insurance for workers covered by the parties' agreement for said time period.

17        33.    In answer to Paragraph 33, Plaintiffs admit that Coastal procured workers'

18   compensation insurance for workers covered by the parties' agreement for said time period.

19   However, Coastal failed and/or refused to continually maintain workers' compensation insurance

20   through AIG for all of the years covered by all of the parties' agreements notwithstanding the

21   parties' agreements.

22        34.    In answer to Paragraph 34, the document referenced in said Paragraph speaks for

23   itself.

24        35.    In answer to Paragraph 35, the document referenced in said Paragraph speaks for

25   itself.

26        36.    In answer to Paragraph 36, Plaintiffs are without knowledge or information sufficient

27   to form a belief as to the truth of the allegations contained therein absent a complete and thorough

28

1   accounting by Coastal as to whether monies were used for their intended purpose, and on that basis

2   deny each and every remaining allegation contained therein.

3       37.    In answer to Paragraph 37, Plaintiffs are without knowledge or information sufficient

4   to form a belief as to the truth of the allegations contained therein absent a complete and thorough

5   accounting by Coastal as to whether monies were used for their intended purpose, and on that basis

6   deny each and every allegation contained therein.  Plaintiffs admit that demands were made upon

7   Plaintiffs from Coastal for additional monies.

8       38.    In answer to Paragraph 38, Plaintiffs deny the allegations contained in said

9   Paragraph.

10      39.    In answer to Paragraph 39, the document referenced in said Paragraph speaks for

11  itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

12  information sufficient to form a belief as to the truth of the remaining allegations contained therein,

13  and on that basis deny each and every remaining allegation contained therein.

14      40.    In answer to Paragraph 40, the document referenced in said Paragraph speaks for

15  itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

16  information sufficient to form a belief as to the truth of the remaining allegations contained therein,

17  and on that basis deny each and every remaining allegation contained therein.

18      41.    In answer to Paragraph 40, the document referenced in said Paragraph speaks for

19  itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

20  information sufficient to form a belief as to the truth of the remaining allegations contained therein,

21  and on that basis deny each and every remaining allegation contained therein.

22      42.    In answer to Paragraph 42, the documents referenced in said Paragraph speak for

23  themselves. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

24  information sufficient to form a belief as to the truth of the remaining allegations contained therein,

25  and on that basis deny each and every remaining allegation contained therein.

26  ///

27  ///

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1    43.    In answer to Paragraph 43, Plaintiffs are without knowledge or information sufficient

2  to form a belief as to the truth of the allegations contained therein and on that basis deny each and

3  every allegation contained therein.  Plaintiffs reserve their right to amend this answer if information

4  confirming dates, participants, and the alleged purpose of the conference call are discovered.

5    44.    In answer to Paragraph 44, Plaintiffs admit that various communiqués were

6  transmitted between the parties over the years.  Without further information as to the time and

7  contents of the purported e-mail, Plaintiffs are without knowledge or information sufficient to form

8  a belief as to the truth of the allegations contained therein and on that basis deny each and every

9  allegation contained therein.

10    45.    In answer to Paragraph 45, the document referenced in said Paragraph speaks for

11  itself.

12    46.    In answer to Paragraph 46, the document referenced in said Paragraph speaks for

13  itself.

14    47.    In answer to Paragraph 47, the document referenced in said Paragraph speaks for

15  itself.

16    48.    In answer to Paragraph 48, the document referenced in said Paragraph speaks for

17  itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations contained therein,

19  and on that basis deny each and every remaining allegation contained therein.

20    49.    In answer to Paragraph 49, the document referenced in said Paragraph speaks for

21  itself.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

22  information sufficient to form a belief as to the truth of the remaining allegations contained therein,

23  and on that basis deny each and every remaining allegation contained therein.

24    50.    In answer to Paragraph 50, Plaintiffs admit that they executed the Confidential

25  Settlement Agreement and General Release which is the subject of Plaintiffs' Complaint.  As to the

26  remaining allegations in said paragraph, Plaintiffs are without knowledge or information sufficient

27  to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny

28  each and every remaining allegation contained therein.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1      51.    In answer to Paragraph 51, Plaintiffs admit that they executed the Confidential

2   Settlement Agreement and General Release which is the subject of Plaintiffs' Complaint.

3      52.    In answer to Paragraph 52, Plaintiffs are without knowledge or information sufficient

4   to form a belief as to the truth of the allegations contained therein and on that basis deny each and

5   every allegation contained therein.

6      53.    In answer to Paragraph 53, the document referenced in said Paragraph speaks for

7   itself.   As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or

8   information sufficient to form a belief as to the truth of the remaining allegations contained therein,

9   and on that basis deny each and every remaining allegation contained therein.

10      54.    In answer to Paragraph 54, Plaintiffs are without knowledge or information sufficient

11   to form a belief as to the truth of the allegations contained therein and on that basis deny each and

12   every allegation contained therein.

13      55.    In answer to Paragraph 55, Plaintiffs admit that notwithstanding the parties'

14   agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG.  As

15   to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information

16   sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that

17   basis deny each and every remaining allegation contained therein.

18      56.    In answer to Paragraph 56, Plaintiffs are without knowledge or information sufficient

19   to form a belief as to the truth of the allegations contained therein and on that basis deny each and

20   every allegation contained therein.

21      57.    In answer to Paragraph 57, Plaintiffs are without knowledge or information sufficient

22   to form a belief as to the truth of the allegations contained therein and on that basis deny each and

23   every allegation contained therein.

24      58.    In answer to Paragraph 58, Plaintiffs admit that notwithstanding the parties'

25   agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG.  As

26   to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information

27   sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that

28   basis deny each and every remaining allegation contained therein.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

59.    In answer to Paragraph 59, Plaintiffs admit that notwithstanding the parties' agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

60.    In answer to Paragraph 60, Plaintiffs admit that notwithstanding the parties' agreements, Coastal obtained workers' compensation insurance from an insurer other than AIG. As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

61.    In answer to Paragraph 61, the document referenced in said Paragraph speaks for itself.

62.    In answer to Paragraph 62, Plaintiffs admit the allegations contained therein.

63.    In answer to Paragraph 63, Plaintiffs deny that "in light of subsequent developments" the $1,000,000 was not paid.  In the May 1, 2006 Staff Servicing Agreement, Coastal agreed to secure and maintain workers' compensation insurance through AIG for Plaintiffs' benefit, and Plaintiffs are informed and believe and thereon allege that the Settlement Agreement referenced in the Counter-Claim was procured by fraud and Plaintiffs could not receive an adequate accounting from Coastal concerning Plaintiffs' funds under the May 1, 2006 Staff Servicing Agreement.

64.    In answer to Paragraph 64, the document referenced in said Paragraph speaks for itself.

65.    In answer to Paragraph 65, Plaintiffs deny the allegations contain in said paragraph to the extent that it states that Coastal was acting in accordance with the Settlement Agreement in that the Settlement Agreement was procured by fraud and the legal ramifications concerning Coastal's fraud have yet to be determined.

66.    In answer to Paragraph 66, Plaintiffs admit that they made a payment under the Settlement Agreement.  As to the remaining allegations in said paragraph, Plaintiffs deny each and every remaining allegation in that Coastal, not Plaintiffs, breached the Settlement Agreement.

9

67.     In answer to Paragraph 67, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 66 with the same force and effect as if fully set forth hereafter.

68.     In answer to Paragraph 68, Plaintiffs deny the allegations contained therein.

69.     In answer to Paragraph 69, Plaintiffs can neither admit nor deny the allegations in said paragraph in that said allegations are vague and ambiguous.

70.     In answer to Paragraph 70, the document referenced in said Paragraph speaks for itself.

71.     In answer to Paragraph 71, Plaintiffs admit that they paid monies to Coastal over the years of the parties' relationship.

72.     In answer to Paragraph 72, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein at this time, and on that basis deny each and every remaining allegation contained therein.  Plaintiffs reserve their right to amend this answer after a complete review of the records and discovery necessary to admit or deny the allegations has been conducted.

73.     In answer to Paragraph 73, Plaintiffs deny the allegations contained in said Paragraph to the extent that there is a dispute concerning that amounts owing between the parties and whether Coastal used monies paid to it by Plaintiffs for their intended purposes.

74.     In answer to Paragraph 74, Plaintiffs admit that communiqués were received from Coastal during the time period referenced in said Paragraph.   Plaintiffs deny whether said communiqués were appropriate or warranted under the circumstances.

75.     In answer to Paragraph 75, Plaintiffs admit that they executed the Settlement Agreement.

76.     In answer to Paragraph 76, the Settlement Agreement speaks for itself.

77.     In answer to Paragraph 77, Plaintiffs admit that they paid the first installment pursuant to the terms and conditions of the Settlement Agreement.

///

10

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1    78.    In answer to Paragraph 78, Plaintiffs deny that they were obligated to make the

2    second installment in that the Settlement Agreement was procured by fraud, Plaintiffs did not

3    receive an adequate accounting from Coastal concerning Plaintiffs' funds, and Coastal failed to

4    secure and/or maintain workers' compensation insurance through AIG.

5    79.    In answer to Paragraph 79, Plaintiffs deny that they were obligated to make the

6    second installment in that the Settlement Agreement was procured by fraud, Plaintiffs did not

7    receive an adequate accounting from Coastal concerning Plaintiffs' funds, and Coastal failed to

8    secure and/or maintain workers' compensation insurance through AIG.

9    80.    In answer to Paragraph 80, Plaintiffs deny the allegations contained therein.

10   81.    In answer to Paragraph 81, Plaintiffs deny the allegations contained therein.

11   82.    In answer to Paragraph 82, Plaintiffs repeat, reiterates and re-alleges each and every

12   admission, denial and/or statement set forth in Paragraphs 1 -- 81 with the same force and effect as if

13   fully set forth hereafter.

14   83.    In answer to Paragraph 83, the Settlement Agreement speaks for itself.

15   84.    In answer to Paragraph 84, Plaintiffs are informed and believe and thereon allege that

16   they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on that

17   basis admit the allegations contained in Paragraph 84.

18   85.    In answer to Paragraph 85, Plaintiffs can neither admit nor deny the allegations in

19   said Paragraph in that said allegations are vague and ambiguous.

20   86.    In answer to Paragraph 86, Plaintiffs are informed and believe and thereon allege that

21   they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on that

22   basis admit the allegations contained in Paragraph 86.

23   87.    In answer to Paragraph 87, Plaintiffs are without knowledge or information sufficient

24   to form a belief as to the truth of the allegations contained therein at this time, and on that basis

25   deny each and every remaining allegation contained therein.

26   88.    In answer to Paragraph 88, Plaintiffs admit that they have received communiqués

27   from Coastal in December of 2006 and continuing into 2007.  Plaintiffs deny that the interpretation

28   of said communiqués as suggested by Coastal is accurate.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

89.     In answer to Paragraph 89, Plaintiffs admit that they executed the Settlement Agreement on or about January 2, 2007.

90.     In answer to Paragraph 90, the document referenced in said Paragraph speaks for itself.

91.     In answer to Paragraph 91, Plaintiffs admit that they made the first installment payment in a timely manner.

92.     In answer to Paragraph 92, Plaintiffs deny that they failed to adhere to the requirements of the Settlement Agreement in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

93.     In answer to Paragraph 93, Plaintiffs deny that they defaulted on the Settlement Agreement.

94.     In answer to Paragraph 94, Plaintiffs deny that they had an obligation to pay the second installment in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

95.     In answer to Paragraph 95, Plaintiffs deny that the Settlement Agreement is now null and void because of the reasons set forth in Coastal's communiqués.   As to the remaining allegations in said Paragraph, Plaintiffs deny said remaining allegations.

96.     In answer to Paragraph 96, Plaintiffs deny that Coastal is entitled to additional funds in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

97.     In answer to Paragraph 97, Plaintiffs deny all of the allegations in said Paragraph.

98.     In answer to Paragraph 98, Plaintiffs deny all of the allegations in said Paragraph.

99.     In answer to Paragraph 99, Plaintiffs deny that Coastal is entitled to the monies requested in said Paragraph.

12

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1       100.   In answer to Paragraph 100, Plaintiffs repeat, reiterates and re-alleges each and every

2 admission, denial and/or statement set forth in Paragraphs 1 – 99 with the same force and effect as if

3 fully set forth hereafter.

4       101.   In answer to Paragraph 101, Plaintiffs deny all of the allegations in said Paragraph.

5       102.   In answer to Paragraph 102, Plaintiffs can neither admit nor deny the allegations in

6 said Paragraph in that the allegations are vague and ambiguous.

7       103.   In answer to Paragraph 103, the document referenced in said Paragraph speaks for

8 itself.

9       104.   In answer to Paragraph 104, Plaintiffs are informed and believe and thereon allege

10 that they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on

11 that basis admit the allegations contained in Paragraph 104.

12       105.   In answer to paragraph 105, Plaintiffs deny that Coastal is entitled to additional funds

13 in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

14 workers' compensation insurance through AIG, and Coastal failed to provide an adequate

15 accounting concerning funds paid by Plaintiffs.

16       106.   In answer to Paragraph 106, Plaintiffs deny that Coastal is entitled to additional

17 funds in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or

18 maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate

19 accounting concerning funds paid by Plaintiffs.

20       107.   In answer to Paragraph 107, Plaintiffs admit that Coastal sent communiqués to

21 Plaintiffs in or around December 2006.  Plaintiffs deny that the interpretation of said communiqués

22 as suggested by Coastal is accurate.

23       108.   In answer to Paragraph 108, Plaintiffs admit that they executed the Settlement

24 Agreement on or about January 2, 2007.

25       109.   In answer to Paragraph 109, the document referenced in said Paragraph speaks for

26 itself.

27       110.   In answer to Paragraph 110, Plaintiffs admit that it made the first installment

28 payment.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1       111.   In answer to Paragraph 111, Plaintiffs deny that they were required to make the

2   second installment in that the Settlement Agreement was procured by fraud, Coastal failed to

3   procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

4   provide an adequate accounting concerning funds paid by Plaintiffs.

5       112.   In answer to Paragraph 112, Plaintiffs admit that communiqués were sent by Coastal

6   to Plaintiffs in January 2007.   Plaintiffs deny that the interpretation of said communiqués as

7   suggested by Coastal is accurate.   Plaintiffs also deny that Coastal is entitled to additional funds in

8   that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

9   workers' compensation insurance through AIG, and Coastal failed to provide an adequate

10  accounting concerning funds paid by Plaintiffs.

11      113.   In answer to Paragraph 113, Plaintiffs deny all of the allegations in said Paragraph.

12      114.   In answer to Paragraph 114, Plaintiffs deny all of the allegations in said Paragraph.

13      115.   In answer to Paragraph 115, Plaintiffs deny all of the allegations in said Paragraph.

14      116.   In answer to Paragraph 116, Plaintiffs repeat, reiterates and re-alleges each and every

15  admission, denial and/or statement set forth in Paragraphs 1 – 115 with the same force and effect as

16  if fully set forth hereafter.

17      117.   In answer to Paragraph 117, Plaintiffs deny all of the allegations in said Paragraph in

18  that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that

19  they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to

20  procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

21  provide an adequate accounting concerning funds paid by Plaintiffs.

22      118.   In answer to Paragraph 118, Plaintiffs admit that they paid Coastal millions of dollars

23  during the parties' relationship.   As to the remaining allegations in said Paragraph, Plaintiffs are

24  without knowledge or information sufficient to form a belief as to the truth of said allegations

25  contained therein at this time, and on that basis deny each and every remaining allegation contained

26  therein.   Plaintiffs reserve the right to amend this answer after a completing accounting is performed

27  by the parties.

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

119.   In answer to Paragraph 119, Plaintiffs admit that Coastal transmitted communiqués to Plaintiffs.  Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is accurate.

120.   In answer to Paragraph 120, Plaintiffs admit that they executed the Settlement Agreement on or about January 2, 2007.

121.   In answer to Paragraph 121, the document referenced in said Paragraph speaks for itself.

122.   In answer to Paragraph 122, Plaintiffs admit that they made the first installment payment in a timely manner.

123.   In answer to Paragraph 123, Plaintiffs deny all of the allegations in said Paragraph in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

124.   In answer to Paragraph 124, Plaintiffs admit that Coastal transmitted communiqués to Plaintiffs.  Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is accurate.

125.   In answer to Paragraph 125, Plaintiffs deny that they were required to make the second installment payment in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

126.   In answer to Paragraph 126, Plaintiffs deny that the Settlement Agreement is now null and void because of the reasons set forth in Coastal's communiqués.  As to the remaining allegations in said Paragraph, Plaintiffs deny said remaining allegations.

///

15

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

127.    In answer to Paragraph 127, Plaintiffs deny that Coastal was entitled to the second installment payment in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

128.    In answer to Paragraph 128, Plaintiffs deny all of the allegations in said Paragraph.

129.    In answer to Paragraph 129, Plaintiffs deny all of the allegations in said Paragraph.

130.    In answer to Paragraph 130, Plaintiffs deny that Coastal is owed any monies in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

131.    In answer to Paragraph 131, Plaintiffs deny all of the allegations in said Paragraph.

132.    In answer to Paragraph 132, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 131 with the same force and effect as if fully set forth hereafter.

133.    In answer to Paragraph 133, the document referenced in said Paragraph speaks for itself.

134.    In answer to Paragraph 134, Plaintiffs can neither admit nor deny the allegations in said Paragraph in that the allegations are vague and ambiguous.

135.    In answer to Paragraph 135, Plaintiffs admit that Coastal was required to procure worker's compensation through AIG for the employees that were the subject of the parties' agreement.

136.    In answer to Paragraph 136, the document referenced in said Paragraph speaks for itself.

///

16

137.    In answer to Paragraph 137, Plaintiffs deny that they had the obligations set forth in said Paragraph in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal had the legal obligation to pay taxes to the taxing authorities, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein at this time, and on that basis deny each and every remaining allegation contained therein.

138.    In answer to Paragraph 138, Plaintiffs repeat, reiterate and re-allege each and every admission, denial and/or statement set forth in response to Claims of Relief 1 – 4 above.

139.    In answer to Paragraph 139, Plaintiffs admit that Coastal breached the parties' agreements and unilaterally cancelled the workers' compensation insurance with AIG.  As the remaining allegations in said Paragraph, Plaintiffs deny said allegations.

140.    In answer to Paragraph 140, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

141.    In answer to Paragraph 141, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

142.    In answer to Paragraph 142, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

143.    In answer to Paragraph 143, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

///

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

144.    In answer to Paragraph 144, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

145.    In answer to Paragraph 145, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

146.    In answer to Paragraph 146, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

147.    In answer to Paragraph 147, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

148.    In answer to Paragraph 148, Plaintiffs admit that the parties had discussions in January 2007.  Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is accurate.

149.    In answer to Paragraph 149, Plaintiffs admit that following execution of the Settlement Agreement on or about January 2, 2007, Plaintiffs did not enter into any further settlements with Coastal.  As to the remaining allegations in said Paragraph, Plaintiffs deny said allegations.

150.    In answer to Paragraph 150, Plaintiffs admit that counsel for Coastal transmitted communiqués to Plaintiffs on that basis admit the allegations contained in Paragraph 148.  Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is accurate.

151.    In answer to Paragraph 151, Plaintiffs are informed and believe that no further payments required after the first installment payment was dispatched in that Coastal had the legal obligation to pay taxes to the taxing authorities, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

152.    In answer to Paragraph 152, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

153.    In answer to Paragraph 153, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

154.    In answer to Paragraph 154, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

155.    In answer to Paragraph 155, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

156.    In answer to Paragraph 156, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

157.    In answer to Paragraph 157, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

158.    In answer to Paragraph 158, Plaintiffs neither admit nor deny the allegations contained in said Paragraph in that it calls for legal conclusion.

159.    In answer to Paragraph 159, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

160.    In answer to Paragraph 160, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

161.    In answer to Paragraph 161, the documents referenced in said Paragraph speak for themselves.

19

162.    In answer to Paragraph 162, the parties' relationship irretrievably broke down in January 2007 in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.  On that basis, Plaintiffs are informed and believe that they were not required to transmit payroll data to Coastal and on that basis deny the allegations contained in Paragraph 160.

163.    In answer to Paragraph 163, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

164.    In answer to Paragraph 164, Plaintiffs deny the allegations contained in said Paragraph.

165.    In answer to Paragraph 165, Plaintiffs deny the allegations contained in said Paragraph.

166.    In answer to Paragraph 166, Plaintiffs deny the allegations contained in said Paragraph.

167.    In answer to Paragraph 167, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein, and on that basis deny each and every allegation contained therein.

168.    In answer to Paragraph 168, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 167 with the same force and effect as if fully set forth hereafter.

169.    In answer to Paragraph 169, Plaintiffs deny all of the allegations in said Paragraph.

170.    In answer to Paragraph 170, Plaintiffs can neither admit nor deny the allegations in said Paragraph in that the allegations are vague and ambiguous.

171.    In answer to Paragraph 171, the document referenced in said Paragraph speaks for itself.

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1   172.   In answer to Paragraph 172, Plaintiffs are informed and believe and thereon allege

2   that they transmitted millions of dollars to Coastal over the years of the parties' relationship, and on

3   that basis admit the allegations contained in Paragraph 172.

4   173.   In answer to paragraph 173, Plaintiffs deny that Coastal is entitled to additional funds

5   in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain

6   workers' compensation insurance through AIG, and Coastal failed to provide an adequate

7   accounting concerning funds paid by Plaintiffs.

8   174.   In answer to Paragraph 174, Plaintiffs deny that Coastal is entitled to additional

9   funds in that the Settlement Agreement was procured by fraud, Coastal failed to procure and/or

10   maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate

11   accounting concerning funds paid by Plaintiffs.

12   175.   In answer to Paragraph 175, Plaintiffs admit that Coastal sent communiqués to

13   Plaintiffs in or around December 2006.  Plaintiffs deny that the interpretation of said communiqués

14   as suggested by Coastal is accurate.

15   176.   In answer to Paragraph 176, Plaintiffs deny all of the allegations in said Paragraph.

16   177.   In answer to Paragraph 177, Plaintiffs deny all of the allegations in said Paragraph.

17   178.   In answer to Paragraph 178, Plaintiffs deny all of the allegations in said Paragraph.

18   179.   In answer to Paragraph 179, Plaintiffs repeat, reiterates and re-alleges each and every

19   admission, denial and/or statement set forth in Paragraphs 1 – 178 with the same force and effect as

20   if fully set forth hereafter.

21   180.   In answer to Paragraph 180, Plaintiffs deny all of the allegations in said Paragraph in

22   that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that

23   they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to

24   procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to

25   provide an adequate accounting concerning funds paid by Plaintiffs.

26   ///

27   ///

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

181.  In answer to Paragraph 181, Plaintiffs admit that they paid Coastal millions of dollars during the parties' relationship.  As to the remaining allegations in said Paragraph, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of said allegations contained therein at this time, and on that basis deny each and every remaining allegation contained therein.  Plaintiffs reserve the right to amend this answer after a completing accounting is performed by the parties.

182.  In answer to Paragraph 182, Plaintiffs admit that Coastal transmitted communiqués to Plaintiffs.  Plaintiffs deny that the interpretation of said communiqués as suggested by Coastal is accurate.

183.  In answer to Paragraph 183, Plaintiffs deny that Coastal was entitled to any additional monies in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

184.  In answer to Paragraph 184, Plaintiffs deny all of the allegations in said Paragraph.

185.  In answer to Paragraph 185, Plaintiffs deny all of the allegations in said Paragraph.

186.  In answer to Paragraph 186, Plaintiffs deny that Coastal is owed any monies in that Plaintiffs paid millions of dollars to Coastal during the parties' relationship, Coastal claims that they are over-collateralized, the Settlement Agreement was procured by fraud, Coastal failed to procure and/or maintain workers' compensation insurance through AIG, and Coastal failed to provide an adequate accounting concerning funds paid by Plaintiffs.

187.  In answer to Paragraph 185, Plaintiffs deny all of the allegations in said Paragraph.

188.  In answer to Paragraph 188, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 187 with the same force and effect as if fully set forth hereafter.

///

PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM

189.    In answer to Paragraph 189, the Agreement referenced in said Paragraph speaks for itself.   To the remaining allegations of said paragraph, plaintiffs neither admit nor deny the allegations contained therein in that they call for a legal conclusion.

190.    In answer to Paragraph 190, the Agreement referenced in said Paragraph speaks for itself.   To the remaining allegations of said paragraph, plaintiffs neither admit nor deny the allegations contained therein in that they call for a legal conclusion.

191.    In answer to Paragraph 191, Plaintiffs deny all of the allegations in said Paragraph.

192.    In answer to Paragraph 192, Plaintiffs deny all of the allegations in said Paragraph.

193.    In answer to Paragraph 193, Plaintiffs deny all of the allegations in said Paragraph.

194.    In answer to Paragraph 194, Plaintiffs deny all of the allegations in said Paragraph.

195.    In answer to Paragraph 195, Plaintiffs deny all of the allegations in said Paragraph.

196.    In answer to Paragraph 196, Plaintiffs deny all of the allegations in said Paragraph.

197.    In answer to Paragraph 197, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 196 with the same force and effect as if fully set forth hereafter.

198.    In answer to Paragraph 198, the document referenced in said Paragraph speaks for itself.

199.    In answer to Paragraph 199, the document referenced in said Paragraph speaks for itself.

200.    In answer to Paragraph 200, Plaintiffs deny all of the allegations in said Paragraph.

201.    In answer to Paragraph 201, Plaintiffs deny all of the allegations in said Paragraph.

202.    In answer to Paragraph 202, Plaintiffs deny all of the allegations in said Paragraph.

203.    In answer to Paragraph 203, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

204.    In answer to Paragraph 204, Plaintiffs deny all of the allegations in said Paragraph.

///

PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM

205.    In answer to Paragraph 205, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 204 with the same force and effect as if fully set forth hereafter.

206.    In answer to Paragraph 206, the document referenced in said Paragraph speaks for itself.

207.    In answer to Paragraph 207, Plaintiffs deny all of the allegations in said Paragraph.

208.    In answer to Paragraph 208, Plaintiffs deny all of the allegations in said Paragraph.

209.    In answer to Paragraph 209, Plaintiffs deny all of the allegations in said Paragraph.

210.    In answer to Paragraph 210, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

211.    In answer to Paragraph 211, Plaintiffs deny all of the allegations in said Paragraph.

212.    In answer to Paragraph 212, Plaintiffs repeat, reiterates and re-alleges each and every admission, denial and/or statement set forth in Paragraphs 1 – 211 with the same force and effect as if fully set forth hereafter.

213.    In answer to Paragraph 213, Plaintiffs admit that they entered into the Agreements referenced therein and at the time of entering into the Agreements represented that they would abide by the terms of the Agreements and pay what they were required to pay under the Agreements. Plaintiffs deny all remaining allegations in said Paragraph.

214.    In answer to Paragraph 214, Plaintiffs deny all of the allegations in said Paragraph.

215.    In answer to Paragraph 215, Plaintiffs deny that they failed to perform any obligation under the Agreement. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

216.    In answer to Paragraph 216, Plaintiffs deny that they made any intentional misrepresentations. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

24

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1    217.    In answer to Paragraph 217, Plaintiffs deny all of the allegations in said Paragraph.

2    218.    In answer to Paragraph 218, Plaintiffs deny all of the allegations in said Paragraph.

3    219.    In answer to Paragraph 219, Plaintiffs repeat, reiterates and re-alleges each and every

4    admission, denial and/or statement set forth in Paragraphs 1 – 218 with the same force and effect as

5    if fully set forth hereafter.

6    220.    In answer to Paragraph 220, Plaintiffs deny all of the allegations in said Paragraph.

7    221.    In answer to Paragraph 221, Plaintiffs deny all of the allegations in said Paragraph.

8    222.    In answer to Paragraph 222, Plaintiffs deny all of the allegations in said Paragraph.

9    223.    In answer to Paragraph 223, Plaintiffs deny all of the allegations in said Paragraph.

10   224.    In answer to Paragraph 224, Plaintiffs repeat, reiterates and re-alleges each and every

11   admission, denial and/or statement set forth in Paragraphs 1 – 223 with the same force and effect as

12   if fully set forth hereafter.

13   225.    In answer to Paragraph 225, Plaintiffs deny all of the allegations in said Paragraph.

14   226.    In answer to Paragraph 226, Plaintiffs deny all of the allegations in said Paragraph.

15   227.    In answer to Paragraph 227, Plaintiffs deny all of the allegations in said Paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Estoppel)

19   1.    As a first affirmative defense, Plaintiffs allege that Coastal's claims are barred in

20   whole or in part by the Doctrine of Estoppel.

### Second Affirmative Defense

### (Laches)

23   2.    As a second affirmative defense, Plaintiffs allege that Coastal's claims are barred in

24   whole or in part by the Doctrine of Laches.

### Third Affirmative Defense

### (Waiver)

27   3.    As a third affirmative defense, Plaintiffs allege that Coastal's claims are barred in

28   whole or in part on the basis of waiver.

25

**Fourth Affirmative Defense**

**(Failure to State a Cause of Action)**

4.      As a fourth affirmative defense, Plaintiffs allege that the First Amended Counter-Claim, and each cause of action therein, fail to state facts sufficient to constitute a cause of action against Plaintiffs.

**Fifth Affirmative Defense**

**(Accord and Satisfaction)**

5.      As a fifth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by accord and satisfaction.

**Sixth Affirmative Defense**

**(Novation)**

6.      As a sixth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by novation.

**Seventh Affirmative Defense**

**(Unclean Hands)**

7.      As a seventh affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by the doctrine of unclean hands.

**Eighth Affirmative Defense**

**(Release)**

8.      As an eighth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by a release.

**Ninth Affirmative Defense**

**(Condition Precedent)**

9.      As a ninth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by Coastal's own failure to perform the obligations required under the parties' agreements.

///

26

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

### Tenth Affirmative Defense

### (Superseding Cause)

10.    As a tenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that Coastal prevented Plaintiffs and others from performing their obligations under the relevant agreements.

### Eleventh Affirmative Defense

### (Set Off)

11.    As an eleventh affirmative defense, Plaintiffs allege that any failure on their part to perform the obligations described in the First Amended Counter-Claim are excusable by Coastal's own breach of parties' agreements.  As a result of said breach, Plaintiffs have suffered damages and said damages constitute a set off to any amount that Coastal may be found entitled to.

### Twelfth Affirmative Defense

### (Failure to Comply with Contractual Terms and Conditions)

12.    As a twelfth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part by reason that it failed and refused to comply with the terms and conditions of the parties' agreements.

### Thirteenth Affirmative Defense

### (No Duty to Indemnify)

13.    As a thirteenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that Plaintiffs have no duty to indemnify Coastal for the damages alleged in the Counter-Claim.

### Fourteenth Affirmative Defense

### (Mitigation)

14.    As a fourteenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that Coastal failed, neglected and refused to mitigate the damages alleged in its Counter-Claim.

///

27

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

## Fifteenth Affirmative Defense

### (Excuse)

15.   As a fifteenth affirmative defense, Plaintiffs allege that Coastal's claims are barred in whole or in part in that any failure on the part of Plaintiffs or others to perform their obligations and/or contractual duties described in the Counter-Claim are excused by Coastal's own breach of its duties and/or obligations under the parties' agreements.

## Sixteenth Affirmative Defense

### (Performance)

16.   As a sixteenth affirmative defense, Plaintiffs allege that they have paid, satisfied, or discharged all duties and obligations they owe to Coastal arising out of the parties' agreements, representations and/or contracts made by or on behalf of Plaintiffs.

## Seventeenth Affirmative Defense

### (Good Faith)

17.   As a seventeenth affirmative defense, Plaintiffs allege that they have acted reasonably and in good faith with regard to the acts and transactions which are the subject of the First Amended Counter-Claim.

## Eighteenth Affirmative Defense

### (Monies Paid)

18.   As an eighteenth affirmative defense, Plaintiffs allege that they have paid monies to Coastal pursuant to, among other things, the Settlement Agreement and Plaintiffs should receive a credit for said monies in this action.

## Nineteenth Affirmative Defense

### (Incorporation by Reference)

19.   As a nineteenth affirmative defense, Plaintiffs hereby incorporate by reference all of the allegations of their Complaint as fully set forth herein.

///

///

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1

### Twentieth Affirmative Defense

2

### (General)

3      20.      As a nineteenth affirmative defense, Plaintiffs reserve the right to raise such further

4  and additional defenses as may be available upon the facts to be developed in discovery and under

5  other applicable substance of law.

6

### **PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

8      1.      Dismiss each of Coastal's claims with prejudice;

9      2.      Enter an order that Coastal take nothing;

10     3.      Award Plaintiffs costs of suit incurred herein;

11     4.      Award Plaintiffs their attorney's fees incurred herein; and

12     5.      Award such other and further relief as the Court deems just and proper.

13

Dated: April 15, 2010          **ROXBOROUGH, POMERANCE, NYE, & ADREANI
LLP**

14

15

16

By: _____

17               Drew E. Pomerance, Esq.
             Michael H. Raichelson, Esq.

18      Attorneys for Plaintiffs//Cross-Defendants, REAL TIME
     STAFFING, INC., KOOSHAREM CORPORATION, NEW

19      STAFF, INC., KT, INC., PAY SERVICES, INC. PBT, INC.,
     and D. STEPHEN SORENSEN

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA        )
                            ) ss.
3 COUNTY OF LOS ANGELES      )

4        I am employed in the county of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action; my business address is 5820 Canoga Avenue, Suite 250,
5 Woodland Hills, California 91367.

6        On April 16, 2010, I served the foregoing document described as **PLAINTIFFS'
ANSWER TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTER-CLAIM**, on the
7 interested parties in this action who are identified below, using the following means of service
as indicated below:
8

### SEE ATTACHED SERVICE LIST.
9

10 ☒ **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice, it would be deposited
11 with the U.S. Postal Service on that same day with postage thereon fully prepaid at
Woodland Hills, California in the ordinary course of business.  I am aware that on
12 motion of the party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one day after date of deposit for mailing in affidavit.

13 ☐ **BY OVERNIGHT MAIL (OVERNITE EXPRESS OVERNIGHT DELIVERY):**
I served such envelope or package to be delivered on the same day to an authorized
14 courier or driver authorized by the overnight service carrier to receive documents, in
an envelope or package designated by the overnight service carrier with delivery fees
15 paid or provided for, addressed to the person on whom it is to be served, at the office
address as last given by that person on any document filed in the cause and served on
16 the party making service.

17 ☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the
offices of the each addressee(s).
18

19 ☒ **BY ELECTRONIC MAIL:** I caused such documents listed above to be transmitted
via e-mail to each of the parties on the attached service list at the e-mail address as last
20 given by that person on any document which he or she has filed in this action and
served upon this office.

21 ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.
22

23 Executed on April 16, 2010 at Woodland Hills, California.

24

25 ELIA RAMIREZ

26

27

28

# SERVICE LIST

## Counsel for Trustee

Ed Hays, Esq.
Marshack Hays LLP
5410 Trabuco Rd, Ste 130
Irvine, CA  92620
Office:  949-333-7777
Fax: 949-333-7778

## Counsel for Robert J. Anderson

Richard P. Gerber, Esq.
HART, KING & COLDREN, LLP
200 SandPointe Drive, Fourth Floor
Santa Ana, CA 92707