Drew E. Pomerance, Esq. (SBN 101239)
John W. Hurney, Esq. (SBN 161617)
**ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone: (818) 992-9999
Facsimile: (818) 992-9991
dep@rpnlaw.com
jwh@rpnalaw.com

Attorneys for Plaintiffs/Cross-Defendants, REAL TIME STAFFING, INC.,
KOOSHAREM CORPORATION, NEW STAFF, INC.,
KT, INC., PAY SERVICES, INC. PBT, INC., and
D. STEPHEN SORENSEN

FILED
AUG 04 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, A CALIFORNIA CORPORATION<br><br>DEBTOR AND DEBTOR-IN-POSSESSION | Case No. 8:07-BK-10992 RK<br><br>(Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995)<br><br>Chapter 7 Proceeding |
| REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC., a California corporation, and D. STEPHEN SORENSEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COASTAL EMPLOYERS, INC., a California corporation, ROBERT J. ANDERSON, an individual, and Does 1 through 100, inclusive,<br><br>Defendants. | Adv. No. 8:07-ap-01105 RK<br><br>**PLAINTIFFS' AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN**<br><br>**[Filed and served concurrently with the Declaration of Drew E. Pomerance]**<br><br>Hearing Date: August 25, 2011<br>Time: 9:00 a.m..<br>Ctrm: 5D<br>Courtroom: Hon. Robert Kwan |

i

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY FROM
ADLAI CLIMAN

| | |
|---|---|
| 1  KAREN S. NAYLOR, Chapter 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a  2  California corporation), | |
| 3  Counter-Claimant, | |
| 4  v. | |
| 5  KOOSHAREM CORPORATION, PROFESSIONAL BUSINESS  6  TECHNOLOGIES, INC., aka PBT, INC; NEW STAFF, INC., KT, INC., PAY  7  SERVICES, CORP., REAL TIME STAFFING SERVICES, INC., D.  8  STEPHEN SORENSEN, an individual, and ROES 1 through 100, inclusive.  9  Counter-Defendants.  10 | |

11

12   **PLEASE TAKE NOTICE** that on August 25, 2011, at 9:00 a.m., or as soon as the

13   matter may be heard, Plaintiffs/Cross-Defendants, Real Time Staffing, Inc., Koosharem

14   Corporation, New Staff, Inc., Kt, Inc., Pay Services, Inc. PBT, Inc., and D. Stephen

15

16   Sorensen (hereinafter collectively referred to as Plaintiff and/or "Select") will, and hereby

17   do, move the Court pursuant to this motion in limine for an Order granting the following

18   relief: to (1) exclude the testimony of Adlai Climan ("Climan") who as been designated as

19

20   an "expert" witness by Defendant and Counter Claimant, Karen S. Naylor, Chapter 7

21   Trustee, and Defendant Robert J. Anderson, Jr., (hereinafter collectively referred to as

22   "Coastal"); (2) preclude Coastal from making arguments at trial based upon the opinions of

23

24   Climan, and (3) strike Climan's report and companion declaration from the record.

25   **PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(f):

26   [E]ach interested party opposing, joining, or responding to the motion must
27   file and serve on the moving party and the United States trustee not later
than 14 days before the date designated for hearing either:

28                                                                                                ii

(1) A complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities. The opposing papers must advise the adverse party that any reply to the opposition must be filed with the court and served on the opposing party not later than 7 days prior to the hearing on the motion; or

(2) A written statement that the motion will not be opposed.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Drew E. Pomerance[1], filed concurrently herewith, the records and files of this matter, and all other matters of which the Court may take judicial notice.

Dated: August 4, 2011    ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP

By: _____
Drew E. Pomerance, Esq.
Attorneys for Plaintiffs//Cross-Defendants, REAL TIME STAFFING, INC. , KOOSHAREM CORPORATION, NEW STAFF, INC., KT, INC., PAY SERVICES, INC. PBT, INC., and D. STEPHEN SORENSEN

---

[1] The Declaration of Drew E. Pomerance is filed and served concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

By this motion in limine, Plaintiff and Cross-Defendant, Select seeks to (1) exclude the testimony of Adlai Climan ("Climan") who as been designated as an "expert" witness by Defendant and Counter Claimant, Karen S. Naylor, Chapter 7 Trustee, and Defendant Robert J. Anderson, Jr., (hereinafter collectively referred to as "Coastal"); (2) preclude Coastal from making arguments at trial based upon the opinions of Climan, and (3) strike Climan's report and companion declaration from the record.

### I.  INTRODUCTION

Coastal seeks to offer the opinion of Climan, a former IRS agent, to provide expert testimony on four issues: (1) "Is Select responsible for the non-payment of the withheld taxes?;" (2) "For what amount should Select be held liable for the non-payment of the withheld taxes?;" (3) "Should Select be considered the actual employer of the subject employees, and thus liable for the non-withheld taxes, i.e. the employer portion of the FICA tax, and Federal Unemployment tax (FUTA)?;" (4) "Should Select be held liable for the penalties and interest incurred regarding the unpaid taxes of the federal and State tax liabilities?"[2] As to each of these four issues, Climan – who is <u>not</u> a lawyer - merely recites the law on the issue along with providing his impermissible conclusions on the law. ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."). *S. Pine Helicopters, Inc.*, *infra*, 320 F.3d 838, 841(8th Cir.2003) Instead, this court is to decide all matters of law. As such, Climan cannot offer any admissible evidence that is probative on any contested issue. His impermissible legal conclusions cannot come before this Court.

---

[2] Attached to the concurrently filed declaration of Drew E. Pomerance are true and correct copy of Adlai Climan's report (Ex. A) and expert declaration (Ex. B).

1

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY FROM
ADLAI CLIMAN

        **a. Issue No. 1-- "Is Select responsible for the non-payment of the withheld taxes?"**

In providing his opinion on this issue, Climan lists IRS *Internal Revenue Manual* §§5.17.7.1; 5.17.7.1.2; 5.17.7.3; 5.17.7.1; 8.25.1.3.1; 8.25.1.3.2; 8.25.1.3.1, along with several IRS forms, citations to the relevant at issue contracts, and several case citations. *See* Climan report pp. 4-10. After citing the rules, Climan then concludes "I find that Select would meet the parameters described above...." *See* Climan report 7¶2 and Climan Declaration ¶19. Again on page 10¶1 of Climan's report and ¶29 of his declaration, Climan concludes "Again, I find that Select would meet the parameters described above...." As such, Climan is merely citing rules and cases, to which he then applies <u>his legal conclusions</u>. Pursuant to *S. Pine Helicopters, Inc., infra*, Climan is not permitted to "state legal conclusions drawn by applying the law to the facts."

        **b. Issue No. 2-- "For what amount should Select be held liable for the non-payment of the withheld taxes?"**

In calculating this amount, Climan provides no expertise, rather he merely adds up the numbers provided by the IRS. As such, this is nothing more than a ministerial function of addition and not the proper subject of expert testimony.

        **c. Issue No. 3-- "Should Select be considered the actual employer of the subject employees, and thus liable for the non-withheld taxes, i.e. the employer portion of the FICA tax, and Federal Unemployment tax (FUTA)?"**

In providing his opinion on this issue, Climan lists *IRS Code* §§ 3231(a); 3306(a); 3401(d), citations to the relevant at issue contracts, and several case citations. *See* Climan report pp. 14-19; Climan's declaration ¶¶44-63. After citing the rules, Climan then applies <u>his legal conclusions</u>. Pursuant to *S. Pine Helicopters, Inc., infra*, Climan is not permitted to "state legal conclusions drawn by applying the law to the facts."

**d. Issue No. 4-- "Should Select be held liable for the penalties and interest incurred regarding the unpaid taxes of the federal and State tax liabilities?"**

With virtually no analysis, Climan states the "proximate cause of the penalties and interest . . . was Select's failure to remit the required withheld funds. . . ." *See* Climan Report, p. 19 §4, Climan declaration ¶64. Again, all Climan is doing is issuing <u>his legal conclusions</u>. Pursuant to *S. Pine Helicopters, Inc., infra,* Climan is not permitted to "state legal conclusions drawn by applying the law to the facts."

## II. THE APPLICABLE EVIDENTIARY STANDARDS

This Court may not admit expert testimony unless it first ensures that the expert's testimony is "not only relevant but reliable." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 592 (1993). When considering expert testimony proffered under Rule 702 of *Federal Rules of Evidence ("FRE")*, a trial court must act as a "gatekeeper" in determining whether the expert is qualified and whether the methodology the expert used is reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999). The *Daubert* criteria extends to all experts' testimony including that based on technical or specialized knowledge. *Kumho*, 526 U.S. at 152. Significantly, it is the proponent of the expert who bears the burden of proving, by a preponderance of the evidence, that the testimony is admissible. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *Koppell v. New York State Bd. Of Elections*, 97 F. Supp. 2d 477, 479 (S.D.N.Y. 2000); *Daubert, supra,* 509 U.S. at 592 n.1.

In essence, the "trial court must conduct a two-pronged inquiry regarding the proffered expert testimony in order to satisfy its gatekeeping obligation." *See Kumho Tire Co., supra,* 526 U.S. at 152. The trial court first must determine whether the expert's knowledge is based upon "'scientific knowledge'" and second, whether the testimony "'will assist the trier of fact to understand or determine a fact in issue." *Ambrosini v. Labarraque*, 101 F.3d 129, 133 (D.C. Cir. 1996) (*quoting Daubert, supra,* 509 U.S. at 592). Here, Climan is unable to meet either of these prongs.

///

///

## III. CLIMAN'S OPINIONS ARE IMPROPER LEGAL OPINIONS THAT MUST BE LEFT TO THE JURY

Climan, who is not a lawyer, offers an expert report that is nothing more than a list of rules and cases followed by his legal conclusions. Statements that purport to advise the trier of fact on legal conclusions and "merely tell the [trier of fact] what result to reach" are inadmissible. *See, e.g., Paul Morelli Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482, 486-87 (E.D. Pa. 2002) (excluding expert testimony on the meaning of legal terms under the Copyright Act as "analogous to having expert witnesses testify in a personal injury action that a party's conduct was negligent"); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted."). *See also Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002); *Aguilar v. Int'l Longshoremen's Union Local #10* 966 F.2d 443 (9th Cir. 1992)

FRE 702 makes clear that expert witnesses may only testify about factual issues. It is well-established that "expert testimony on legal matters is not admissible." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir.2003) (citing *United States v. Klaphake*, 64 F.3d 435, 438-39 (8th Cir.1995)); *See also Okland Oil Co. v. Conoco, Inc.*, 144 F.3d 1308, 1328 (10th Cir.1998) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."). Instead, the trial judge decides matters of law. *S. Pine Helicopters, Inc., supra*, 320 F.3d at 841.

In addition, experts "may not testify as to the legal implications of conduct." *Montgomery v. Aetna Cas. & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir.1990). Indeed, "[t]he district court must limit expert testimony so as not to allow experts to opine on 'what the law required' or 'testify as to the governing law,'" which is all that Climan's report does and, as such, it is impermissible. *See, e.g., Holman Enters. v. Fidelity & Guar. Ins. Co.*, 563 F.Supp.2d 467, 472 (D N.J. 2008).

Expert testimony may not include legal conclusions, and "in no instance can a witness be permitted to define the law of the case." *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000) (citations omitted). While an expert may be "called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms," expert testimony which "attempts to define the legal parameters within which the jury must exercise its fact-finding function" is impermissible. *Id.* The Advisory Committee notes to FRE 704 make it clear that opinions which merely give legal conclusions or allow the witness to tell the jury what result to reach are not permitted. *See FRE 704; Owen v. Kerr-McGee Corp., supra,* 698 F.2d at 239-40. As such, Climan's report and declaration, which consists of nothing but legal conclusions, are inadmissible.

## IV. CONCLUSION

For the foregoing reasons, this Court should exclude evidence, testimony or comment from Coastal's expert witness, Adlai Climan.

Dated: August 4, 2011

ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP

By: _____
Drew E. Pomerance, Esq.
Attorneys for Plaintiffs//Cross-Defendants, REAL TIME STAFFING, INC. , KOOSHAREM CORPORATION, NEW STAFF, INC., KT, INC., PAY SERVICES, INC. PBT, INC., and D. STEPHEN SORENSEN

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                      ) ss.
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

On August 4, 2011, I served the foregoing document described as **PLAINTIFFS' AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN** on the interested parties in this action who are identified on the attached service list, using the following means of service:

☒ **BY PERSONAL SERVICE:** I placed a true copy of the foregoing document in sealed envelopes to be hand delivered to the following persons on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service. The foregoing document was personally served on the following parties:

| | |
|---|---|
| RICHARD P GERBER | D. EDWARD HAYS |
| Hart King & Coldren LLP | CYNTHIA S. CONNERS |
| 200 Sandpointe Dr 4th Fl | Marshack Hays LLP |
| Santa Ana, CA 92707 | 5410 Trabuco Road, Suite 130 |
| *Attorneys for Defendant,* | Irvine, California 92620-5749 |
| *ROBERT J. ANDERSON, JR.* | *Attorneys for Defendant and Counterclaimant,* |
| | *KAREN S. NAYLOR, Chapter 7 Trustee* |

☒ **BY EMAIL:** I caused such documents listed above to be transmitted via e-mail to the following persons on whom it is to be served at the email address as last given by that person on any document which he or she filed in this action and served upon this office or otherwise last used to transmit email to this office.

*Counsel for serving party is not registered with this Court's ECF, which would serve these entities, as such this document is being e-mailed to:*

- Evan C Borges eborges@irell.com; bblythe@irell.com
- Evan C Borges bblythe@irell.com
- Rebecca J Callahan rcallahan@callahanlaw.biz
- Robert P Goe kmurphy@goeforlaw.com; rgoe@goeforlaw.com; mforsythe@goeforlaw.com

- D Edward Hays ehays@marshackhays.com
- Karen S Naylor (TR) acanzone@burd-naylor.com; knaylor@ecf.epiqsystems.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

*Via Email Pursuant to Written Agreement:*
- Richard Gerber rgerber@hkclaw.com

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 4, 2011, at Woodland Hills, California.

*/s/ Lourdes Casas*
LOURDES CASAS