Drew E. Pomerance, Esq. (SBN 101239)
John W. Hurney, Esq. (SBN 161617)
**ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone: (818) 992-9999
Facsimile: (818) 992-9991
dep@rpnlaw.com
jwh@rpnalaw.com

Attorneys for Plaintiffs/Cross-Defendants, REAL TIME STAFFING, INC., KOOSHAREM CORPORATION, NEW STAFF, INC., KT, INC., PAY SERVICES, INC. PBT, INC., and D. STEPHEN SORENSEN

FILED
AUG 04 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

By FAX

8-4-11
Order
to
Chambers
NH

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, A CALIFORNIA CORPORATION<br><br>DEBTOR AND DEBTOR-IN-POSSESSION | Case No. 8:07-BK-10992 RK<br><br>(Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995)<br><br>Chapter 7 Proceeding |
| REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC., a California corporation, and D. STEPHEN SORENSEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COASTAL EMPLOYERS, INC., a California corporation, ROBERT J. ANDERSON, an individual, and Does 1 through 100, inclusive,<br><br>Defendants. | Adv. No. 8:07-ap-01105 RK<br><br>**PLAINTIFFS' AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVERY OF ANY MONIES ALLEGEDLY OWED TO THE U.S. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA**<br><br>Hearing Date: August 25, 2011<br>Time: 9:00 a.m..<br>Ctrm: 5D<br>Courtroom: Hon. Robert Kwan |

i

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVER OF MONIES ALLEGEDLY OWED TO THE U.S. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA

KAREN S. NAYLOR, Chapter 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a California corporation),

   Counter-Claimant,

v.

KOOSHAREM CORPORATION, PROFESSIONAL BUSINESS TECHNOLOGIES, INC., aka PBT, INC; NEW STAFF, INC., KT, INC., PAY SERVICES, CORP., REAL TIME STAFFING SERVICES, INC., D. STEPHEN SORENSEN, an individual, and ROES 1 through 100, inclusive.

   Counter-Defendants.

**PLEASE TAKE NOTICE** that on August 25, 2011, at 9:00 a.m., or as soon as the matter may be heard, Plaintiffs/Cross-Defendants, Real Time Staffing, Inc., Koosharem Corporation, New Staff, Inc., Kt, Inc., Pay Services, Inc. PBT, Inc., and D. Stephen Sorensen (hereinafter collectively referred to as Plaintiff and/or "Select") will, and hereby do, move the Court pursuant to this motion in limine for an Order granting the following relief to: (1) preclude Defendant and Counter Claimant, Karen S. Naylor, Chapter 7 Trustee, and Defendant Robert J. Anderson, Jr., (hereinafter collectively referred to as "Coastal") from recovering any monies allegedly due from Coastal to the U.S. Internal Revenue Service for alleged failure to pay taxes and/or penalties and (2) preclude Coastal from recovering any monies allegedly due to the State of California for alleged failure to pay taxes and/or penalties.

ii

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVER OF MONIES ALLEGEDLY OWED TO THE U.S. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(f):

[E]ach interested party opposing, joining, or responding to the motion must file and serve on the moving party and the United States trustee not later than 14 days before the date designated for hearing either:

(1) A complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities. The opposing papers must advise the adverse party that any reply to the opposition must be filed with the court and served on the opposing party not later than 7 days prior to the hearing on the motion; or

(2) A written statement that the motion will not be opposed.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this matter, and all other matters of which the Court may take judicial notice.

Dated: August 4, 2011

ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP

By: _____
Drew E. Pomerance, Esq.
Attorneys for Plaintiffs//Cross-Defendants, REAL TIME STAFFING, INC.  , KOOSHAREM CORPORATION, NEW STAFF, INC., KT, INC., PAY SERVICES, INC. PBT, INC., and D. STEPHEN SORENSEN

iii

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVER OF MONIES ALLEGEDLY OWED TO THE U.S. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

By this motion in limine, Plaintiff and Cross-Defendant, Select hereby seeks to (1) preclude Defendant and Counter Claimant, Karen S. Naylor, Chapter 7 Trustee, and Defendant Robert J. Anderson, Jr., (hereinafter collectively referred to as "Coastal") from recovering any monies allegedly due from Coastal to the U.S. Internal Revenue Service for alleged failure to pay taxes and/or penalties; and (2) preclude Coastal from recovering any monies allegedly due to the California Employment Development ("EDD") -- State of California for alleged failure to pay taxes and/or interest and penalties. In addition, since Coastal has not paid any of the alleged taxes or penalties to either the IRS or the EDD, it has not incurred a debt from which it can make an indemnity claim. Finally, were this Court to determine that Coastal had standing to assert these amounts pursuant to its contract with Select, and that its claim for indemnity was ripe, Coastal still is unable to assert a claim that Select pay interest and penalties, as the contract did not provide for the payment of such amounts.

### I.    INTRODUCTION

As set forth in the Joint Pre-Trial Order ("JPTO") (Docket No. 106), Coastal seeks to recover from Select monies that both the U.S. Internal Revenue Service ("IRS") and the EDD seek to recover from Coastal. *See* JPTO pg. 15 ¶¶ 40 & 41; pg. 17 ¶7; pp. 22 ¶51 to pg. 24 ¶80; and pp 30 ¶11 to 31¶26. Neither the IRS nor EDD has asserted any claims against Select. Any amounts owed to government taxing authorities is owed by Coastal. Importantly, the IRS and EDD are the only entities with standing to sue for monies owed to these agencies.

Further, as Coastal seeks indemnity for these obligations, that claim is <u>not</u> ripe. Coastal can only seek indemnity for that which it has paid. As it has not paid <u>any</u> of these debts, it has no right to seek indemnity for the possible payment of these debts. Finally, as to the payment of any penalties, the contracts between the parties do not provide for payment of penalties by Select.

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVER OF MONIES

II. **COASTAL DOES NOT HAVE STANDING TO SEEK RECOVERY OF THE UNPAID TAXES OR PENALTIES FROM SELECT**

A. **Only the IRS has standing to seek recovery of taxes and penalties.**

As noted above, Coastal has not paid any of the taxes or fees it asserts are owed to the IRS in the JPTO. As such, only the IRS can seek recovery of these fees. 26 USC §7401 specifically states that:

> **No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.** (emphasis added)

Only the IRS may enforce the Code. *See* I.R.C. § 6201(a). Clearly, "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, (2001) 532 U.S. 275, 286. As the court in *Coyne Electrical Contractors, Inc. v. U.S.*, (S.D. N.Y. 1996) 1996 WL 34306869 noted, it is a jurisdictional issue that an individual cannot enforce federal tax laws. The *Coyne* court noted "a federal statute under which no private right of action exists -- **must be dismissed for lack of standing**." *Id.* at *3 (emphasis added).

The *Coyone* court further noted:

[I]t is well-settled that "Courts will imply a private remedy only where they find that Congress intended such a result" (*Deleu v. Scaife*, 775 F.Supp. 712, 717 (S.D.N.Y. 1991)), that a plaintiff bears the "burden of demonstrating that Congress affirmatively contemplated private enforcement when it passed the relevant statute" (*Victorian v. Miller*, 813 F.2d 718, 721 (5th Cir. 1987)), and that there must be a showing, inter alia, that the plaintiff was "one of the class for whose 'special benefit the statute was enacted such that the statute creates a federal right in favor of the plaintiff'" (*DiGiovanni v. City of Rochester*, 680 F.Supp. 80, 82 (W.D.N.Y.

1988) (citation omitted)), there is plainly no private right of action here. *See, e.g., Lapadula, supra,* 563 F.Supp. at 784 (Section 3713's predecessor "may not be invoked" even by the FDIC, "an agency which is not an integral part of the governmental mechanism"); *DiGiovanni, supra,* 680 F.Supp. at 82-83 (no private cause of action based on federal tax withholding statutes, since "*[i]f these statutes are intended to benefit anyone, it is the Federal Government to whom the withheld tax is to be remitted*"); *Deleu, supra,* 775 F.Supp. at 717 (**no private remedy for violations of federal tax laws because enforcement of those laws "has always been a public function"**); *Turner v. Unification Church,* 473 F.Supp. 367, 376-77 (D.R.I. 1978), aff'd, 602 F.2d 458 (1st Cir. 1979) (same); *Chemtech Industries v. Goldman Financial Group, Inc.,* 809 F.Supp. 729, 734 (E.D.Mo. 1992) (same) *Id.* at *4 to *5.

In an analogous matter, *PAF, Inc. v. BA Properties, Inc., et al.,* (E.D. VA 1998) 24 F.Supp.2d 545, wherein a corporation sought to enforce tax laws, the Court noted "[i]t is undisputed that PAF has brought this suit on its own behalf and without any governmental authorization. Defendants argue, a*nd the Court agrees, that **this lack of authorization precludes the Court from hearing Plaintiff's case.*** " *Id.* at 546-547. (emphasis added). The provisions of 26 U.S.C. §7401, that a civil action may not be commenced unless the Secretary of Treasury or his delegate authorizes or sanctions it and the Attorney General or his delegate directs that it be commenced is jurisdictional. *See U. S. v. One 1972 Cadillac, Coupe Deville, 2-Door Hardtop, ID. No. 6D47R2Q238129,* (E.D.KY 1973) 355 F.Supp. 513. *See also U.S. ex rel. U.S.-Namibia (Southwest Africa) Trade & Cultural Council, Inc. v. Africa Fund,* (S.D.N.Y. 1984) 588 F.Supp. 1350, 1351. Coastal has provided no evidence that this action is being authorized by the appropriate governmental entities. As such, these claims for unpaid taxes and penalties owed to the IRS must be dismissed as Coastal neither has standing nor appropriate governmental permission to pursue these claims.

B. **Only the EDD (State of California) has standing to seek recovery of taxes and penalties.**

California *Revenue and Taxation Code* §60421 provides:

At any time within three years after any tax or any amount of tax required to be collected be-comes due and payable and at any time within three years after the delinquency of any tax or any amount of tax required to be collected, or within the period during which a lien is in force as the result of the filing of a notice of state tax lien under Section 7171 of the Government Code, **_the board may bring an action in the courts_** of this state, of any other state, or of the United States in the name of the state to collect the amount delinquent together with penalties and interest.(emphasis added).

California decisional law and statutory law is void of any legal authority permitting anyone to seek redress for the State's unpaid taxes. As such, these claims for unpaid taxes and penalties owed to the EDD must be dismissed, as Coastal does not have standing to assert such claims.

III. **AS COASTAL HAS NOT PAID ANY OF THESE TAXES OR FINES IT CANNOT SEEK INDEMNITY FROM SELECT**

California *Civil Code* §2778(2) specifically states that "[U]pon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, *the person indemnified is not entitled to recover without payment thereof.*" (emphasis added). Both the JPTO and the declaration of Climan are silent as to Coastal paying any of the taxes or penalties claimed by Coastal. As Witkin explains, a party seeking indemnity must allege "facts showing the loss sustained or liability incurred by the indemnitee within the terms of the contract" 5 Witkin *California Procedure* (5th ed. 2008) Pleading § 925 at p. 339.

The "right to indemnity matures and is directly enforceable at law only when he has paid or discharged, in whole or in part, the debt or obligation of his principal." *Pacific Indemnity Co. v. Harper*, (CA 1939) 14 Cal.2d 379, 384, 94 P.2d 586, 589 The cause of

4

The "right to indemnity matures and is directly enforceable at law only when he has paid or discharged, in whole or in part, the debt or obligation of his principal." *Pacific Indemnity Co. v. Harper*, (CA 1939) 14 Cal.2d 379, 384, 94 P.2d 586, 589  The cause of action does not arise until the agent has actually paid the obligation. *See* California *Civil Code* § 2778(2); *Exxonmobil Oil Corp. v. Nicoletti Oil, Inc.* (E.D. Cal. 2010) 713 F.Supp.2d 1105, 1113 citing *Lincoln v. Narom Development Co.*, (CA 1970) 10 Cal.App.3d 619, 627, 89 Cal.Rptr. 128, which states "[d]ue to the nature of the indemnity ... **There would be no right until [the indemnitee was] forced ... to spend funds ....**" (emphasis added); and *Thode v. McAmis*, (CA 1950) 96 Cal.App.2d 833, 216 P.2d 548.

Since Coastal has paid none of the taxes or fees alleged in the JPTO, Coastal cannot seek indemnity for a debt that it has not incurred.

## IV. THE CONTRACT BETWEEN SELECT AND COASTAL DOES NOT PROVIDE FOR THE PAYMENT OF TAX PENALTIES

Coastal only has standing to assert claims pursuant to its contract with Select. Thus, it may not claim from Select any amounts representing interest and/or penalties, as the contract did not provide for the payment of interest and penalties. A review of the JPTO reveals, under the section entitled "Select's Duties Under The 2006 Contract" (JPTO, pp. 7 to 12), the parties never agreed as part of their contract for Select to pay Coastal for any interest or penalties asserted by the EDD or the IRS. California *Civil Code* §3358 notes that "[e]xcept as expressly provided by statute, no person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides." One can recover no more for breach of an ordinary contract than he would have receive through its performance. *Cooney v. Legg*, (S.D.Cal.1940) 34 F.Supp. 531. As the parties did not contract for recovery of interest or penalties owed the IRS or EDD, Coastal is not entitled to claim such damages.

## V. CONCLUSION

For the foregoing reasons, this Court should (1) preclude Defendant and Counter Claimant, Karen S. Naylor, Chapter 7 Trustee, and Defendant Robert J. Anderson, Jr.,

5

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVER OF MONIES ALLEGEDLY OWED TO THE U.S. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA

1 | alleged failure to pay taxes and/or penalties.

2

3 | Dated: August 4, 2011    ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP

4 | By: _____

5 | Drew E. Pomerance, Esq.
Attorneys for Plaintiffs//Cross-Defendants, REAL

6 | TIME STAFFING, INC. , KOOSHAREM
CORPORATION, NEW STAFF, INC., KT, INC.,

7 | PAY SERVICES, INC. PBT, INC., and D.
STEPHEN  SORENSEN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

On August 4, 2011, I served the foregoing document described as PLAINTIFFS' AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVERY OF ANY MONIES ALLEGEDLY OWED TO THE U.s. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA on the interested parties in this action who are identified on the attached service list, using the following means of service:

☒ **BY PERSONAL SERVICE:** I placed a true copy of the foregoing document in sealed envelopes to be hand delivered to the following persons on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service. The foregoing document was personally served on the following parties:

| | |
|---|---|
| RICHARD P GERBER<br>Hart King & Coldren LLP<br>200 Sandpointe Dr 4th Fl<br>Santa Ana, CA 92707<br>**Attorneys for Defendant,**<br>**ROBERT J. ANDERSON, JR.** | D. EDWARD HAYS<br>CYNTHIA S. CONNERS<br>Marshack Hays LLP<br>5410 Trabuco Road, Suite 130<br>Irvine, California 92620-5749<br>**Attorneys for Defendant and Counterclaimant,**<br>**KAREN S. NAYLOR, Chapter 7 Trustee** |

☒ **BY EMAIL:** I caused such documents listed above to be transmitted via e-mail to the following persons on whom it is to be served at the email address as last given by that person on any document which he or she filed in this action and served upon this office or otherwise last used to transmit email to this office.

*Counsel for serving party is not registered with this Court's ECF, which would serve these entities, as such this document is being e-mailed to:*
- Evan C Borges eborges@irell.com; bblythe@irell.com
- Evan C Borges bblythe@irell.com
- Rebecca J Callahan rcallahan@callahanlaw.biz
- Robert P Goe kmurphy@goeforlaw.com; rgoe@goeforlaw.com; mforsythe@goeforlaw.com
- D Edward Hays ehays@marshackhays.com
- Karen S Naylor (TR) acanzone@burd-naylor.com; knaylor@ecf.epiqsystems.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

*Via Email Pursuant to Written Agreement:*
▪Richard Gerber rgerber@hkclaw.com

☒  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 4, 2011, at Woodland Hills, California.

*/s/ Lourdes Casas*
LOURDES CASAS

---

1

SELECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVER OF MONIES