D. EDWARD HAYS, #162507
ehays@marshackhays.com
CYNTHIA S. CONNERS, 117460
cconners@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, California 92620
(949) 333-7777 - Telephone
(949) 333-7778 - Fax

Attorneys for Defendant and CounterClaimant,
KAREN S. NAYLOR, Chapter 7 Trustee

William R. Hart, Esq., Bar No. 71127
Richard P. Gerber, Esq., Bar No. 59395
rgerber@hkclaw.com
HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 Sandpointe, Fourth Floor
Santa Ana, California 92707
Telephone:    (714) 432-8700
Facsimile:    (714) 546-7457

Attorneys for Defendant,
ROBERT J. ANDERSON, JR.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, a California corporation,<br><br>Debtor and Debtor-in-Possession. | Case No. 8:07-bk-10992 RK<br><br>(Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995)<br><br>Chapter 7<br><br>Adv. No. 07-01105 RK |
| REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a California corporation, and D. STEPHEN SORENSEN, an individual,<br><br>Plaintiffs,<br><br>vs. | OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF STEPHEN SORENSEN<br><br>Trial Date:<br>Date:  August 25, 2011<br>Time:  9:00 a.m.<br>Ctrm:  5D |

1

OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF STEPHEN SORENSEN

| | |
|---|---|
| 1 | COASTAL EMPLOYERS, INC. a California corporation, ROBERT J. ANDERSON, an individual, and Does 1 through 100, inclusive, |
| 2 | |
| 3 | Defendants. |
| 4 | KAREN S. NAYLOR, Chapter 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a California corporation), |
| 5 | |
| 6 | Counter-Claimant, |
| 7 | vs. |
| 8 | KOOSHAREM CORPORATION, PROFESSIONAL BUSINESS TECHNOLOGIES, INC., aka PBT, INC.; NEW STAFF, INC., K.T., INC., PAY SERVICES CORP., and REAL TIME STAFFING SERVICES, INC., D. STEPHEN SORENSEN, an individual, and ROES 1 through 100, inclusive, |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Counter-Defendants |

14

15  Attorneys for Defendant and CounterClaimant, KAREN S. NAYLOR, in her capacity

16  as Chapter 7 Trustee by MARSHACK HAYS; and Defendant Robert J. Anderson, Jr. by HART,

17  KING & COLDREN Interpose the following Objections to the Declaration of Stephen Sorensen

18  dated July 25, 2011:

19  **Paragraph 4 [3:3]:** "The employees legally became employees of Coastal…"

20  Objections to Paragraph 4:    Legal conclusion, lack of foundation, assumes facts not

21  in evidence.

22  **Paragraph 5 [3:8-11]:** "As part of each contract, Select prepaid substantial sums of

23  money to Coastal, representing amounts that Coastal required as collateral for claims that might arise

24  under the Workers' Compensation policies as well as fees that Coastal was to earn under the

25  contract."

26  Objections to Paragraph 5:    The 2004, 2005 and 2006 Agreements speak for

27  themselves, assumes facts not in evidence, lack of foundation, vague and ambiguous.

28  ///

2

OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF STEPHEN SORENSEN

1       **Paragraph 7 [3:20-21]:** "It was certainly Coastal's obligation to send that money to AIG."

      Objections to Paragraph 7: The 2004, 2005 and 2006 Agreements speak for themselves, assumes facts not in evidence, legal conclusion, lack of foundation, vague and ambiguous.

      **Paragraph 8, [3:27-28]:** "It was certainly Coastal's obligation to send that money to AIG."

      Objections to Paragraph 8: The 2004, 2005 and 2006 Agreements speak for themselves, assumes facts not in evidence, legal conclusion, lack of foundation, vague and ambiguous.

      **Paragraph 11 [4:12-14]:** "Not surprisingly, I disagreed with much of Mr. Anderson's analysis, and I reminded him that the claims had generally been mishandled by AIG, which increased their cost."

      Objections to Paragraph 11: Argumentative, assumes facts not in evidence, lack of foundation, speculation and conjecture.

      **Paragraph 13 [5:1-9] (entire paragraph):** "Accordingly, the parties ultimately agreed upon and executed the 2007 settlement agreement, a true and correct copy of which is Trial Exhibit 520. The basic terms of that agreement, as I understood it, is that Select would make a payment of $2.625 million in two installments, with the first installment of $1,625,000 due on January 2nd, and the remaining $1 million to be paid by 4pm Pacific Time on January 22, 2007. In exchange, Select would be released from any and all remaining liability or claims arising out of the 2004 and 2005 program years. The parties further agreed that the 2006 contract would remain in effect and that the parties were to continue their respective performances under the 2006 contract according to its terms."

      Objections to Paragraph 13: The 2006 Settlement Agreement speaks for itself, irrelevant given the Court's Order Granting Joint Motion for Summary Adjudication re: Settlement Agreement, filed and entered on January 20, 2011.

///

**Paragraph 15 [5:20-22]**: "Therefore, prior to the time that Select was required to make its final installment payment under the 2007 agreement, Coastal breached the 2006 contract by terminating it on less than 60 days written notice as is required under paragraph 9."

Objections to Paragraph 15: Legal conclusion, assumes facts not in evidence, lack of foundation, the 2006 Agreement speaks for itself, irrelevant given the Court's Order Granting Joint Motion for Summary Adjudication re: Settlement Agreement, filed and entered on January 20, 2011.

**Paragraph 18 [6:11 to 7:1] (entire paragraph)**: "As a result of Coastal's breach of contract by terminating the 2006 agreement contrary to its terms, Select has been damaged in the amount of $6,767,680. The basis for this amount is as follows: Had Coastal honored the 2006 agreement and not breached it, Select would have made the second installment payment of $1 million pursuant to the 2007 settlement agreement, and would not have had to make any more payments to Coastal until there was an actuarial adjustment six months following the end of the 2006 policy. Accordingly, Select was paid up to Coastal through April 30, 2007, and it would not have had to pay any additional sums of money until October 2006 at the earliest. Instead, by virtue of Coastal breaching the contract, Select made a payment to Coastal in the amount of $1,625,000. which has not been returned or otherwise credited to Select, and Select had to pay to ACE $3,062,680 in advance as premium and collateral for coverage up through April 30, 2007, which is for the same period of time that Select already had coverage under its 2006 contract with Coastal. Under the policy with ACE (Exhibit 522), Select had to make three payments to ACE before April 30, 2007 in amounts of $1,198,934, $931,873, and then another payment of $931,873. Those three payments enabled ACE to provide coverage to Select's employees up through April 30, 2007, so that Select essentially double paid for coverage during the months of February, March, and April of 2007."

Objections to Paragraph 18: Legal conclusion, assumes facts not in evidence, lack of foundation, the 2006 Agreement speaks for itself.

/ / /

/ / /

/ / /

4

OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF STEPHEN SORENSEN

**Paragraph 19 [7:2-4] (entire paragraph)**: "Accordingly, Select is out the $1,625,000 it paid to Coastal without getting anything in return, along with the $3,062,680 it paid to ACE for workers compensation coverage it had already paid for with Coastal."

Objections to Paragraph 19: Legal conclusion, assumes facts not in evidence, lack of foundation, the 2006 Agreement speaks for itself.

**Paragraph 20 [7:5-7] (entire paragraph)**: "In addition, by virtue of Coastal cancelling the 2006 contract early, and in violation of its terms, Select is entitled to an additional sum of $2,080,000. The basis for this additional amount is explained below."

Objections to Paragraph 20: Legal opinion, the 2006 Agreement speaks for itself, assumes facts not in evidence, lack of foundation, argumentative.

**Paragraph 21 [7:8-20] (entire paragraph)**: "Under the terms of the May 1, 2006 Staffing Agreement, upon cancellation of the Agreement prior to the end of the contract term, select is entitled to reimbursement of the treater of (1) 112 of all fees and collateral paid in for each month short of the 12 month term of the Agreement, or (2) any adjustment to Select's favor found after the claims are reviewed by an independent outside actuary agreed to by the parties and approved by Coastal's workers' compensation carrier for all claims filed as of that date. On January 20, 2007 Coastal unilaterally cancelled the 2006 Staffing Agreement in violation of the 60-day cancellation notice requirement of said Agreement. By that point, Select had paid $8.32 million in fees and collateral to Coastal under th agreement. As such, Select is entitled to reimbursement from Coastal in an amount of at least $2,080,000 which represents three twelfths (3/12) of the fees and collateral paid by Select, since Select only obtained 9 months of coverate (April 2006 – January 2007) instead of a full year's worth."

Objections to Paragraph 21: Legal opinion, argument, the 2006 Agreement speaks for itself, assumes facts not in evidence, lack of foundation.

**Paragraph 22 [7:21-24] (entire paragraph)**: "Thus, even if Select does owe Coastal some money, any amounts it owes must be set-off by the $6,767, 680 that Coastal clearly owes Select as a result of Coastal terminating the 2006 [sic] in violation of its terms."

///

<u>Objections to Paragraph 22</u>:  Legal opinion, argument, the 2006 Agreement speaks for itself, assumes facts not in evidence, lack of foundation.

Dated: August __8__, 2011                    MARSHACK HAYS LLP


By: */s/ D. Edward Hays*
D. EDWARD HAYS
CYNTHIA S. CONNERS
Attorneys for Counter-Claimant, KAREN S. NAYLOR, Chapter 7 Trustee


Dated: August __8__, 2011                    HART, KING & COLDREN


By: _____
WILLIAM R. HART
RICHARD P. GERBER
Attorneys for Defendant
ROBERT J. ANDERSON, JR.

6

OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF STEPHEN SORENSEN

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document described as **OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF STEPHEN SORENSEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 8, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Evan C Borges     eborges@irell.com, bblythe@irell.com
- Evan C Borges     , bblythe@irell.com
- Rebecca J Callahan     rcallahan@callahanlaw.biz
- Cynthia S Conners     cconners@marshackhays.com
- Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- D Edward Hays     ehays@marshackhays.com
- Karen S Naylor (TR)     acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 8, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Via Personal Delivery:
Honorable Robert N. Kwan
United States Bankruptcy Court
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

Via Email Pursuant to Written Agreement:
John W. Hurney     jwh@rpnalaw.com
Drew Pomerance     dep@rpnalaw.com
Richard Gerber     rgerber@hkclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 8, 2011 | Chanel Mendoza | *Chanel Mendoza* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                    F 9013-3.1.PROOF.SERVICE
29309v1/1005-001.1