D. EDWARD HAYS, #162507
ehays@marshackhays.com
CYNTHIA S. CONNERS, 117460
cconners@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, California 92620
Telephone:  (949) 333-7777
Facsimile:  (949) 333-7778

Attorneys for Defendant and CounterClaimant,
KAREN S. NAYLOR, Chapter 7 Trustee

William R. Hart, Esq., Bar No. 71127
Richard P. Gerber, Esq., Bar No. 59395
rgerber@hkclaw.com
HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 Sandpointe, Fourth Floor
Santa Ana, California 92707
Telephone:  (714) 432-8700
Facsimile:  (714) 546-7457

Attorneys for Defendant,
ROBERT J. ANDERSON, JR.

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, a California corporation,<br><br>      Debtor and Debtor-in - Possession. | Case No. 8:07-bk-10992-RK<br><br>(Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995)<br><br>Chapter 7<br><br>Adv. No. 8:07-ap-01105-RK |
| REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC. a California corporation, and D. STEPHEN SORENSEN, an individual,<br><br>      Plaintiffs,<br><br>vs.<br><br>COASTAL EMPLOYERS, INC. a California corporation, ROBERT J. ANDERSON, an | TRUSTEE'S AND ROBERT J. ANDERSON, JR.'S OPPOSITION TO PLAINTIFFS' AND COUNTERDEFENDANTS' MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN<br><br>Trial Date<br>Date:   August 25, 2011<br>Time:   9:00 a.m.<br>Ctrm:   5D |

1

OPPOSITION TO MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN

56334v1/1005-001.1

| | |
|---|---|
| | individual, and Does 1 through 100, inclusive, |
| | Defendants. |
| | KAREN S. NAYLOR, Chapter 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a California corporation), |
| | Counter-Claimant, |
| | vs. |
| | KOOSHAREM CORPORATION, PROFESSIONAL BUSINESS TECHNOLOGIES, INC., aka PBT, INC.; NEW STAFF, INC., K.T., INC., PAY SERVICES CORP., and REAL TIME STAFFING SERVICES, INC., D. STEPHEN SORENSEN, an individual, and ROES 1 through 100, inclusive, |
| | Counter-Defendants |

Defendant and Counterclaimant, KAREN S. NAYLOR, Chapter 7 Trustee, and Defendant ROBERT J. ANDERSON, JR. hereby file their Opposition to Plaintiffs Real Time Staffing, Inc., Koosharem Corporation, New Staff, Inc., KT, Inc., Pay Services, Inc., PBT, Inc. and D Stephen Sorensen's Motion in Limine No. 1 to preclude expert testimony from Adlai Climan:

1. <u>SUMMARY OF ARGUMENT</u>

    A.    Circuit Courts that have addressed the issue are unanimous that "expert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence."

    B.    Mr. Climan's opinion testimony will be significantly helpful to the Court regarding a highly specialized area of the law.

    C.    There is no danger of confusion from the alleged use of legal terminology, since Mr. Climan's testimony is by way of assistance to the Court, as opposed to a layperson jury that potentially could be confused by legal terminology.

    D.    There is no danger in this case that a jury would unduly rely on Mr. Climan, rather than the Court, for guidance on the applicable law.

    E.    Mr. Climan is eminently qualified to assist the Court by road mapping and expertly setting forth the relevant statutes, regulations, etc. in a highly technical, specialized area of

the law, subject to the Court exercising its discretion to make its own determination of the facts in issue and whether the cited code sections, regulations, etc. are controlling.

F.  The Federal Rules of Evidence encourage the admission of expert testimony. Expert testimony is liberally admissible under the Federal Rules of Evidence. The presumption under the Rules is that expert testimony is admissible.

G.  The Court has broad discretion in deciding whether to admit or exclude expert testimony.

H.  The Court may exclude irrelevant, confusing, time-consuming, or unfairly prejudicial testimony, none of which applies to Mr. Climan's testimony. To the contrary, Mr. Climan's Report and Declaration shed light on a highly specialized area of the law.

2. THE TRUSTEE'S FIRST AMENDED COUNTERCLAIM

The Trustee's First Amended Counterclaim ("FAC") sets forth three causes of action that relate to the recoupment of payroll taxes that were calculated by the Select Companies, were deducted from their employees' paychecks by the Select Companies, were collected from the Select Companies' clients, but rather than being paid over to the appropriate taxing authorities, i.e., the IRS and EDD, were wrongfully deposited into the Select Companies' general treasury. The Fifth Claim for Relief in the Trustee's FAC is for Breach of Contract with respect to the Select Companies' obligation to pay the payroll taxes either to the appropriate taxing authorities or to Coastal CA for transmittal to the taxing authorities. The Twelfth Claim for Relief is for Damages Associated with Fraudulent Transfers, which Claim includes a claim for the wrongfully diverted/withheld payroll taxes. Finally, the Thirteen Claim for Relief for Accounting, among other things, requests an accounting with respect to the payroll taxes that the Select Companies wrongfully diverted and retained, rather than paying over to the appropriate taxing authorities.

3. THE JOINT PRETRIAL ORDER, FILED AND ENTERED MAY 4, 2011

The JPO in the "Undisputed Facts" section provides, among other things:

A. SELECT'S DUTIES UNDER THE 2006 CONTRACT

1. Paragraph 1 of the 2006 Contract (Exhibit "3") lists a number of services Select was required to provide:

3

      a.      To assure workers are properly trained and supervised;

      b.      To identify and qualify the workers it desires to hire; and

      c.      To "retain all liability for and [...] strictly comply with all laws, regulations, rules and guidelines established by governmental or quasi-governmental agencies in all aspects of [Select's] industry, including without limitation, labor relations, pay, and safety conditions."

2.      Paragraph 1(i) of the 2006 Contract (Exhibit "3") states: "Client Companies [Select] will immediately segregate and pay to all responsible taxing and governmental authorities all payroll taxes, Social Security taxes, federal and state withholding taxes, EDD and SDI payments, and all other such payments withheld from any employees' paycheck on behalf of [Coastal] with regard to all employees covered under this agreement contemporaneously with issuing the paychecks to the employees, except where the parties might otherwise agree from time to time. [Select] will provide immediate assessable verification under procedures to be established by [Coastal] to verify funding of payroll in the payroll account, as well as funding of payment of all such payroll withholding taxes and other payroll deductions described above."

3.      The 2006 Contract (Exhibit "3", paragraph 6) also identifies the following total payroll tax obligations for Select as follows:

      a.      IRS Income Tax Withholdings

      b.      Social Security Taxes — Employee Share

      c.      Social Security Taxes – Employer Share

      d.      California State Income Tax Withholdings

      e.      State Disability Insurance

      f.      State Unemployment Tax Authority (SUTA)

      g.      Federal Unemployment Tax Act (FUTA)

4.      Paragraph 6 of the 2006 Contract (Exhibit "3") lists other services Select is to perform:

      a.      "Obtaining, preparing and filling out of all forms required to be filed with the United States Internal Revenue Service ...

1        b.      Preparing, withholding, and paying all required federal income and related taxes;

3        c.      Preparing and filing of required forms 940, 941 and similar Federal Tax forms;

5        d.      Preparing and filing of all required State and Federal Unemployment Insurance Reports and payment of all sums due as indicated thereon;

7        e.      Promptly submitting to [Coastal] reports, upon request, to fulfill [Select]'s responsibilities under this agreement...."

       B.      <u>PERFORMANCE OF THE 2006 CONTRACT: PAYROLL TAXES</u>

       1.      With respect to that portion of the Select Companies' temporary staffing business that was covered by the 2006 Contract, Select collected all the time sheets, and invoiced their employer clients for the services provided by Select and Select's temporary workers.

       2.      From remitted client payments of those invoices, Select prepared the payroll, prepared the paychecks through their access to Coastal's dedicated payroll account, calculated the corresponding payroll taxes, prepared the appropriate tax forms and remitted monies to Coastal which included all payroll taxes owed to the IRS and EDD arising from such payroll, through the end of the 3rd Quarter of 2006.

       3.      The payroll taxes that Select collected, reported, and transmitted through the 3rd Quarter of 2006 included the following:

            a.      Federal Income Tax Withholdings.

            b.      FICA Taxes – Employee Share

            c.      FICA Taxes - Employer Share;

            d.      California State Income Tax Withholdings;

            e.      State Disability Insurance;

            f.      State Unemployment Tax Authority (SUTA); and

            g.      Federal Unemployment Tax Act (FUTA).

       4.      Starting in June 2005, Select wire transferred the exact amount of the payroll taxes to Coastal in discrete wire transfers.

OPPOSITION TO MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN
56334v1/1005-001.1

5. During the 2006 Contract, tax payments were handled as follows: each week, Select's Doug Price sent an email to Coastal stating the amount of money that Select was wiring to Coastal's bank account for the weekly tax deposit for Select's payroll. Select would then deposit funds in Coastal's bank account in the same amount.

6. The Federal and State Unemployment taxes were transferred quarterly by Select using the same procedure as described above. At the end of each quarter, Select emailed to Coastal the Federal and State Unemployment tax reports which included the Federal Form 940 deposit and EDD Form DE-7. Select calculated the amounts due for the taxes and remitted to Coastal all such calculated amounts through the end of the 3rd Quarter of 2006. Select also provided to Coastal reports from its payroll system as back up.

7. Select collected funds for taxes collected and withheld relating to its payroll paid through Coastal's account during the Fourth quarter 2006 and during the first Quarter 2007.

8. After January 20, 2007, Select did not pay or turn over the collected and withheld money to Coastal.

9. The current amounts claimed by the IRS on account of Select's payroll during the 2006 contract, for 4Q 2006 and 1Q 2007 are set forth in the IRS' amended proof of claim.

10. The amount claimed by the EDD as of May 2010, on account of Select's Payroll during the 2006 contract, for 4Q 2006 and 1Q 2007 is:

CA DE 7  2006    1/31/2007    768,515.03    76,851.50    177,722.31    1,023,088.84

CA DE 7  2007    4/30/2007    468,142.51    46,814.25    97,135.24    612,092.00

4. <u>MR. CLIMAN'S EXPERT REPORT AND DECLARATION</u>

Mr. Climan's Report and Expert Declaration set forth succinctly and in an organized fashion the following:

A. The Internal Revenue Code sections and the Internal Revenue Manual sections that are relevant for the Court's determination as to whether the Select Companies bear responsibility for the non-payment of the withheld payroll taxes.

B. A calculation of the amounts of the withheld payroll taxes due by way of organizing, summarizing and making sense of the various tax documents.

6

    C. Sets forth the parameters from which the Court can ultimately determine whether the Select Companies are in actuality the employer of their employee's that they placed at their client's work locations, regardless of the fact that 2006 Agreement specifies that Coastal CA is the Employer of Record (EOR).

    D. Sets forth Mr. Climan's calculation regarding the penalties and interest on the unpaid payroll taxes, both federal and state.

5. <u>MR. CLIMAN'S REPORT AND EXPERT DECLARATION ARE ADMISSIBLE EXPERT OPINION TESTIMONY</u>

  A. <u>EXPERT TESTIMONY BY AN IRS AGENT IS ADMISSIBLE</u>

    Circuit Courts that have addressed the issue are unanimous that expert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence. *United States v. Mikutowicz*, (1st Cir. 2004) 365 F.3d. 65, 72 [the "primary limitation" on IRS agent's testimony is that the expert "may not testify about the defendant's state of mind when the challenged deductions were claimed"]; *United States v. Duncan*, (2nd Cir. 1994) 42 F.3d 97, 101-102 [expert testimony of IRS agent did not improperly usurp jury's role by stating a legal conclusion, because agent testified as a witness to the investigation]; *United States v. Stadtmauer,* (3d Cir. 2010) 620 F.3d 238, 269 [in prosecution for filling materially false for fraudulent tax returns, IRS agent could testify about how a partnership tax return is prepared, how deductions are reported, and how expenses that the expert determined were improperly deducted from each partnership return at issue affected net income reported to IRS]; *United States v. Moore*, (5th Cir. 1993) 997 F.2d 55, 58-59 [IRS expert summarized and analyzed facts indicating willful tax evasion, but did not directly address ultimate question: whether defendant intended to evade income taxes]; *United States v. Sabino*, (6th Cir. 2001) 274 F.3d 1053, 1067, modified on other grounds, 307 F.3d 446 (6th Cir. 2002) [expert testimony by IRS agent which expresses opinion about proper tax consequences of transaction is admissible evidence, so long as expert does not "directly embrace the ultimate question of whether [the defendants] did in fact intend to evade income taxes"]; and *United States v. Bedford*, (10th Cir. 2008) 536 F.3d 1148, 1158 ["a properly qualified IRS agent may

///

analyze a transaction and give expert testimony about its tax consequences" without running afoul of Rule 704(b)].

### B. MR. CLIMAN'S REPORT AND DECLARATION WILL BE BOTH USEFUL AND HELPFUL TO THE COURT

The most common reason for excluding opinion testimony that gives a legal conclusion is lack of helpfulness. The argument is that this type of expert testimony supplies the jury, (in this case Court) with no information other than the witness' view of how the verdict should read. However, in some circumstances, opinion testimony that arguably states a legal conclusion is helpful to the jury (here the Court), and thus, admissible. For example, testimony may be helpful if it involves a specialized area of law such as products liability. *Karns v. Emerson Electric Co.* (10th Cir. 1987) 817 F.2d 1452, 1459 (in products liability suit, expert properly permitted to testify about unreasonable danger of device and defendant's recklessness in producing and distributing it since facts were of a sufficiently technical nature that the testimony was helpful to the jury).

### C. ANY LEGAL TERMINOLOGY USED BY MR. CLIMAN WILL NOT BE CONFUSING SINCE IT IS NOT PRESENTED TO A JURY, BUT RATHER THE COURT

Another reason that opinion testimony in the form of a legal conclusion is sometimes excluded is the danger of confusion that arises because legal terminology usually has a different meaning to lay persons than to lawyers. Here, there is no danger of confusion, since the case is a bench trial and the court is familiar with the various legal terms.

### D THERE IS NO DANGER THAT A JURY WILL GIVE IMPROPER WEIGHT TO MR. CLIMAN'S EXPERT REPORT AND DECLARATION

Another reason that expert testimony in the form of a legal conclusion sometimes excluded is to prevent the jury from turning to the testifying expert, rather than to the judge, for guidance on applicable law. Here, there is no such danger in that the case is a bench trial. Even in the case of a jury trial, the Court can exercise its discretion to admit the expert testimony with appropriate, limiting instructions. The appropriate instruction usually addresses the weight the jury should give to the expert testimony. *United States v. Weitzenhoff,* (9th Cir. 1993) 1 F.3d 1523, 1531,

modified on other grounds, 35 F.3d 1275 (9th Cir. 1994) [court should have properly instructed jury on testimony of witnesses regarding technical terms].

### E. MR. CLIMAN IS EMINENTLY QUALIFIED TO ASSIST THE COURT IN CONNECTION WITH COMPLICATED, SPECIALIZED AREA OF THE LAW

The "Work Experience" portion of Mr. Climan's Report and Declaration disclose that he was employed by the IRS Collection Division as a Revenue Officer from 1974 to 1987. Thereafter from 1987 to 2008 he was employed by the IRS Appeals Division as a Settlement Officer. Since 2008 to the present, Mr. Climan has been in practice as an Enrolled Agent, admitted to practice before the IRS.

### F. THE FEDERAL RULES OF EVIDENCE ENCOURAGE ADMISSION OF EXPERT TESTIMONY

Expert Testimony Is Liberally Admissible Under The Federal Rules Of Evidence. The general approach of the Rules is to relax traditional barriers to expert opinion testimony. The presumption under the Rules is that expert testimony is admissible. Weinstein's Federal Evidence, Chapter 702 Testimony by Experts, §702.02[1]. Under these relaxed standards, admission of Mr. Climan's testimony is appropriate.

### G. THE TRIAL JUDGE HAS BROAD DISCRETION TO ADMIT OR EXCLUDE EXPERT TESTIMONY

The trial court has broad discretion in deciding whether to admit or exclude expert testimony. On appeal, the trial court's decision may be reversed only on a finding of abuse of discretion. Weinstein's Federal Evidence Chapter 702 Testimony by Experts §702.02[4]. There is ample basis here for this court to admit Mr. Climan's expert testimony.

### H. JUDGE MAY EXCLUDE IRRELEVANT, CONFUSING, TIME-CONSUMING, OR UNFAIRLY PREJUDICIAL TESTIMONY

The court has discretion to exclude testimony, but the proffered expert testimony of Mr. Climan is not irrelevant, but very focused on the exact issues in this case. It will clear up confusion, save time, and the only prejudice it presents to Select is that it clarifies an employers' obligation relating to employment taxes.

As opposed to being irrelevant, Mr. Climan's Report and Declaration zero in on the relevant principles and calculations, thereby eliminating confusion and time-consuming energy on the part of the Court to wade through a very specialized area of the law. Mr. Climan's expert testimony will be of tremendous assistance to the Court by identifying the relevant principles and calculating the dollar amount of the unpaid payroll taxes and the resulting interest and penalties, and thereafter allowing the Court to accept or reject the principles and calculations, and if accepted apply them to the facts of this case.

The Court is obviously free to use Mr. Climan's Report and Declaration to the extent the Court deems appropriate in adjudicating the ultimate issues of fact.

## 6. CONCLUSION

For the foregoing reasons the Trustee and Anderson respectfully request that the Court deny, both in whole and in part, the Select Companies' and Sorensen's Motion in Limine No. 1.

In the alternative, the Trustee and Anderson respectfully request that the Court give Mr. Climan's Report and Declaration, the weight they deserve.

Dated: August 10, 2011

MARSHACK HAYS LLP

By: /s/ Cynthia S. Conners
D. EDWARD HAYS
CYNTHIA S. CONNERS
Attorneys for Counter-Claimant,
KAREN S. NAYLOR, Chapter 7 Trustee

Dated: August 10, 2011

HART, KING & COLDREN

By: [signature]
WILLIAM R. HART
RICHARD P. GERBER
Attorneys for Defendant
ROBERT J. ANDERSON, JR.

OPPOSITION TO MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN
56334v1/1005-001.1

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document described as **TRUSTEE'S AND ROBERT J. ANDERSON, JR.'S OPPOSITION TO PLAINTIFFS' AND COUNTERDEFENDANTS' MOTION IN LIMINE NO. 1 TO PRECLUDE EXPERT TESTIMONY FROM ADLAI CLIMAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 11, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Evan C Borges    , bblythe@irell.com
- Rebecca J Callahan    rcallahan@callahanlaw.biz
- Cynthia S Conners    cconners@marshackhays.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- D Edward Hays    ehays@marshackhays.com
- Karen S Naylor (TR)    acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 11, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
<u>Via Personal Delivery</u>:
Honorable Robert N. Kwan
United States Bankruptcy Court
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

<u>Via Email Pursuant to Written Agreement</u>:
John W. Hurney    jwh@rpnalaw.com
Drew Pomerance    dep@rpnalaw.com
Richard Gerber    rgerber@hkclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 11, 2011 | Chanel Mendoza | _/s/ Chanel Mendoza_ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                             **F 9013-3.1.PROOF.SERVICE**
56381v1/1005-001.1