| | |
|---|---|
| 1 | D. EDWARD HAYS, #162507 |
|   | ehays@marshackhays.com |
| 2 | CYNTHIA S. CONNERS, #117460 |
|   | cconners@marshackhays.com |
| 3 | MARSHACK HAYS LLP |
|   | 870 Roosevelt Avenue |
| 4 | Irvine, California 92620 |
|   | Telephone: (949) 333-7777 |
| 5 | Facsimile: (949) 333-7778 |
| 6 | Attorneys for and CounterClaimant, |
|   | KAREN S. NAYLOR, Chapter 7 Trustee |
| 7 | |
|   | William R. Hart, Esq., Bar No. 71127 |
| 8 | Richard P. Gerber, Esq., Bar No. 59395 |
|   | Todd A. Picker, Esq., Bar No. 132905 |
| 9 | rgerber@hkclaw.com |
|   | HART, KING & COLDREN |
| 10 | A PROFESSIONAL LAW CORPORATION |
|   | 200 Sandpointe, Fourth Floor |
| 11 | Santa Ana, California 92707 |
|   | Telephone:   (714) 432-8700 |
| 12 | Facsimile:     (714) 546-7457 |
| 13 | Attorneys for Defendant, |
|   | ROBERT J. ANDERSON, JR. |
| 14 | |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | | |
|---|---|---|
| 17 | In re | Bankruptcy Case No. 8:07-bk-10992-RK |
|    |       | (Jointly Administered and Substantively |
| 18 | CONSOLIDATED EMPLOYER | Consolidated with Case No.'s 8:07-bk-10994- |
|    | MANAGEMENT SOLUTIONS, INC., a | RK and 8:07-bk-10995-RK) |
| 19 | California corporation, COASTAL | |
|    | EMPLOYERS, INC., a New York | Chapter 7 |
| 20 | corporation, and COASTAL EMPLOYERS, | |
|    | INC., a California corporation, | Adversary Case No.: 8:07-ap-01105-RK |
| 21 | | |
|    |     Debtors. | OPPOSITION TO PLAINTIFFS' AND |
| 22 | | COUNTER-DEFENDANTS MOTION IN |
|    | | LIMINE NO. 2 TO PRECLUDE RECOVERY |
| 23 | REAL TIME STAFFING, INC., a California | OF ANY MONIES ALLEGEDLY OWED TO |
|    | corporation; KOOSHAREM | THE U.S. INTERNAL REVENUE SERVICE |
| 24 | CORPORATION, a California corporation; | OR THE STATE OF CALIFORNIA; |
|    | NEW STAFF, INC., a California corporation; | REQUEST FOR SANCTIONS PURSUANT |
| 25 | KT, INC., a California corporation; PAY | TO FRCP 11 |
|    | SERVICES INC., a California corporation; | |
| 26 | PBT, INC., a California corporation; D. | Trial |
|    | STEPHEN SORENSEN; and D. STEPHEN | Date: August 25, 2011 |
| 27 | SORENSEN, an individual, | Time: 9:00am |
|    | | Ctrm: 5D |
| 28 | | |

1

38219.001/4820-6528-0778v.1

OPPOSITION TO PLAINTIFFS' AND COUNTER-DEFENDANTS MOTION IN LIMINE NO. 2

|   | Plaintiffs, |
|---|---|
| 1 | v. |
| 2 | COASTAL EMPLOYERS, INC., a California corporation; ROBERT J. ANDERSON, an individual, and DOES 1 through 100, inclusive, |
| 3 | |
| 4 | |
| 5 | Defendants. |

Defendant and Counter-Claimant KAREN S. NAYLOR, Chapter 7 Trustee, in place of Coastal Employers Inc. (hereinafter "Coastal") and Defendant ROBERT ANDERSON, JR. ("Anderson") submit the following memorandum of point and authorities in opposition to Plaintiffs/Cross-Defendants Real Time Staffing Inc., Koosharem Corporation, New Staff, Inc., PBT, Inc., and D. Stephen Sorensen's (hereinafter collectively referred to as "Select") Motion in Limine No. 2:

1. INTRODUCTION

Select contends Coastal does not have standing to recover tax payments owed to the IRS and the State of California. Select's motion in limine has little, if anything, to do with evidentiary issues. It is, in fact, a motion for partial summary judgment based on an erroneous factual assumption and a court opinion (*Coyne*) fabricated from whole cloth. Gerber Decl., Ex. "B". Select's arguments to the contrary notwithstanding, the Trustee's claims for relief are not dependant upon the existence of a private right of action arising under the federal or California tax codes: the legal basis for the claims has always been the **written contracts between the parties**. See, e.g., Gerber Delc., Ex. "A" (First Amended Counter-Claim). Whether or not a private litigant can enforce provisions of the Internal Revenue Code or the California Revenue and Taxation Code is completely beside the point. It should therefore come as no surprise that Select previously admitted that the Court has jurisdiction and that Coastal's "standing" to sue is not identified as a disputed issue of law or fact in the Joint Pretrial Order ("JPO").[1]

---

[1] The disputed issues of fact identified by Select can be found at p. 17 of the JPO. For example, Select contends that issues of fact concerning the payment of and reserves maintained as to, workers' compensation claims handled under the subject contracts. JPO, p. 17, lines 2-5. Select also identifies as disputed factual issues whether it owes additional fees under the contracts and whether Coastal's termination of the 2006 contract caused it to sustain damages. JPO, p. 17, lines 8-14.

1    Should the Court not agree with Coastal as to the legal consequences arising from
2 Select's admissions set forth in the JPO and proceed to consider the merits of the motion, Select's
3 position is devoid of merit. As previously mentioned, Coastal is not seeking to enforce laws that
4 only the IRS or EDD may assert. Coastal is enforcing the relevant terms and provisions of its
5 contracts with Select. Select brazenly kept money it withheld from the wages of persons as to
6 whom Coastal was the employer of record. See Gerber Decl., Ex. "C". The claims filed by the IRS
7 and EDD in the related bankruptcy case show Coastal has incurred a tax liability that Select is
8 contractually obligated to pay. Under the subject contracts Select is obligated to turn over those
9 funds to the Trustee for the benefit of Coastal's creditors. Coastal's claims arise by virtue of the
10 contracts with Select and therefore the instant motion must be denied.

11    Finally, this Opposition includes a request for sanctions. Coastal does not make this
12 request lightly. However, Select's attempt to pass off another lawyer's brief as a court decision
13 clearly crosses the line and constitutes conduct proscribed under Federal Rule of Civil Procedure,
14 Rule 11 and the local rules of this court. See e.g., LBR 9011-3. Inasmuch as Select failed to
15 preserve the issue of standing in the JPO, or even indicate that this kind of partial summary judgment
16 was in the offing (which it was required to do under LBR 7016-1(b)(2)), the conduct rises to the
17 level justifying an award of sanction Monetary sanctions in an amount to be determined by the
18 Court should be assessed against Select and its attorneys of record.

19  2.    STATEMENT OF FACTS
20    Coastal provides employment staffing services for its clients. JPO, p. 2, lines 15-16. JPO,
21 p. 2 lines. Real Time Staffing, Inc., Koosharem Corporation, New Staff, Inc., KT, Inc., Pay
22 Services, Inc., PBT, Inc., and D. Stephen Sorensen ("collectively, Select") are temporary staffing
23 companies that pursuant to contract provide a workforce to their clients. Select's employer clients
24 communicate a workplace need for a particular classification of worker, e.g., clerical, forklift
25 operator, instrument assembly, etc., and Select draws up their temporary workforce resources to
26 supply the desired workers. In so doing Select relieves their employer clients of the burden of
27 recruiting the desired workers and the burden of office paperwork an employer would otherwise be
28

3

1  responsible for in connection with those workers. Select likewise relieves itself of some of the
2  employer paperwork by contracting with companies like Coastal, where they can also secure
3  Workers' Compensation. JPO. p. 2, lines 17-26.
4        Starting in 2004, Coastal and Select entered into three contracts for employment
5  staffing services. JPO, p. 3, lines 7-8. Coastal remained the employer of "record" for the workers
6  provided to Select. JPO, p. 10, lines 20-21. Select was contractually obligated to segregate and pay
7  applicable taxes, including federal and state tax withholdings. JPO, p. 7. Select would turn over the
8  payroll tax funds collected from the employees to Coastal and Coastal would then pay the taxes.
9  JPO, p. 14 lines 17-21. Select was further contractually obligated to indemnify and hold Coastal
10 harmless from any claims that might arise if it failed to meet these obligations. JPO, pp. 8-10; 2006
11 Agreement ¶8. Sorensen personally guaranteed Select's contractual performance. JPO, pp. 10-12;
12 2006 Agreement ¶16
13       During the fourth quarter of 2006 in contravention of the parties' agreement Select
14 kept for itself the payroll taxes withheld from the employees. JPO, p. 15 lines 9-26; Gerber Decl.,
15 Ex. "C". The IRS and EDD have filed claims against Coastal and Anderson in the related
16 Bankruptcy proceeding to recover such monies from both of them.
17 3.    **COASTAL'S CLAIMS ARE BASED ON THE CONTRACT(S) WITH SELECT AND DO**
18    **NOT DEPEND UPON THE EXISTENCE OF A PRIVATE RIGHT OF ACTION TO**
19    **ENFORCE FEDERAL OR STATE TAX LAWS**
20       Coastal's rights are not dependent upon the enforcement of provisions of the Internal
21 Revenue Code (Title 26 of the United States Code) or the California Revenue and Taxation Code.
22 Rather, Coastal's claims are based on the 2006 Agreement, ¶1i, which provides in relevant part:

> "Client Companies [Select] will immediately segregate and pay to all responsible taxing and governmental authorities all payroll taxes, Social Security taxes, federal and state withholding taxes, EDD and SDI payments, and all other such payments withheld from any employees' paycheck on behalf of CEI [Coastal California] with regard to all employees covered under this agreement contemporaneously with issuing the paychecks to the employees, except where the parties might otherwise agree from time to time. The client companies [Select] will provide immediate assessable verification under procedures to be established by CEI [Coastal California] to verify funding of payroll in the payroll account, as well as funding of payment of

all such payroll withholding taxes and other payroll deductions described above. [JPO, p. 7, lines 17-25, p. 9, lines 13-28.]

Paragraph 8 of the 2006 Agreement sets forth the relevant terms with respect to indemnification:

WITH THE EXCEPTION OF THOSE SERVICES PROVIDED BY CEI IN PARAGRAPH 2 ABOVE, <u>TO THE FULLEST EXTENT PERMITTED BY LAW</u>, CLIENT COMPANIES AGREE TO DEFEND, INDEMNIFY AND HOLD HARMLESS CEI <u>AND ALL OF ITS EMPLOYEES, REPRESENTATIVES, AGENTS, AFFILIATES AND ASSOCIATIONS</u> FROM AND AGAINST <u>ALL CLAIMS, DAMAGES, LOSSES AND EXPENSES</u>, INCLUDING, BUT NOT LIMITED TO, ATTORNEY'S FEES, ARISING OUT OF THE FOLLOWING ACTS, ERRORS OR OMISSIONS OF CLIENT COMPANIES, <u>FINES AND PENALTIES</u>, PUNITIVE DAMAGES, <u>INTENTIONAL ACTS</u>… CONTRACT DISPUTES, DECEPTIVE TRADE PRACTICES, FRAUD, <u>CRIMINAL VIOLATIONS</u>, AND ANY OTHER MATTER FOR WHICH THE INSURANCE POLICY OF CEI FAILS TO COVER.  CLIENT COMPANIES SHALL BE OBLIGATED TO INDEMNIFY CEI EVEN IF ANY SUCH CLAIM, DAMAGE, LOSS OR EXPENSE IS CAUSED IN WHOLE OR IN PART BY A NEGLIGENT ACT OR OMISSION OF CEI, ITS EMPLOYEES, REPRESENTATIVES, AGENTS, AFFILIATES OR ASSOCIATIONS. [Emphasis added.] [JPO, p. 10, lines 1-18.]

Coastal is enforcing a contract, not provisions of the federal or state tax codes.  Thus, 26 U.S.C. § 7401 and the existence of "private rights" to enforce tax statutes are irrelevant.  Select's position that Coastal does not have standing to enforce the subject contracts is based primarily on *Coyne Electrical Contractors, Inc., v. United States* (S.D.N.Y [sic] 1996) 1996 WL 34306869, a "decision" that is quoted in its moving papers.  The citation in Select's moving papers is not to a court decision.  The Westlaw citation is to a <u>legal brief</u>.  Coastal could not find a published decision related to the referenced lawsuit.  Select's repeated reference to arguments in a lawyer's memorandum of law as if they were actually from a court decision is inexplicable.  Regardless, arguments made 15 years ago by another lawyer in a different case are completely irrelevant to this dispute.  Moreover, from the *Coyne* legal brief it is also apparent the disputed issues in that case were very different from those raised in this adversary proceeding.  In *Coyne*, the plaintiff was expressly seeking to assert rights allegedly conferred upon it under 31 U.S.C. § 3713 [governing priority of IRS and other government liens].  *Coyne Electrical Contractors, Inc.*, Memorandum of Law of Defendant Bank Leumi, p. 2.  Coastal's claims, on the other hand, arise by virtue of its contracts with Select.

Although the other case cited by Select in support of its motion is a decision rendered by another court, the case is not germane to the outcome of this dispute. In *PAF, Inc. v. BA Properties Inc* 24 F.Supp.2d 545 (1998) the plaintiff sought to enforce an "obscure statute," 26 U.S.C. § 7341, to unwind a real estate transaction with which it had no connection. The statute renders unenforceable any contract for the sale of property where the seller entered into the transaction to avoid tax liability and further declares that payments received in connection with the transaction are forfeited. 24 F. Supp.2d at 546.

In this case Coastal is not seeking to enforce Section 7341 or any other provision of the tax code. Coastal is seeking to enforce its contracts with Select. Even if that were not true, as this Court is aware, the IRS and EDD have filed claims in the related bankruptcy case. There is no evidence either has objected to this proceeding. Assuming for the sake of argument 26 U.S.C. § 7401 is relevant to this case, Select failed to timely assert the "authorization" issue and hence it has been waived. See e.g., *United States v. Twenty-Two Firearms* 463 F.Supp. 730 (D.C. Col. 1979).

Coastal and Select entered into various contracts which governed, among other things, how tax withholdings would be handled. Select contractually agreed to pay these taxes, collected withholdings and then kept the money in contravention of its agreements with Coastal. As a result, the IRS and EDD have filed claims against Coastal and Anderson. The claims asserted by Coastal and its Trustee do not depend on, or require a finding that, a private remedy exists under the federal or state tax laws. Coastal is not seeking to usurp rights held by the IRS or EDD. Tax withholdings stolen by Select will be subject to this Court's jurisdiction and the claims filed in the bankruptcy case. Select's argument that Coastal lacks standing to pursue, and/or the court lacks jurisdiction to consider, some or all of the disputed issues identified in JPO is without merit.

4. <u>THE TRIAL WILL DETERMINE WHETHER THE PAYROLL TAX MONEY TAKEN BY SELECT FROM EMPLOYEES MUST BE USED TO SATISFY THE CLAIMS ASSERTED BY THE IRS AND EDD, NOT ISSUES OF INDEMNITY</u>

Select's argument that indemnity issues are not ripe for decision misses the mark. First, Select waived the issue by not raising it in the JPO. In fact, Select's argument's should have

1  been raised either as a motion to dismiss or partial summary judgment. Select's decision to broach
2  the issue now speaks to the strength, or lack thereof, of its position.
3           Second, and more importantly, Select's interpretation of Coastal's right to indemnity
4  is inconsistent with the parties' agreements and applicable California law.

> California Civil Code provides in relevant part that:
> In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:
> 1. Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable;
> 2. Upon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof;
> 3. An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion…

12          The contractual right to indemnity afforded to Coastal clearly extends to all
13 "claims, damages, losses and expenses, including, but not limited to, attorney's fees…". JPO p. 9,
14 lines 13-28. Therefore, the filing of this adversarial proceeding and the conduct of the litigation is
15 sufficient to establish that Coastal (the indemnitee) has been forced to spend funds consisting, at the
16 very least, of attorney's fees and costs as a result of Select's conduct. See *Lincoln v. Narom*
17 *Development Co.*, 10 Cal.App.3d 619, 627 (1970).
18          Relative to the IRS and EDD claims, Select is too clever by half. Those claims have
19 not been paid, but undoubtedly will be, in Coastal's bankruptcy case. Whether or not the tax
20 authorities, or any other creditors' claims, have been paid does not prevent Coastal from seeking to
21 enforce its right to compel Select perform its contractual obligations. See *Williams v. Coleman* 70
22 Cal.App. 400, 405 (1924). That is precisely what Coastal is attempting to in this case, among other
23 things.
24          Select's effort to try and raise a pleading defect relative to Coastal's indemnity claims
25 after the JPO was entered and a mere three weeks before trial (see Motion, p. 4, lines 24-25) is both
26 inappropriate and lacks legal merit. Coastal's indemnity claim is ripe for decision and this Court can
27 and should, if warranted by the evidence, require Select to honors its contractual commitments.
28

5. **COASTAL IS NOT SEEKING TO ASSERT CLAIMS OR RECOVER MONIES THAT ARE NOT COVERED BY ITS CONTRACTS WITH SELECT**

Select argues that the parties never agreed "…as part of their contract for Select to pay Coastal for any interest or penalties asserted by the EDD or the IRS." Motion, p. 5 lines 14-17. Not so. In paragraph 8 of the 2006 Contract Select expressly agreed to pay all costs and expenses, including attorney's fees, incurred by Coastal as a result of its conduct. Insofar as interest is concerned, even if "costs and expenses" under the subject agreements were not interpreted to include interest, an award of interest is specifically authorized either as an element of damages. Cal.Civ.Code §§ 3288, 3289.

6. **SELECTS HAS WAIVED ITS RIGHT TO OBTAIN THE RELIEF SOUGHT BY THE INSTANT MOTION**

None of the issues raised in Select's motion are identified in the JPO as being in dispute. In the JPO Select admits the Court has jurisdiction. It does not challenge Coastal's standing to litigate any of the disputed factual or legal issues raised. Select did not even advise Coastal or the Court of its intent to file any motions in limine, much less a motion for partial summary judgment. Consequently, Select's motion is untimely and the issues raised therein have been waived. JPO, p. 56, lines 3-6.

7. **AN AWARD OF SANCTIONS IS JUSTIFIED BASED ON SELECT'S MISREPRESENTATIONS CONCERNING THE COYNE CASE**

The power of federal judges to impose sanctions for abuses of process is quite broad. *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322 (9th Cir.), cert. denied sub nom. *Shell Oil Co. v. Gas-A-Tron of Ariz.*, 429 U.S. 861, 97 S. Ct. 164, 50 L. Ed. 2d 139 (1976). The power to sanction derives from several sources: federal statutes (including federal procedural rules), Local Rules of Court, and the District Court's inherent power… The decision to award sanctions is a matter within the court's sound discretion. See *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996)" *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 949 (E.D. Cal. 2005).

1 | Select argued and quoted from a memorandum of law and claimed the memorandum
2 | was a court decision. Review of the document with the referenced Westlaw citation clearly reveals
3 | the document is not a court opinion. Given the nature and severity of the mistake it cannot be
4 | dismissed as an innocent mistake, but rather the product of gross negligence or intentional conduct.
5 | Select and its attorneys should be sanctioned for engaging in such conduct.

8. **CONCLUSION**

Based on the foregoing Coastal respectfully requests that Select's motion be denied and that sanctions be imposed in the amount of $500 against it and its counsel under Federal Rule of Civil Procedure, Rule 11.

Dated: August 11, 2011         MARSHACK HAYS LLP

                               By: /s/ Cynthia S. Conners
                                   D. EDWARD HAYS
                                   CYNTHIA S. CONNERS
                                   Attorneys for Counter-Claimant,
                                   KAREN S. NAYLOR, Chapter 7 Trustee

Dated: August 11, 2011         HART, KING & COLDREN

                               By: [signature]
                                   WILLIAM R. HART
                                   RICHARD P. GERBER
                                   Attorneys for Defendant,
                                   ROBERT J. ANDERSON, JR.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document described as **OPPOSITION TO PLAINTIFFS' AND COUNTER-DEFENDANTS MOTION IN LIMINE NO. 2 TO PRECLUDE RECOVERY OF ANY MONIES ALLEGEDLY OWED TO THE U.S. INTERNAL REVENUE SERVICE OR THE STATE OF CALIFORNIA; REQUEST FOR SANCTIONS PURSUANT TO FRCP 11** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 11, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Evan C Borges    , bblythe@irell.com
- Rebecca J Callahan    rcallahan@callahanlaw.biz
- Cynthia S Conners    cconners@marshackhays.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- D Edward Hays    ehays@marshackhays.com
- Karen S Naylor (TR)    acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 11, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Via Personal Delivery:
Honorable Robert N. Kwan           Via Email Pursuant to Written Agreement:
United States Bankruptcy Court     John W. Hurney    jwh@rpnalaw.com
411 West Fourth Street, Suite 5165 Drew Pomerance   dep@rpnalaw.com
Santa Ana, CA 92701-4593           Richard Gerber    rgerber@hkclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 11, 2011 | Chanel Mendoza | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                 **F 9013-3.1.PROOF.SERVICE**
56381v1/1005-001.1