1 | Drew E. Pomerance, Esq. (SBN 101239)
  | John W. Hurney, Esq. (SBN 161617)
2 | **ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP**
  | 5820 Canoga Avenue, Suite 250
3 | Woodland Hills, California 91367
  | Telephone: (818) 992-9999
4 | Facsimile: (818) 992-9991
  | dep@rpnlaw.com
5 | jwh@rpnalaw.com

6 | Attorneys for Plaintiffs/Cross-Defendants, REAL TIME STAFFING, INC.,
  | KOOSHAREM CORPORATION, NEW STAFF, INC.,
7 | KT, INC., PAY SERVICES, INC. PBT, INC., and
  | D. STEPHEN SORENSEN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| IN RE: | Case No. 8:07-BK-10992 RK |
|---|---|
| CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, A CALIFORNIA CORPORATION | (Jointly administered with Case Nos.: 8:07-bk-10994 and 8:07-bk-10995) |
| | Chapter 7 Proceeding |
| DEBTOR AND DEBTOR-IN-POSSESSION | |
| | Adv. No. 8:07-ap-01105 RK |
| REAL TIME STAFFING, INC., a California corporation, KOOSHAREM CORPORATION, a California corporation, NEW STAFF, INC., a California corporation, KT, INC., a California corporation, PAY SERVICES, INC., a California corporation, PBT, INC., a California corporation, and D. STEPHEN SORENSEN, an individual, | **OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF ROBERT J. ANDERSON, JR.**<br><br>Hearing Date: August 25, 2011<br>Time: 9:00 a.m..<br>Ctrm: 5D<br>Courtroom: Hon. Robert Kwan |
| Plaintiffs, | |
| v. | |
| COASTAL EMPLOYERS, INC., a California corporation, ROBERT J. ANDERSON, an individual, and Does 1 through 100, inclusive, | |
| Defendants. | |

1

OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF ROBERT J. ANDERSON, JR.

| | |
|---|---|
| KAREN S. NAYLOR, Chapter 7 Trustee (In Place of COASTAL EMPLOYERS, INC., a California corporation), | |
| Counter-Claimant, | |
| v. | |
| KOOSHAREM CORPORATION, PROFESSIONAL BUSINESS TECHNOLOGIES, INC., aka PBT, INC; NEW STAFF, INC., KT, INC., PAY SERVICES, CORP., REAL TIME STAFFING SERVICES, INC., D. STEPHEN SORENSEN, an individual, and ROES 1 through 100, inclusive. | |
| Counter-Defendants. | |

Attorneys for Plaintiff and Counter Defendant hereby make the following objections to the declaration of Robert J. Anderson, Jr.:

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| 10 | "RCA was an Illinois domiciled insurance carrier that was licensed in California, among other states, to offer WC Insurance." | Legal conclusion; lack of foundation. |
| 15 | "The Select Companies clients communicate a work place need for a particular classification of worker, e.g., clerical, forklift operator, instrument assembly, etc. and the Select Companies draw up their temporary work force resources to supply the desired worker. The Select Companies relieve their clients of the burden of recruiting the desired worker and the office paper work and employer would | Lacks foundation; speculative, and is hearsay. |

2
OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF ROBERT J. ANDERSON, JR.

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
|  | otherwise be responsible in connection with that worker." |  |
| 16 | Entire Paragraph. | Lacks Foundation; states a legal conclusion. |
| 17 | Entire Paragraph. | The 2006 Agreement speaks for itself. |
| 18 | Entire Paragraph. | The Agreement speaks for itself. |
| 20 | Entire Paragraph. | Lacks foundation; speculation. |
| 21 | "During the time period covered by the Agreements, including the 2006 Agreement, the Select Companies solicited their clients where the temporary employees were placed through their sales and marketing efforts, recruited the temporary employees to meet their work force needs of their clients and assign them to different client locations." | Lacks foundation; speculation. |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| 22 | "and although the Select Companies were always required to pay the payroll taxes…" | States legal conclusion. |
| 23 | Entire Paragraph. | The Agreement speaks for itself. |
| 30 | "…Explaining the situation and the inability of Coastal California to pay the payroll taxes that **were contractually the obligation of the Select Companies.**" | States a legal conclusion; Contract speaks for itself. |
| 32 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 33 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 34 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 35 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 36 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 37 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 38 | Entire Paragraph. | Lacks foundation; legal conclusion; hearsay. |
| 39 | Entire Paragraph. | Legal Conclusion. |
| 43 | Entire Paragraph. | 2004 Agreement speaks for itself. |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| 51 | "The Select Companies knowingly and willfully withheld the payment…" | Lacks foundation; speculation; |
| 56 | "However, the total payments made by Coastal CA on behalf of the Select company as of November 30, 2010 amount to $4,487,165.89." | Lacks foundation; hearsay. |
| 57 | Entire Paragraph. | Lacks foundation; speculation; hearsay. |
| 59 | Entire Paragraph. | The Agreement speaks for itself. |
| 66 | Entire Paragraph. | Lacks foundation; hearsay. |
| 67 | Entire Paragraph. | Lacks foundation; hearsay. |
| 68 | Entire Paragraph. | Lacks foundation; hearsay; states expert opinion. |
| 70 | Entire Paragraph. | The Agreement speaks for itself. |
| 79 | Entire Paragraph. | Lacks foundation; hearsay. |
| 81 | Entire Paragraph. | Lacks foundation; hearsay; speculation; states legal conclusion. |
| 84 | Entire Paragraph. | Lacks foundation; speculation; hearsay. |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| 85 | Entire Paragraph. | Lacks foundation; hearsay; states expert conclusion. |
| 105 | Entire Paragraph. | Irrelevant. |
| 106 | Entire Paragraph. | Irrelevant. |
| 107 | "Further, it was determined that the TRO would be a less than fruitful avenue to pursue at the juncture in light of the Ace quote that existed. There was a 50% chance that the Court would not issue the requested TRO…" | Irrelevant; states legal conclusion; lacks foundation. |
| 108 | Entire Paragraph. | Lacks foundation. |
| 109 | Entire Paragraph. | Lacks foundation; speculation. |
| 111 | "However, he could not convince ACE to cover Select's book of business with Coastal, because of Select's prior relationship with ACE and the fact that ACE did not want to insure the exposures represented By Select through the Coastal replacement policy." | Lacks foundation; speculation; hearsay. |
| 112 | Entire Paragraph. | Hearsay. |
| 115 | "I believe Mr. Sorensen was most likely avoiding me…" | Lacks foundation; speculation. |
| 121 | "Based upon the Select Companies' breach of the settlement agreement, the Trustee is now entitled to seek recovery for all damages in | Lacks foundation; states legal conclusion. |

6

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| | connection with the circumstances which give rise to the underlying disputes." | |
| 125 | Entire Paragraph. | Lacks foundation; states legal conclusion. |
| 129 | Entire Paragraph. | States Legal conclusion. |
| 131 | Entire Paragraph. | Hearsay to the extent Anderson quotes declaration testimony of other witnesses. |
| 135 | Entire Paragraph. | States legal conclusion. |
| 139 | Entire Paragraph. | The Agreement speaks for itself. |
| 140 | Entire Paragraph. | States legal conclusions. |
| 141 | Entire Paragraph. | Testimony lacks foundation. |
| 143 | Entire Paragraph. | Testimony states a legal conclusion. |
| 154 | Entire Paragraph. | The testimony lacks foundation and is speculative. |
| 162 | "But it should be noted that Dr. Levine found that we had correctly identified the improper use of class codes by Select 90% of the time during our audit." | The testimony is hearsay. |
| 168 | Entire Paragraph. | The testimony lacks |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| | | foundation and makes a legal conclusion. |
| 170 | Entire Paragraph. | The testimony lacks foundation; it is speculative; and it makes numerous legal conclusions. |
| 171 | Entire Paragraph. | Lacks foundation and makes a legal conclusion. |
| 172 | "The Select Companies and Coastal CA had a special relationship…" | The term "special relationship," states a legal conclusion. |
| 173 | Entire Paragraph. | The testimony recites a legal conclusion. |
| 174 | Entire Paragraph. | The testimony recites a legal conclusion. |
| 175 | Entire Paragraph. | The testimony recites a legal conclusion; it is stated as a pleading would be in a complaint and it is not direct testimony. |
| 176 | Entire Paragraph. | The testimony recites a legal conclusion; it is |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
| | | stated as a pleading would be in a complaint and it is not direct testimony. |
| 177 | Entire Paragraph. | The testimony recites a legal conclusion; it is stated as a pleading would be in a complaint and it is not direct testimony. |
| 180 | Entire Paragraph. | The testimony lacks foundation and is hearsay. |
| 183 | Entire Paragraph. | The testimony lacks foundation and is hearsay. |
| 185 | Entire Paragraph. | The testimony states a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 186 | Entire Paragraph. | The testimony states a legal conclusion and is stated in the nature of pleading. It is not |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
|  |  | factual testimony. |
| 187 | Entire Paragraph. | The testimony states a legal conclusion and is stated in the nature of pleading. It is not factual testimony. |
| 188 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 189 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 190 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 191 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not |

OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF ROBERT J. ANDERSON, JR.

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
|  |  | factual testimony. |
| 192 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 193 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 194 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 195 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not factual testimony. |
| 196 | Entire Paragraph. | The testimony recites a legal conclusion and is stated in the nature of a pleading. It is not |

| Paragraph No. | Portion | Basis of Objection |
|---|---|---|
|  |  | factual testimony. |
| 197 | Entire Paragraph. | Exhibit "A" lacks foundation, is based on speculation, and contains multiple levels of hearsay. |

Dated: August 15, 2011

ROXBOROUGH, POMERANCE, NYE, & ADREANI LLP

By: _____
Drew E. Pomerance, Esq.
Attorneys for Plaintiffs//Cross-Defendants,
REAL TIME STAFFING, INC. ,
KOOSHAREM CORPORATION, NEW STAFF,
INC., KT, INC., PAY SERVICES, INC. PBT,
INC., and D. STEPHEN SORENSEN

## PROOF OF SERVICE

STATE OF CALIFORNIA  ) 
) ss.
COUNTY OF LOS ANGELES  )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

On August 15, 2011, I served the foregoing document described as **OBJECTIONS TO THE DECLARATION AND TRIAL TESTIMONY OF ROBERT J. ANDERSON, JR.**, on the interested parties in this action who are identified below, using the following means of service as indicated below:

**SEE ATTACHED SERVICE LIST.**

☒ **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL (OVERNITE EXPRESS OVERNIGHT DELIVERY):** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the each addressee(s).

☒ **BY ELECTRONIC MAIL:** I caused such documents listed above to be transmitted via e-mail to each of the parties on the attached service list at the e-mail address as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 15, 2011 at Woodland Hills, California.

_____
LOURDES CASAS

-1-

## SERVICE LIST

**Counsel for Trustee**

Ed Hays
**MARSHACK HAYS LLP**
5410 Trabuco Road, Suite 130
Irvine, CA 92620

**Counsel for Robert J. Anderson**

Richard P. Gerber, Esq.
HART, KING & COLDREN, LLP
200 SandPointe Drive, Fourth Floor
Santa Ana, CA 92707